IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**Jory Cass,**

    Plaintiff.

vs.

**Evelyn Enciso and Airbnb, Inc.,**

    Defendants.

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**(28 U.S.C. § 1331; Federal Question)**

Plaintiff, Jory Cass ("**Plaintiff**"), for his Verified Complaint for Damages and Injunctive Relief ("**Complaint**") against Defendants Evelyn Enciso ("**Enciso**") and Airbnb, Inc. ("**Airbnb**") (collectively, "**Defendants**"), states as follows:

## THE PARTIES

1. Plaintiff, Jory Cass, is an individual residing at 7583 Lamar Court, Arvada, Colorado 80003 (the "**Property**"). Plaintiff is not engaged in military service of the United States and is engaged in a civilian occupation.

2. Defendant Enciso is an individual temporarily residing at the Property. Defendant is not engaged in military service of the United States, and upon information and belief is not currently employed.

3. Defendant Airbnb was incorporated on December 4, 1978, as a Colorado nonprofit corporation, with a principal place of business at 902 S. Prospect Street, Colorado Springs, Colorado.

## JURISDICTION AND VENUE

4. Plaintiff brings this action for damages and immediate and permanent injunctive relief pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("**CFAA**"), and the value of the claims exceed $5,000.00 in aggregate value for less than a one-year period. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Plaintiff also brings interrelated state law claims including claims under the Colorado Consumer Protection Act ("**CCPA**"), conversion, and civil theft over which this Court has supplemental jurisdiction.

6. Venue is proper under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. All of the events alleged herein occurred within the State of Colorado, County of Jefferson. Also, the Property at issue is located within the County of Jefferson, Colorado.

## GENERAL ALLEGATIONS

**A.** **Background Facts**

7. Plaintiff moved to Colorado to purchase and live at the Property in July of 2019.

8. Plaintiff is the owner in fee simple of the Property by way of a Warranty Deed dated July 24, 2019, wherein Plaintiff is named "Grantee". Said Warranty Deed is attached hereto and incorporated herein as **Exhibit A**.

2

9. Shortly after purchasing the Property, Plaintiff began renting out a portion of the Property as an Airbnb rental, in order to offset the costs of the mortgage. The bottom portion of the Property is separated from the main part of the house and has a separate entrance accessible by keypad lock.

10. Defendant Enciso also lived at the Property, on and off, while she was in a relationship with Plaintiff. Enciso was a house guest of Plaintiff's and did not contribute any monies to the real property or living expenses; she was not employed.

11. Plaintiff and Defendant Enciso broke up between June and July 2020.

12. On July 19, 2020, Defendant Enciso moved out of the Property.

13. Subsequently, Defendant Enciso requested Plaintiff allow her to stay at the Property because she needed somewhere to stay. Plaintiff allowed her to stay at the Property temporarily, in the guest room of the main portion of the Property (not the rental unit).

14. Between August 10, 2020 and August 18, 2020, Defendant Enciso repeatedly requested that she and Plaintiff get back together and made numerous advances toward Plaintiff. Each and every request to get back together was denied by Plaintiff.

15. On August 19, 2020, Plaintiff returned to the Property around 5:00 p.m., after staying the night at a friend's house the evening before.

16. Upon entering the Property, Plaintiff saw that his bed was wrapped in plastic and all the internal components were missing. Upon belief, Defendant Enciso was preparing to steal or sell Plaintiff's bed, for which he paid $10,000.00.

17. At that time, Plaintiff requested that Defendant Enciso leave the Property, but Defendant Enciso refused. Plaintiff called the non-emergency police.

18. Upon the police's arrival, Defendant Enciso misstated the truth of the matter, and Plaintiff was instead taken into custody for the night, charged with DV Criminal Mischief.

19. While Plaintiff was in custody on August 19, 2020, Defendant Enciso accessed one of Plaintiff's two personal desktop computers at the Property, logged into his Facebook account, and changed Plaintiff's "Relationship Status" from "Single" to "Married"; she did this without authorization.[1]

20. Plaintiff did not return to the Property upon leaving jail the next day on August 20, 2020.

**B.     Defendant Enciso's Unauthorized Access to Plaintiff's Airbnb Account**

21. On August 21, 2020, Defendant Enciso again accessed one of Plaintiff's two personal desktop computers at the Property, entered his Airbnb account password, and accessed his Airbnb account.

22. While doing so, Defendant Enciso changed the email address on Plaintiff's Airbnb account to her own email address as shown in the following message:

---

[11]     Defendant Enciso filed a Petition for Dissolution of Marriage in Colorado on or about August 24, 2020, claiming the parties were in a common law marriage. Upon belief, Enciso logged on to Plaintiff's Facebook account to change Plaintiff's relationship status, in order to support her Petition. However, the Petition was quickly dismissed on December 2, 2020, per stipulation, wherein Enciso stipulated that "The Petitioner and Respondent hereby acknowledge and state that they are not married to one another under any statutory or common law." *See* Joint Motion to Dismiss Petition for Dissolution of Marriage, a true and correct copy of which is attached hereto as **Exhibit B**. The Court granted the dismissal on December 4, 2020.

4



23. Defendant Enciso then changed the password on the Airbnb account, the profile picture, name, and used Plaintiff's personal email address to verify the information.

24. Defendant Enciso then changed the payout method on Plaintiff's Airbnb account shown as follows:



25. On August 22, 2020, Defendant Enciso also canceled a personal trip that Plaintiff had booked on his Airbnb account, and initiated a refund to attempt to collect the money that Plaintiff had paid towards the trip.

26. Since August 22, 2020, Defendant Enciso has rented out the full Property under her own name, despite having no legal ownership in the Property. *See* Property's Airbnb Profile,

5

attached hereto as **Exhibit C**; *see also* Airbnb Host Profile of "Evelyn" attached hereto as **Exhibit D**.

27. While Defendant Airbnb required Defendant Enciso to "confirm her identity," Defendant Airbnb did not require her to confirm ownership or authority to rent out the Property.

28. In order to rent out the Property, Defendant Enciso changed the passcode to the keypad lock of the Airbnb rental. Plaintiff discovered this fact when the cleaning service he hired to clean the Property attempted to enter the unit on September 1, 2020 but could not access the Property. Plaintiff had sent the cleaning service to be able to prepare the area for the new Airbnb guests, who were arriving the next day.

29. As shown by the Property Profile and Host Profile reviews, Defendant Enciso has rented out the Property to numerous guests from August of 2020 to present.

30. As shown by the Property Profile, Defendant Enciso is charging $99.00 per night plus fees.

31. Accordingly, Defendant Enciso is presumably collecting $99.00 per night less the three percent (3%) fee charged by Airbnb.

32. Plaintiff has reported Defendant Enciso's activities to the police and Defendant Airbnb. However, Airbnb has failed to take action to prevent Defendant Enciso from renting out the Property via its website and/or removing the Property's Profile and/or Defendant Enciso's Host Profile.

33. Plaintiff has filed a Forcible Entry and Detainer ("**FED**") action against Defendant Enciso in state court, and that matter is concurrently pending.

34. This action is brought to obtain damages resulting from this conduct and to stop and prevent immediate further injury to Plaintiff, unrelated to the FED action.

## C. Destruction of Plaintiff's Work Laptop Data

35. On August 24, 2020, Plaintiff was provided a "Civil Assist" to gather his belongings at the Property.

36. When the police questioned Defendant Enciso about the whereabouts of Plaintiff's work laptop, Defendant Enciso told the officer Plaintiff had took it with him.

37. Nevertheless, upon searching for the laptop, the police found it hidden on a shelf at the top of the closet of the bedroom Defendant Enciso was sleeping in underneath other items.

38. Plaintiff also observed, during the "Civil Assist," that one of his two personal desktop computers was missing.[2]

39. After the "Civil Assist," Plaintiff immediately went to a friend's apartment to try to log in to his laptop as he had a crucial work meeting the following morning.

40. When Plaintiff went to log in, the name of the laptop was changed to "Everything," and the password was changed.

41. Plaintiff was not able to access the laptop.

42. Plaintiff contacted a computer technician who took the laptop over the weekend in an attempt to re-access it without the loss of confidential work files and software.

43. After hours of attempting to back up the hard drive and restore the laptop, it was determined that Defendant Enciso had reset the laptop to factory settings and all the data was lost.

---

[2] On a recent, February 2, 2021 "Civil Assist," Plaintiff was able to retrieve one of his personal desktop computers; however, the second one remains missing.

44. Accordingly, due to Defendant Enciso's actions, significant and irreplaceable data on the laptop was destroyed.

45. This action is brought to obtain damages resulting from this conduct and to stop and prevent further injury to Plaintiff.

### COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
(Defendant Enciso)

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. The CFAA imposes civil liability for unauthorized access or damage to a "protected computer."

48. Under the CFAA, a protected computer means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions" which includes without limitation: desktop and laptop computers; cell phones; and websites, as long as those devices are "used in or affecting interstate or foreign commerce or communication[.]" 18 USC § 1030(e).

49. The CFAA prohibits:

   a. intentionally accessing a protected computer, without authorization or by exceeding authorized access, and obtaining information from a protected computer under § 1030(a)(2)(C);

   b. knowingly and with intent to defraud accessing a protected computer, without authorization or by exceeding authorized access, to obtain anything of value or further a fraud under § 1030(a)(4);

   c. knowingly, intentionally, and without authorization causing the transmission of a program, information, code, or command to a protected computer, and causing damage under § 1030(a)(5)(A); and

8

    d. intentionally accessing a protected computer without authorization and, as a result of such conduct, recklessly causing damage and loss under §§ 1030(a)(5)(B) and 1030(a)(5)(C).

50. For a claim under § 1030(a)(5)(A), a "transmission" can be accomplished either over the Internet or through a physical medium such as a compact disc.

51. Pursuant to § 1030(c)(4)(A)(i)(I), this Court has jurisdiction to hear a civil claim under the CFAA if there is a loss to one or more persons during any one-year period aggregating at least $5,000.00 in value.

52. In August of 2020, Defendant Enciso accessed Plaintiff's work laptop, one or more of his personal desktop computers, his email account, Facebook account and Airbnb website account ("**Devices**") without authorization.

53. Defendant Enciso's actions violated 18 USC § 1030(a)(2)(C) because she accessed the Devices without authorization, and intentionally in order to obtain information and access to Plaintiff's Airbnb account and to convert that account, and proceeds deriving therefrom, to her own.

54. Defendant Enciso's actions violated 18 USC § 1030(a)(4) because she accessed the Devices without authorization knowingly and with the intent to defraud Plaintiff of the rental value of the Property.

55. Defendant Enciso's actions violated 18 USC § 1030(a)(5)(A) because she knowingly, intentionally, and without authorization accessed the Devices and transmitted a program, information, code, or command and caused damage to Plaintiff and irreparable damage to Plaintiff's work laptop computer and upon belief one of his personal desktop computers.

56. Alternative to the paragraph immediately preceding, Defendant Enciso's actions violated 18 USC § 1030(a)(5)(B) and (C) because she intentionally accessed the Devices without authorization and, as a result of such conduct, recklessly caused damage to Plaintiff and irreparable damage to Plaintiff's work laptop and upon belief one of his personal desktop computers.

57. Plaintiff has suffered a monetary loss of at least $5,000.00 in aggregate value.

58. Plaintiff has also suffered costs of responding to Defendant Enciso's offense including without limitation: conducting a damage assessment; attempting to restore data, program, system, or information to its condition prior to her offense; and loss of revenues from interruption caused by her offense.

## **COUNT II - VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT**
**(Defendants Enciso and Airbnb)**

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60. The CCPA provides for a private right of action related to unfair and deceptive trade practices.

61. To establish claim under CCPA, plaintiffs must show that: (1) defendant engaged in unfair or deceptive trade practice; (2) the challenged practice occurred in course of defendant's business, vocation, or occupation; (3) it significantly impacts public as actual or potential consumers of defendant's goods, services, or property; (4) plaintiff suffered injury in fact to legally protected interest; and (5) the challenged practice caused plaintiff's injury. *See*, *for e.g.*, *Platt v. Winnebago Industries, Inc.*, 960 F.3d 1264, 1276 (10th Cir. 2020).

62. Pursuant to C.R.S. § 6–1–105(1), "A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:

10

(a) Either knowingly or recklessly passes off goods, services, or property as those of another;
(b) Either knowingly or recklessly makes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property;
(c) Either knowingly or recklessly makes a false representation as to affiliation, connection, or association with or certification by another;
(u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction;
(z) Refuses or fails to obtain all governmental licenses or permits required to perform the services or to sell the goods, food, services, or property as agreed to or contracted for with a consumer; and
(kkk) Either knowingly or recklessly engages in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice[.]"

63. Pursuant to C.R.S. § 6–1–105(1)(a), (b), (c), (u), (z), and (kkk), Defendant Enciso has engaged in one or more deceptive trade practices by converting Plaintiff's Airbnb account into her own; renting out the Property without any legal ownership or right; promoting/advertising the Property as a short term rental to unsuspecting Airbnb customers that may believe she has a legal right to possession of the Property; failing to disclose to Airbnb customers that she does not have ownership or a legal right to possession of the Property; failing to obtain the necessary licenses under local ordinances to legally rent the Property and to disclose such facts to Airbnb customers; and knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via Airbnb.

64. Pursuant to C.R.S. § 6–1–105(1)(a), (b), (c), (u), (z), and (kkk), Defendant Airbnb has engaged in one or more deceptive trade practices by knowingly or recklessly allowing Defendant Enciso to list the Property on its website and to be rented by Airbnb customers while she has no legal ownership in the Property and no legal right to possess the Property; knowingly

11

or recklessly allowing Defendant Enciso to list the Property on its website and to be rented by Airbnb customers without proper licensure; knowingly or recklessly failing to disclose to its customers that Defendant Enciso has no ownership in the Property, no legal right to possession, and has not obtained proper licensure in order to induce customers to rent the Property; knowingly or recklessly failing to require Defendant Enciso provide authority of Plaintiff, the fee simple owner of the Property, prior to allowing it to be rented by its customers via its website; and by knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via its website.

65. Particular to C.R.S. § 6–1–105(1)(z), the City of Arvada adopted Ordinance No. 4737 on or about August 3, 2020, which requires all short-term rentals to obtain an annual license from the City.

66. Under Section 3(B) of Ordinance No. 4737, the application for a license is required to be signed by the "fee owner of record of the property to be licensed" or an individual "authorized in writing by the fee owner of record."

67. Upon belief, Defendant Enciso neither applied for nor obtained the required licensure under Ordinance No. 4737 and therefore is operating the Airbnb illegally.

68. The challenged practice has occurred in Defendants' business practices as they obtained money in return for rental of Plaintiff's Property.

69. The challenged practice significantly impacts the public as actual customers have rented the Property and will potentially impact future customers as the Property is currently listed for rent.

70. In addition to the licensure issue, there is a significant question of liability that could result from property, personal, or other injury or damage relating to Defendants' renting of the Property without Plaintiff's authorization and without the proper insurance in place.

71. Plaintiff has suffered injury in fact due to his legal ownership of the Property and possessory rights flowing therefrom with actual damages to be determined at trial.

72. Plaintiff's injury has been directly caused by Defendants' challenged practices.

73. Pursuant to C.R.S. § 6-1-113, Plaintiff is entitled to: "(a)The greater of: (I) The amount of actual damages sustained, including prejudgment interest of either eight percent per year or at the rate provided in section 13–21–101, whichever is greater, from the date the claim under this article 1 accrued; or (II) Five hundred dollars; or (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court."

## COUNT III – IMMEDIATE INJUNCTIVE RELIEF
### (Defendants Enciso and Airbnb)

74. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

75. Pursuant to Federal Rule of Civil Procedure P. 65(b), entitled (b) Temporary Restraining Order ("**TRO**"):

   (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

76. A TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." *Charles Alan Wright, et al.*, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update).

77. A party seeking a temporary restraining order or preliminary injunction must show: (1) that the movant has a substantial likelihood of eventual success on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See, e.g., Salba Corp., N.A. v. X Factor Holdings, LLC,* No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014).

78. Plaintiff can show these elements because:

   a. Plaintiff can show he has a substantial likelihood of success under his CFAA claim against Defendant Enciso and his CCPA claims against Defendants related to rental of the Property;

   b. Plaintiff will suffer immediate and irreparable injury if Defendant Enciso is not retrained from renting out the Property and/or using the Property as a rental unit via Airbnb's website, and Defendant Airbnb has failed to take any steps to stop this unlawful activity, and therefore, must also be restrained;

   c. the damage that an injunction may cause to Plaintiff outweighs any potential damage to Defendant Enciso because she has no legal ownership right in the Property and no legal right to possession, and therefore, is unlawfully renting out the Property and obtaining money from doing so;

   d. there will be no damage to Airbnb as a result of the restraining order. If Plaintiff is successful in obtaining injunctive relief, Plaintiff can continue to rent out the Property under his name and provide the 3% fee to Defendant Airbnb; and

          e.      the injunction is not adverse to public interest but promotes the standards set forth under the CFAA, the CPPA, and Arvada City Ordinances to act within the bounds of the law even when using electronic means.

79.     Contemporaneous with this Complaint, Plaintiff is filing his Motion for TRO and Preliminary Injunction which sets forth the above allegations in detail.

80.     Plaintiff requests this Court grant him TRO, set a preliminary injunction hearing within fourteen (14) days, and thereafter, preliminarily enjoin Defendants from allowing the Property to be used as an Airbnb rental and from obtaining rental proceeds derived from the Property.

## COUNT IV - PERMANENT INJUNCTIVE RELIEF
**(Defendants Enciso and Airbnb)**

81.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82.     A party seeking permanent injunctive relief must establish: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980); *Mantle Ranches v. United States Park Serv.*, 945 F. Supp. 1449, 1452 (D. Colo. 1996).

83.     Plaintiff can show these elements because:

          a.      Plaintiff can show he has a substantial likelihood of success under his CFAA claim against Defendant Enciso and his CCPA claims against Defendants related to rental of the Property;

15

    b.    Plaintiff will suffer immediate and irreparable injury if Defendant Enciso is not retrained from renting out the Property and/or using the Property as a rental unit via Airbnb's website, and Defendant Airbnb has failed to take any steps to stop this unlawful activity, and therefore, must also be restrained;

    c.    the damage that an injunction may cause to Plaintiff outweighs any potential damage to Defendant Enciso because she has no legal ownership right in the Property and no legal right to possession, and therefore, is unlawfully renting out the Property and obtaining money from doing so;

    d.    there will be no damage to Airbnb as a result of the restraining order. If Plaintiff is successful in obtaining injunctive relief, Plaintiff can continue to rent out the Property under his name and provide the 3% fee to Defendant Airbnb; and

    e.    the injunction is not adverse to public interest but promotes the standards set forth under the CFAA, the CPPA, and Arvada City Ordinances to act within the bounds of the law even when using electronic means.

84. Plaintiff is thus entitled to have this Court enjoin Defendant Enciso from further accessing Plaintiff's Airbnb account; to enjoin Defendants from taking any further action to rent and collect rental proceeds from the Property on Airbnb; and to otherwise prevent Defendants from depleting or converting any monetary proceeds resulting from such improper rental activities.

85. Plaintiff requests this Court grant him a hearing to determine whether to put in place a permanent injunction, forever enjoining Defendants from asserting control over the Property as an Airbnb rental and deriving rental proceeds therefrom.

## COUNT V – CONVERSION
**(Defendant Enciso)**

86. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

87. By ownership of the Property in fee simple, Plaintiff has a possessory interest in the rental proceeds derived from the Property.

88. By accessing Plaintiff's Devices without authorization and changing Plaintiff's Airbnb account into her own, Defendant Enciso has taken distinct and unauthorized action of dominion or control over Plaintiff's interest.

89. Defendant Enciso's actions have damaged Plaintiff.

90. In particular, Defendant Enciso has rented out the Property via Airbnb's website and collected rental income in an amount to be determined from the Property from August 2020 to present.

91. In addition, Defendant Enciso's actions also caused Plaintiff to lose about $6,000.00 in bookings that had been arranged prior to August 21, 2020 but were cancelled because of Ms. Enciso's intentional act of changing the keypad passcode.

92. Further, Defendant Enciso's actions have also caused a loss to Plaintiff related to future bookings in an amount to be determined.

93. Pursuant to C.R.S. § 18–4–405, Plaintiff is also entitled to recover two hundred dollars or three times the amount of the actual damages, whichever is greater, plus costs of the action and reasonable attorney fees.

### COUNT VI - CIVIL THEFT
**(Defendant Enciso)**

94. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

95. By ownership of the Property in fee simple, Plaintiff has a possessory interest in the rental proceeds derived from the Property.

96. By accessing Plaintiff's Devices without authorization and changing Plaintiff's Airbnb account into her own, Defendant Enciso has taken distinct and unauthorized action of

dominion or control over Plaintiff's interest. Upon information and belief, Defendant Enciso has also stolen a personal desktop computer belonging to Plaintiff.

97. Defendant Enciso intends to deprive Plaintiff of his interests permanently.

98. Defendant Enciso's actions have damaged Plaintiff.

99. In particular, Defendant Enciso upon belief continues to use Plaintiff's personal desktop computer to improperly make Airbnb bookings; is currently renting out the Property via Airbnb's website; and is currently collecting rental income from the Property, in an amount to be determined, dating back to August 2020 to present.

100. In addition, Defendant Enciso's actions also caused Plaintiff to lose about $6,000.00 in bookings that had been arranged prior to August 21, 2020 but were cancelled because of Ms. Enciso's intentional act of changing the keypad passcode.

101. Further, Defendant Enciso's actions have also caused a loss to Plaintiff related to future bookings in an amount to be determined.

102. Pursuant to C.R.S. § 18–4–405, Plaintiff is also entitled to recover two hundred dollars or three times the amount of the actual damages, whichever is greater, plus costs of the action and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants upon each claim for relief asserted herein, and that this Court:

1. Award Plaintiff a money judgment against Defendant Enciso in an amount to be determined at trial under Counts I, II, V, and VI;

2. Issue a TRO (without hearing), preliminary injunction, and permanent injunction (upon hearing), enjoining Defendants from converting, transferring, assigning, selling, depleting, destroying, dissipating, or disbursing any of Plaintiff's property

    by the marketing or renting of the Property as an Airbnb rental unit under Counts III and IV;

3.  Award Plaintiff treble damages pursuant to C.R.S. § 18–4–405 under Counts V and VI;

4.  Award Plaintiff his costs and reasonable attorneys' fees;

5.  Award Plaintiff pre and post-judgment interest at the statutory rate; and

6.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of February 2021.

            */s/Victoria Edwards*
            Victoria Edwards, #39838
            Jackson Kelly, PLLC
            1099 18th Street, Suite 2150
            Denver, CO 80202
            Victoria.edwards@jacksonkelly.com
            *ATTORNEY FOR PLAINTIFF*

## Verification

I, Jory Cass, declare as follows:

1. I am Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Colorado.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF*, and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of Ms. Enciso's actions and Airbnb's inactions, including those set out in the foregoing *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF*, and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America and Colorado that the factual statements in this *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning Ms. Enciso's actions and Airbnb's inactions.

_____
Jory Cass

STATE OF COLORADO )
                  ) ss.
COUNTY OF Jefferson )

Subscribed and sworn to before me by Jory Cass remotely, this ___ day of February 2021 using audio visual technology.

_____
Tamara Harris
Notary Public
My commission expires: 8/20/2021

[SEAL]

TAMARA HARRIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094025340
MY COMMISSION EXPIRES 08/20/2021

4811-4391-1133.v1