## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00498

**Jory Cass,**

    Plaintiff.

vs.

**Evelyn Enciso and Airbnb, Inc.,**

    Defendants.

## MOTION FOR TEMPORARY RESTRAINING
## ORDER AND PRELIMINARY INJUNCTION

Comes now Plaintiff, Jory Cass ("**Plaintiff**"), for his Motion for Temporary Restraining Order and Preliminary Injunction against Defendants Evelyn Enciso ("**Enciso**") and Airbnb, Inc. ("**Airbnb**") (collectively, "**Defendants**") pursuant to Fed. R. Civ. P. 65(b) and states as follows:

### BACKGROUND

Plaintiff is the owner in fee simple of a residence located at 7583 Lamar Court, Arvada, Colorado 80003 (the "**Property**") by way of a Warranty Deed dated July 24, 2019, wherein Plaintiff is named "Grantee" of the Property. **Verified Complaint Ex. A**. At this time, Plaintiff began renting out a portion of the Property as an Airbnb rental, in order to offset the costs of the mortgage. The bottom portion of the Property is separated from the main part of the house and has a separate entrance accessible by keypad lock.

Enciso also lived at the Property, on and off, while she was in a relationship with Plaintiff. Enciso was a house guest of Plaintiff's and did not contribute any monies to the real property or

living expenses; she was not employed. Plaintiff and Enciso broke up between June and July of 2020, and Defendant Enciso moved out of the Property on July 19, 2020.

Subsequently, Defendant Enciso requested that Plaintiff allow her to stay at the Property because she needed somewhere to stay. Plaintiff allowed Defendant to stay at the Property temporarily, but in the guest room of the main portion of the Property (not the rental unit).

Between August 10, 2020, and August 18, 2020, Defendant Enciso repeatedly requested that she and Plaintiff get back together and made numerous advances toward Plaintiff. Each and every request to get back together was denied by Plaintiff.

On August 19, 2020, Plaintiff returned to the Property around 5:00 p.m., after staying the night at a friend's house the evening before.

Upon entering the Property, Plaintiff saw that his bed was wrapped in plastic and all the internal components were missing. Upon belief, Defendant Enciso was preparing to steal or sell Plaintiff's bed, which cost him $10,000. At that time, Plaintiff requested that Defendant Enciso leave the Property, but Defendant Enciso refused; Plaintiff called the non-emergency police. Upon the police's arrival, Defendant Enciso misstated the truth of the matter, and Plaintiff was instead taken into custody for the night, charged with DV Criminal Mischief.

While Plaintiff was in custody on August 19, 2020, Defendant Enciso accessed one of Plaintiff's personal desktop computers, logged into his Facebook account, and changed Plaintiff's "Relationship Status" from "Single" to "Married." Plaintiff did not return to the Property upon leaving jail the next day on August 20, 2020.[1]

---

[1] Defendant Enciso filed a Petition for Dissolution of Marriage in Colorado on or about August 24, 2020, claiming the parties were in a common law marriage. Upon belief, Enciso logged on to Plaintiff's Facebook account to change Plaintiff's relationship status, in order to support her petition. However, the petition was quickly dismissed on December 2, 2020, per stipulation, wherein Enciso stipulated that "The Petitioner and Respondent hereby acknowledge

On August 21, 2020, Defendant Enciso again accessed one of Plaintiff's personal desktop computers at the Property, entered his Airbnb account password, and accessed his Airbnb account. While doing so, Defendant Enciso changed the email address on Plaintiff's Airbnb account to her own email address. Defendant Enciso then changed the password on the Airbnb account, the profile picture, name, and used Plaintiff's personal email address to verify the information. Defendant Enciso then changed the payout method on Plaintiff's Airbnb account. On August 22, 2020, Defendant Enciso also canceled a personal trip that Plaintiff had booked on his Airbnb account and initiated a refund to attempt to collect the money that Plaintiff had paid towards the trip.

Since August 22, 2020, Defendant Enciso has rented out the full Property under her own name despite having no ownership in the Property. The Property's Airbnb Profile is attached to Plaintiff's Verified Complaint as **Exhibit C**, and Enciso's Airbnb Host Profile in the name of "Evelyn" is attached to Plaintiff's Verified Complaint as **Exhibit D**. While Defendant Airbnb required Defendant Enciso to "confirm her identity," Defendant Airbnb did not require her to confirm ownership or authority to rent out the Property.

In order to rent out the Property, Defendant Enciso changed the passcode to the keypad lock of the Airbnb rental. Plaintiff discovered this fact when the cleaning service he hired to clean the Property attempted to enter the unit on September 1, 2020, but could not access the Property. Plaintiff had sent the cleaning service to be able to prepare the area for the new Airbnb guests who were arriving the next day. As shown by the Property Profile and Host Profile reviews, Defendant

---

and state that they are not married to one another under any statutory or common law." *See* Joint Motion to Dismiss Petition for Dissolution of Marriage, a true and correct copy of which is attached to Plaintiff's Verified Complaint as **Exhibit B.** The Court granted the dismissal on December 4, 2020.

Enciso has rented out the Property to numerous guests from August of 2020 to present. Also, based on the Property Profile, Defendant Enciso is charging $99.00 per night plus fees. Accordingly, Defendant Enciso is presumably collecting $99.00 per night less the three percent (3%) fee charged by Airbnb. Plaintiff has reported Defendant Enciso's activities to Defendant Airbnb, but Defendant Airbnb has failed to take action to prevent Defendant Enciso from renting out the Property via its website and/or removing the Property's Profile and/or Defendant Enciso's Host Profile.

Enciso does not have the proper license to operate the Property as an Airbnb. Arvada City Ordinance 4737 requires all short term rentals to apply for and obtain a license prior to renting them as Airbnb rentals. The application is required to be signed by the "fee owner of record of the property to be licensed" or an individual "authorized in writing by the fee owner of record." Plaintiff has not signed such an application or provided Enciso authority in writing. Therefore, in addition to not having any ownership interest or possessory interest in the Property, Enciso is operating the Airbnb illegally.

## STANDARD

Pursuant to Federal Rule of Civil Procedure P. 65(b), entitled (b) Temporary Restraining Order ("**TRO**"):

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the

adverse party." *Charles Alan Wright, et al*., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update). A party seeking a temporary restraining order or preliminary injunction must show: (1) that the movant has a substantial likelihood of eventual success on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See, e.g., Salba Corp., N.A. v. X Factor Holdings, LLC,* No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014).

## ARGUMENT

Plaintiff has alleged four substantive claims against Enciso: 1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("**CFAA**"); 2) violation of the Colorado Consumer Protection Act ("**CCPA**"); 3) conversion; and 4) civil theft. Plaintiff has alleged one claim against Airbnb under the CCPA. Under these claims, Plaintiff can show required elements necessary for a TRO and a preliminary injunction as more particularly described below.

### I.   Plaintiff Can Show A Substantial Likelihood of Eventual Success on the Merits of His Claims.

Plaintiff requests immediate injunctive relief to prevent Enciso from operating an Airbnb at the Property owned in fee simple by Plaintiff. Plaintiff's claims arise from Enciso's unauthorized access to Plaintiff's work laptop computer, one or more of Plaintiff's personal desktop computers, and Airbnb website account where she was able to take action to convert Plaintiff's Airbnb account into her own name and thereafter operate an illegal Airbnb at the Property, which is concurrently being rented out to Airbnb customers for profit.

While it was Enciso who took the action to be able to reap a profit off of the Property, Airbnb can be liable for its own action or inaction in failing to ensure Plaintiff's rights were not

intruded and trampled upon. In essence, Airbnb not only allowed Enciso to "host" the Property without any proof of ownership or authority, but its website enabled her to do this. Airbnb's practices, especially in failing to ensure compliance with local laws, amounts to knowing or reckless behavior. Airbnb's indifference to rights of property owners, such as Plaintiff, is done explicitly to be able to reap a profit from this behavior.

Plaintiff is likely to succeed on the four claims against Enciso and one claim against Airbnb.

### A.   CFAA

The CFAA prohibits: intentionally accessing a protected computer, without authorization or by exceeding authorized access, and obtaining information from a protected computer under § 1030(a)(2)(C); knowingly and with intent to defraud accessing a protected computer, without authorization or by exceeding authorized access, to obtain anything of value or further a fraud under § 1030(a)(4); knowingly, intentionally, and without authorization causing the transmission of a program, information, code, or command to a protected computer, and causing damage under § 1030(a)(5)(A); and intentionally accessing a protected computer without authorization and, as a result of such conduct, recklessly causing damage and loss under §§ 1030(a)(5)(B) and 1030(a)(5)(C).

On August 22, 2020, Enciso accessed Plaintiff's work laptop computer, one or more of his personal desktop computers, his email account, and his Airbnb website account ("**Devices**") without authorization and intentionally changed the associated email address and "pay out" method of the account in order to convert that account to her own. Enciso's actions show a substantial likelihood of violating § 1030(a)(2)(C) and § 1030(a)(4) because she accessed the Devices without authorization intentionally in order to obtain information and defraud Plaintiff of

the Airbnb account and proceeds derived therefrom. Enciso's actions show a substantial likelihood of violating § 1030(a)(5)(A) or alternatively §§ 1030(a)(5)(B) and 1030(a)(5)(C) because she knowingly transmitted a program, information, code, or command to Plaintiff's work laptop computer and one or more of his personal desktop computers and either intentionally or recklessly caused the work laptop computer to reset to factory settings and erase all of Plaintiff's data, and caused one or more of his personal desktop computers to delete or irreparably alter his Airbnb account. Further, Plaintiff can show these actions were completed within the last two years and that he has been damaged during any one-year period aggregating at least $5,000 in value. Therefore, all the CFAA elements are met, and Plaintiff is unaware of any defenses to such a claim.

**B.     CCPA**

Plaintiff is likely to succeed on his CCPA claims against Enciso and Airbnb. The CCPA provides for a private right of action related to unfair and deceptive trade practices. To establish claim under CCPA, plaintiffs must show that: (1) defendant engaged in unfair or deceptive trade practice; (2) the challenged practice occurred in course of defendant's business, vocation, or occupation; (3) it significantly impacts public as actual or potential consumers of defendant's goods, services, or property; and (4) plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused plaintiff's injury. *See, for e.g., Platt v. Winnebago Industries, Inc.*, 960 F.3d 1264, 1276 (10th Cir. 2020).

Pursuant to C.R.S. § 6–1–105(1)(a), (b), (c), (u), (z), and (kkk), Plaintiff can show a substantial likelihood of success in showing that Enciso has engaged in one or more deceptive trade practices by converting Plaintiff's Airbnb account into her own; renting out the Property without any legal ownership or right; promoting/advertising the Property as a short term rental to unsuspecting Airbnb customers that may believe she has a legal right to possession or ownership

7

of the Property; failing to disclose to Airbnb customers that she does not have ownership or a legal right to possession of the Property; failing to obtain the necessary licenses under local ordinances to legally rent the Property and to disclose such facts to Airbnb customers; and knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via Airbnb.

Pursuant to C.R.S. § 6–1–105(1)(a), (b), (c), (u), (z), and (kkk), Plaintiff can show a substantial likelihood of success in showing that Airbnb has engaged in one or more deceptive trade practices by knowingly or recklessly allowing Enciso to list the Property on its website and to be rented by Airbnb customers while she has no legal ownership in the Property and no legal right to possess the Property; knowingly or recklessly allowing Enciso to list the Property on its website and to be rented by Airbnb customers without proper licensure; knowingly or recklessly failing to disclose to its customers that Enciso has no ownership in the Property, no legal right to possession, and has not obtained proper licensure in order to induce customers to rent the Property; knowingly or recklessly failing to require Enciso to provide authority of Plaintiff, the fee simple owner of the Property, prior to allowing it to be rented by its customers via its website; and by knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via its website.

For the second element of a claim under the CCPA, the practice here is engaging in short term rental of the Property via Airbnb, which is clearly a "business" practice as both Enciso and Airbnb are operating the Property in return for money. For the third element, the challenged practice significantly impacts the public as actual customers have rented the Property and will potentially impact future customers as the Property is currently listed for rent on Airbnb. In

addition to the licensure issue, there is a significant question of liability that could result from property, personal, or other injury or damage relating to Defendants' renting of the Property without Plaintiff's authorization.  This liability is not only to Plaintiff but to the potential customers as well as there is no insurance that would cover such illegal activity, or personal injury resulting therefrom.  For the fourth and fifth elements, Plaintiff can clearly show injury in fact via monetary damages resulting from Defendants' renting of his Property and that this damage is directly related to Defendants' practices.  Accordingly, all the elements of a CCPA claim are established.

### C. Conversion and Theft

For conversion and civil theft, Plaintiff can show "distinct, unauthorized act of dominion or ownership" exercised by Enciso over the rental proceeds derived from the Property owned by Plaintiff.  *Stauffer v. Stegemann*, 165 P.3d 713, 717 (Colo. App. 2006) (citing Restatement (Second) of Torts § 222A(1) (1965)).  The difference between the two claims will be whether Enciso intended to permanently deprive Plaintiff of such proceeds.  It is highly likely Enciso has already spent the funds derived from the Property as she has no other source of income.  Therefore, Plaintiff can show all the elements of conversion and civil theft under Colorado law are met.  Accordingly, Plaintiff can establish a substantial likelihood of success on his claims against both Enciso and Airbnb necessary for a TRO or preliminary injunction to issue.

### II. Plaintiff Will Suffer Immediate and Irreparable Injury Unless the Injunction Issues.

For the second element, Plaintiff can show immediate harm because the full Property is concurrently being operated as an Airbnb unit and rented out.   While Defendant Enciso will be liable to Plaintiff for rents she unlawfully received, Plaintiff can show the harm to him is irreparable beyond simple monetary injury because of potential damage to the Property and liability that can result from illegal operation of an Airbnb unit.  This includes, without limitation,

9

damage to Plaintiff's personal property located in the Property as well as the physical structure of the Property.  Upon information and belief, Defendant Enciso has stolen one of Plaintiff's personal desktop computers, and more personal property appears to be missing based on Plaintiff's last inspection of the Property.  If the Court is unaware, an Airbnb is akin to a hotel where the general public can rent out designated space for short periods.  Thus, in any given week there may be dozens of people coming in and out of a unit.  Again, there is no insurance for illegal operation of an Airbnb unit, especially when the owner explicitly has not authorized such action.  An immediate injunction is necessary to prevent Enciso from renting out the Property and Airbnb from facilitating such conduct.

### III. <u>The Threatened Injury Outweighs the Damage, If Any, to Defendants.</u>

For the third element, Plaintiff does not believe Enciso will have any justiciable injury because she has no legal ownership right in the Property and no legal right to possession of the Property.  Therefore, an injunction preventing her from continuing to rent out the Property and collecting rents simply cuts off and mitigates the damages accruing in this case.  There will be no damage to Airbnb as a result of a restraining order or permanent injunction.  Again, the Property is not properly licensed under Arvada ordinances as a prerequisite to rent it as an Airbnb unit.  Thus, preventing the unit from continuing to be unlawfully operated is consistent with the law.  Once Enciso is restrained from operating the Airbnb, Plaintiff will ensure that all rules and laws are met, and all required licenses are obtained in order for the Property to be correctly used as an Airbnb.

### IV. <u>The Injunction Is Not Adverse to Public Interest.</u>

For the fourth element, the injunction is not adverse to public interest but rather promotes the standards set forth under the CFAA, the CPPA, and Arvada City Ordinances to act within the

bounds of the law even when using electronic means.  The CFAA and CPPA are designed to protect the public interest and the injunction serves those aims.  Further, Arvada adopted Ordinance 4737 in order to allow Airbnbs in the city, but through a regulated and controlled manner.  The facts of this case exemplify why such an ordinance was necessary.  Airbnb should not be allowed to bury its head in the sand and allow "hosts" to rent out properties unowned by them or without authorization by the homeowner.

WHEREFORE, Plaintiff Jory Cass respectfully requests the Court issue a temporary restraining order (without hearing) enjoining Defendants from converting, transferring, assigning, selling, depleting, destroying, dissipating, or disbursing any of Plaintiff's property by the marketing or renting of the Property as an Airbnb rental unit, set a preliminary injunction hearing within fourteen (14) days on this motion, and thereafter, preliminarily enjoin Defendants from converting, transferring, assigning, selling, depleting, destroying, dissipating, or disbursing any of Plaintiff's property by the marketing or renting of the Property as an Airbnb rental unit, and any other relief this Court deems just and proper.

Respectfully submitted this 19th day of February 2021.

> _/s/Victoria Edwards_
> Victoria Edwards, #39838
> Jackson Kelly, PLLC
> 1099 18th Street, Suite 2150
> Denver, CO 80202
> Victoria.edwards@jacksonkelly.com
> *ATTORNEY FOR PLAINTIFF*