IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 21-cv-00498-RM-KLM

JORY CASS,

    Plaintiff,

v.

EVELYN ENCISO, and
AIRBNB INC.,

    Defendants.

---

**ORDER**

---

    Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), seeking an order enjoining Defendants from marketing or renting a residential property Plaintiff owns through Defendant Airbnb's rental service. For the reasons below, the Court denies the requested temporary restraining order, and the case will proceed with respect to the requested preliminary injunction.

**I.    LEGAL STANDARDS**

    The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a temporary restraining order or injunctive relief, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will

not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted).  Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier*, 427 F.3d at 1258.

II.  BACKGROUND

Plaintiff filed his Verified Complaint for Damages and Injunctive Relief (ECF No. 1) simultaneously with his Motion.  According to the Verified Complaint, Plaintiff purchased the residential property in July 2019.  While living there, he began renting out a portion of it using Defendant Airbnb's service.  Plaintiff was in a relationship with Defendant Enciso at that time, and she also lived at the property "on and off" until they broke up between June and July 2020.  (*Id.* at ¶¶ 10, 11.)  On August 19, 2020, the police were summoned to the property, and Plaintiff was taken into custody.  (*Id.* at 18.)  Plaintiff alleges that in the days that followed, Defendant Enciso used his computers to access and gain control over his Airbnb account, including by changing the payout method.  (*Id.* at ¶¶ 21-24.)  The Verified Complaint further alleges that Defendant Enciso changed the passcode to the keypad lock accessing the rental portion of the property and that she has been illegally renting out the property through Defendant Airbnb's service, charging ninety-nine dollars per night plus fees.  (*Id.* at ¶¶ 28-30.)  The Verified Complaint also alleges that Defendant Airbnb has failed to take action to prevent Defendant Enciso from renting out the property.  (*Id.* at ¶ 32.)  When Plaintiff returned to the property on August 24, 2020, one of his computers was missing and he was unable to access another one because Defendant Enciso had reset it, erasing all its data.  (*Id.* at ¶¶ 35, 41, 43.)

The Verified Complaint asserts claims for violation of the Computer Fraud and Abuse Act, conversion, and civil theft against Defendant Enciso as well as a claim for violation of the Colorado Consumer Protection Act against both Defendants. Plaintiff seeks immediate and permanent injunctive relief. Although counsel for each Defendant have entered appearances, neither Defendant has filed a response to Plaintiff's Motion.

### III.   ANALYSIS

Plaintiff's allegations fall well short of establishing that he has a clear and unequivocal right to relief. To begin with, the damages he seeks are compensable by money damages. "[S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Thus, on the current record, the Court is not persuaded Plaintiff will suffer irreparable harm if an injunction is not issued.

Moreover, the limited factual allegations presented in the Verified Complaint preclude finding a substantial likelihood that Plaintiff will prevail on the merits. The constrained narrative set forth by Plaintiff provides an incomplete picture of the relevant events. The Verified Complaint references other proceedings involving Plaintiff and Defendant Enciso, including a now dismissed petition for dissolution of marriage, a criminal mischief charge, and a forcible entry and detainer action. (ECF No. 1 at ¶¶ 18, 19 n.1, 33.) As the case proceeds, the Court will hear Defendants' side of this dispute, which will help put Plaintiff's allegations in context. For present purposes, however, the Court finds that Plaintiff has not shown a clear and unequivocal right to relief based on any of the injunctive relief factors.

**IV.     CONCLUSION**

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 2) with respect to his request for a temporary restraining order.  With respect to the request for a preliminary injunction, the Court DIRECTS Defendants to file responses to Plaintiff's Motion on or before March 30, 2021.

DATED this 9th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4