# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLORADO

Civil Action No.: 1:21-CV-00498-RM

**JORY CASS**
     Plaintiff,

v.

**EVELYN ENCISO and AIRBNB, INC.**
     Defendants.

---

## RESPONSE TO MOTION FOR A PRELIMINARY INJUNCTION

---

Defendant Evelyn Enciso ("Ms. Enciso"), by and through their undersigned counsel, hereby submits her Response to Plaintiff's Motion for Preliminary Injunction, as follows:

### BACKGROUND

Ms. Enciso filed a lawsuit against Mr. Cass in District Court in Jefferson County, Colorado.  Attached as *Exhibit 1* is the Complaint.  *Exhibit 1* includes claims for breach of fiduciary duty, breach of partnership agreement, breach of implied contract, promissory estoppel, declaratory judgment, unjust enrichment, assault, battery, and constructive trust.  *See Exhibit 1*. Ms. Enciso currently resides at 7583 Lamar Ct., Arvada, Colorado 80421-0942 (the "shared Colorado residence").  By agreement with Mr. Cass, Ms. Enciso will vacate the premises on April 1, 2021.  In *Exhibit 1*, Ms. Enciso alleges that she and Mr. Cass together purchased a home in Florida that was jointly titled (the "shared Florida residence"), which was then quitclaimed to Mr. Cass by Ms. Enciso under false pretenses.  *See Exhibit 1*, ¶ 16, 19.  The shared Florida residence was later sold and the proceeds of approximately $85,000 were used as the primary

source of the down payment to purchase the shared Colorado residence. *See Exhibit 1*, ¶ 21. The shared Colorado residence was intended to be owned by Ms. Enciso and Mr. Cass jointly. *Id*. In the shared Ms. Enciso and Mr. Cass operated a joint Airbnb account which listed both parties as hosts. In July 2020, a mandatory protection order against Mr. Cass was put in place to protect both Ms. Enciso and the shared Colorado residence. *See Exhibit 1*, ¶ 27.

## LEGAL STANDARD

### A. <u>Preliminary Injunction</u>

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule."[1] "Thus, the right to relief must be clear and unequivocal."[2] A party must establish four key elements before a court may enter a preliminary injunction pursuant to Federal Rule of Civil Procedure 65:

> (1) [the movant] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.[3]

This standard was first articulated by the United States Tenth Circuit Court of Appeals in *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In *McDonough v. Widnall*, the United States District Court for the District of Colorado provided:

> The 10th Circuit has adopted a modified "likelihood of success" requirement. If the movant has satisfied the first three preliminary injunction requirements, the movant may establish likelihood of success by showing questions "so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of

---

[1] U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enterprise Management Consultants, Inc., 883 F.2d 886, 888 (10th Cir. 1989); GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984).
[2] McDonough v. Widnall, 891 F.Supp. 1439, 1447 (D. Colo. 1995).

[3] Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003); Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

more deliberate investigation."[4]

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."[5]  "It is well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[6]  "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."[7]  "It is well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[8]

"To be entitled to a preliminary injunction, the movant has the burden of showing that 'the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction.'"[9]  Further, "[a] movant also has the burden of demonstrating that the injunction, if issued, is not adverse to the public interest."[10]  "The purpose of a preliminary injunction under Fed.R.Civ.P. 65 is to preserve the status quo between the parties pending a final determination on the merits."[11]

## B.  Compulsory Counterclaim

---

[4] 891 F.Supp. 1439, 1447 (D. Colo. 1995); Walmer v. United States Dept. of Defense and Dept. of Army, 52 F.3d 851, 854 (10th Cir. 1995).

[5] American Republic Ins. Co. v. Great-West Life & Annuity Ins. Co., No. 09-cv-02857-REB-MEH, 2010 WL 582368 at *1 (D. Colo. February 17, 2010) (*quoting* Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003)).

[6] *Id*. at 1189.

[7] American Republic Ins. Co. v. Great-West Life & Annuity Ins. Co., No. 09-cv-02857-REB-MEH, 2010 WL 582368 at *1 (D. Colo. February 17, 2010) (*quoting* Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003)).

[8] *Heideman*, 348 F.3d at 1189.

[9] Heideman v. South Salt Lake City, 348 F.3d 1182, 1190 (10th Cir. 2003) (*quoting* Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).

[10] *Id*. at 1191; *Kikumura*, 242 F.3d at 955.

[11] McDonough v. Widnall, 891 F.Supp. 1439, 1447 (D. Colo. 1995); University of Texas v. Camenisch, 451 U.S. 390 (1981).

Rule 13(a) of the Colorado Rules of Civil Procedure and of the Federal Rules of Civil Procedure provide that a compulsory counterclaim must be pled against the opposing party who brought suit if the pleading arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require a third party of whom the court cannot acquire jurisdiction for its adjudication.[12]

Although the Computer Fraud and Abuse Act under 18 U.S.C. § 1030 ("CFAA") is a federal statute, federal courts do not retain exclusive jurisdiction over CFAA claims.  Instead, federal and state courts maintain concurrent jurisdiction to decide claims under the CFAA.[13]  In order for a preliminary injunction to be granted, there must be a substantial likelihood of success on the merits.[14]

### C.  Mootness

"[A] case may be moot if it can be demonstrated 'there is no reasonable expectation that the wrong will be repeated.'"[15]  "This discretionary decision is based on the totality of the circumstances presented to the district court."[16]  "Factors to be considered in determining whether such reasonable expectation exists include:

1. genuineness, good faith or permanence of the expressed intent to comply;

2. effectiveness of the discontinuance;

3. in some cases, the character of past violations."[17]

---

[12] F.R.C.P. 13(a) (2021); C.R.C.P. 13(a) (2021).
[13] Steven J. From & Joseph A. Martin, *Trade Secret Litigation*, 798 Prac. L. Inst. 655, 679 (2004) ("The absence of any limitations on where . . . [CFAA] civil actions may be filed leaves open the possibility that State courts will have concurrent jurisdiction with the federal courts over such claims."); *see* H & R Block Tax Servs., Inc. v. Rivera-Alicea, 570 F. Supp. 2d 255, 268 n.5 (D.P.R. 2008) ("This court does not have exclusive jurisdiction over Block's CFAA claim.").
[14] F.R.C.P. 65 (2021).
[15] *Id*. at 1445 (alteration in original); United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953).
[16] *Id*.
[17] *Id*.; *W.T. Grant Co*., 345 U.S. at 633.

Further, the doctrine of prudential mootness recognized by the 10th circuit can be applied in cases involving requests for prospective equitable declaratory or injunctive relief.[18]  However, this doctrine is most appropriately applied in cases against the government.[19]

## ARGUMENT

Here, this motion for preliminary injunction fails for a variety of reasons: Plaintiff cannot show irreparable harm; the threatened injury to Plaintiff does not outweigh the injury to Defendant; Plaintiff has not shown a likelihood of success on the merits; the motion for the preliminary injunction is moot based on the factual circumstances of the case and that Plaintiff's Complaint is required to be brought in the Jefferson County District Court case no. 21CV030057 as a compulsory counterclaim to Ms. Enciso's Complaint.

### A.  Preliminary Injunction

Mr. Cass has not met the elements for this Court to issue a preliminary injunction. As this Court noted in the Order denying Plaintiff's Motion for Temporary Restraining Order filed March 9, 2021 (ECF. No. 16), the irreparable harm prong needed to issue a preliminary injunction has not been met because the damages that Mr. Cass seeks are easily compensable by money damages.  Further, the Prayer for Relief in Plaintiff's Complaint requests a money judgment against Defendant Enciso. (ECF No. 1).  As noted above, simple economic loss does not equate to irreparable harm.  Moreover, this Court issuing an injunction would not maintain the status quo.  The status quo for the last six (6) months included Ms. Enciso continuing to occupy and rent the property on the Airbnb platform.  However, as will be pointed out further in this Response, neither Ms. Enciso nor Mr. Cass are allowed to use the Airbnb platform at this

---

[18] McDonough v. Widnall, 891 F.Supp. 1439, 1450 (D. Colo. 1995); *see* Building and Constr. Dept. v. Rockwell Inter. Corp., 7 F.3d 1487, 1492 (10th Cir. 1993) (citation omitted).
[19] *Id.*

time.  Mr. Cass has no likelihood of success to prevail on the merits because neither party has access to the Airbnb platform as of at least March 4, 2021.  Here, at best, the injury to both parties is equal.

Mr. Cass's complaint and motion for a preliminary injunction include compulsory counterclaims required to be brought in Jefferson County District Court case no. 21CV030057 because federal courts do not maintain exclusive jurisdiction over lawsuits involving the CFAA. Federal and state courts maintain concurrent jurisdiction over matters involving the CFAA. Therefore, this Court should both deny this motion and dismiss this case because Mr. Cass's complaint and subsequent motions arise from the same transaction or occurrence that is the subject matter of the civil case in the Jefferson County District Court.  Airbnb, Inc. conducts business in the state of Colorado and is subject to the laws of Colorado.  Airbnb, Inc. is a third party over whom the Jefferson County District Court would have jurisdiction.

### B.  Moretness

Ms. Enciso is scheduled to vacate the property on April 1, 2021.  As informed by counsel for Airbnb, Inc. neither Ms. Enciso nor Mr. Cass are allowed to use the Airbnb platform as of at least March 4, 2021.  Seeing as Ms. Enciso will be moved out of the property within two (2) days of filing this Response and the fact that neither Mr. Cass nor Ms. Enciso can use the Airbnb platform, there is no expectation that any alleged wrongdoing by Ms. Enciso could possibly be repeated.

### C.  Likelihood of success.

As Ms. Enciso has already been barred by AirBnB from renting the Property through it, the

motion is moot.  Furthermore, claims against her are compulsory counterclaims that must be asserted in the state court case.  Defendant cannot therefore show a reasonable probability of success on his claim for an injunction.

## CONCLUSION

This complaint and the motion are a waste of this Court's time and resources. The lawsuit never should have even been filed.  Defendant Evelyn Enciso respectfully requests this Court to DENY Plaintiff's Motion for Preliminary Injunction, award Defendant her costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Dated this 30th day of March, 2021.

Respectfully submitted,

_____*s/Zachary M. Graupmann*_____
Jeffrey M. Villanueva
Zachary M. Graupmann
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202
Telephone:  303-295-7525
E-mail: jeff@jmvpclaw.com
        zac@jmvpclaw.com
**ATTORNEYS FOR DEFENDANT EVELYN ENCISO**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have served the document to the following non CM/ECF participants in the manner indicated by the non-participant's name:

Victoria Edwards, #39838
Jackson Kelly, PLLC
1099 18th Street, Suite 2150
Denver, CO 80202
E-mail:  Victoria.edwards@jacksonkelly.com

*s/Monica Hart*