**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-00498-RM-KLM

**Jory Cass,**

      Plaintiff.

vs.

**Evelyn Enciso and Airbnb, Inc.,**

      Defendants.

---

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR PRELIMINARY**
**INJUNCTION AGAINST DEFENDANT EVELYN ENCISO**

---

Comes now Plaintiff, Jory Cass ("**Plaintiff**"), by and through his attorneys, Jackson Kelly, PLLC, and hereby submits his Reply in Support of his Motion for Preliminary Injunction against Defendant Evelyn Enciso ("**Defendant Enciso**") ("**Reply**").

## I.   INTRODUCTION

Plaintiff respectfully requests the Court grant his request for preliminary injunction to the extent it seeks to prevent Enciso from committing future computer fraud and identity theft, and requires the immediate return of items recently stolen from Plaintiff's residence located at 7583 Lamar Court, Arvada, Colorado 80003 (the "**Property**"). The attached Affidavit of Jory Cass ("**Cass Affidavit**"), attached hereto as **Exhibit B,** confirms that Defendant Enciso stole (among other things) his passport, social security card and citizenship documents from the Property upon departure, and that she made a second attempt on March 5, 2021 (while Plaintiff's Motion for Temporary Restraining Order ("**TRO Motion**") was pending and before this Court issued its

March 9 ruling) to illegally gain access to Plaintiff's Airbnb, Inc. ("**Airbnb**") account. Plaintiff will be filing an Amended Verified Complaint for Damages and Injunctive Relief shortly to address these additional items.

The additional stolen items stand to be sold or used illegally should this Court not issue a preliminary injunction, causing Plaintiff irreparable harm. Moreover, Defendant Enciso recently engaged in additional computer fraud when she attempted on April 10, 2021, to log into Plaintiff's online Ring account associated with the Ring device that Defendant Enciso stole from the Property upon departure.

The Response sets forth three bases for denying the Request for Preliminary Injunction: 1) Plaintiff does not meet the elements for obtaining a preliminary injunction; 2) the motion for the preliminary injunction is moot based on the factual circumstances of the case; and 3) Plaintiff's claims in the Verified Complaint for Damages and Injunctive Relief ("**Verified Complaint**") are required to be brought in the Jefferson County District Court case, No. 21CV030057 (the "**State Court Action**") as compulsory counterclaims to Defendant Enciso's state court complaint.

As to Defendants Enciso's first argument, Plaintiff has met the elements of his request for injunctive relief. This Reply and the Cass Affidavit make clear that the damages Plaintiff seeks are not all compensable by a monetary award. Plaintiff seeks to have Defendant Enciso enjoined from illegally using his personal identifying documentation, and from attempting to illegally access his online accounts in his likeness. Moreover, the supported factual allegations suggest a substantial likelihood that Plaintiff will prevail on the merits of his claims because he can prove such documents were stolen and that his accounts were accessed without his authority. In addition, there is no question that Defendant Enciso's stealing and use of Plaintiff's social security card and passport will likely cause irreparable injury to Plaintiff, his identity and likely his financial status

if an injunction is not granted. Such relief comports with the purpose of preliminary injunctions and best serves the public because it protects against identify theft and computer fraud.

Defendant Enciso's second argument regarding mootness fails because Defendant Enciso has engaged in illegal activity that can only be remedied with an injunction. Defendant Enciso has stolen Plaintiff's passport, his social security card and his mortgage closing documents, and an injunction is needed to prevent Defendant Enciso from illegally selling or using his identification for improper purposes. Moreover, since the filing of Plaintiff's Verified Complaint and TRO Motion, Defendant Enciso has attempted, without authority, to access two of Plaintiff's online accounts. On at least one of these two occasions, Defendant Enciso used Plaintiff's personal identification information to gain access. Cass Aff. ¶ 6.

Defendant Enciso's third argument contending that Plaintiff's claims are compulsory fails because by law, Plaintiff's claims do not arise from the claims brought in the State Court Action. The concurrent jurisdiction that this Court and the State Court Action may have over Plaintiff's claims does not require dismissal of this action. In fact, applicable case law instructs that this Court has proper jurisdiction to adjudicate Plaintiff's claims, while the State Court Action resolves Defendant Enciso's claims arising from her alleged ownership of the Property. While Plaintiff's claims could permissively be brought in the State Court Action, they are not required to be brought in the State Court Action under law.

## II.     ARGUMENT

Defendant Enciso's Response does not provide solid grounds for denying Plaintiff's Request for a Preliminary Injunction. As set forth below, each one of Defendant Enciso's three arguments are meritless. Defendant Enciso provides no affidavit to support any of her allegations

in the Response, while Plaintiff provides a detailed affidavit, supporting his request for injunctive relief.

**A. Plaintiff's Request for a Preliminary Injunction Is Based on Sufficient Factual Detail and Seeks to Prevent Further Irreparable Injury.**

This Court has found that Plaintiff's Verified Complaint fell short of establishing that Plaintiff has a right to injunctive relief. However, as anticipated by Plaintiff, recent events confirm and further support Plaintiff's request for injunctive relief. As set forth in the Cass Affidavit, Defendant Enciso has tampered with Plaintiff's mail; and has stolen Plaintiff's passport, his social security card, his citizenship documents, and his mortgage closing documents. Cass. Aff. ¶ 17. If Defendant Enciso is not ordered by the Court to return these items immediately, Plaintiff could have his identity stolen, or worse, sold. This is not the type of damage that is compensable by money. Counsel for Plaintiff immediately informed counsel for Defendant Enciso about this issue on April 2, 2021 and demanded an immediate return of these items. Attached hereto as **Exhibit A** is a true and correct copy of this correspondence. However, to date these items have not been returned.

Moreover, Defendant Enciso stole numerous items from the Property upon her departure, including a $10,000 Sleep Number Bed, a $3,000 road bike and a $1,500 LG 60-inch TV, among other items, worth over $15,100.00. Exh. A, Cass Aff. ¶ 15. If Defendant Enciso is not enjoined from selling these items, Plaintiff will lose these items indefinitely. Money damages alone could not compensate Plaintiff for the loss of his graduation ring, for example, which has sentimental value. Enciso also failed to maintain the upkeep of the Property while she was in sole possession and has key legal documents that Plaintiff will need to file an insurance claim. Ex. A, Cass Aff. ¶ 15.

4

In addition to the irreparable nature of Defendant Enciso's actions, the Cass Affidavit establishes he will be able to prove that he paid for the stolen property, and that these stolen items and his personal identifying documents were at the Property in August 2020 when he last had full access. Cass Aff. ¶ 16.

Moreover, there is no question the threatened injury—stolen identity and financial ruin—outweigh the harm that the preliminary injunction may cause Defendant Enciso, particularly as she can claim no ownership or entitlement to Plaintiff's online accounts, his social security card, his passport, his citizenship documents, his closing documents or his mail.

Last, these facts confirm that an injunction is warranted here to prevent identify theft and additional computer fraud, and that an injunction of this nature would stand to benefit the public in protecting it from the potential criminal actions of Defendant Enciso.

Thus, all the factors necessary for issuing a preliminary injunction are present in this case as required by *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Plaintiff respectfully requests the Court issue an injunction requiring Defendant Enciso to relinquish control of Plaintiff's personal identifying documents, and that the Court maintain the status quo by enjoining Defendant Enciso from further accessing or attempting to access any of Plaintiff's online service accounts using his personal identifying information. This request promotes the fundamental purpose of preliminary injunctive relief, and extraordinary relief is warranted under the clear and unequivocal facts set forth in the Cass affidavit. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

**B. Plaintiff's Request for Injunctive Relief is Not Moot Because Defendant Enciso Has Stolen Plaintiff's Passport, Social Security Card, Citizenship Papers and Closing Documents, Which If Sold or Otherwise Used for Illicit Activity Stand to Irreparably Harm Plaintiff.**

Defendant Enciso contends Plaintiff's request for injunctive relief is moot because Defendant Enciso has already vacated the Property, and because "neither Ms. Enciso nor Mr. Cass are allowed to use the Airbnb platform as of at least March 4, 2021". Resp. at 6. Thus, "there is no expectation that any alleged wrongdoing by Ms. Enciso could possibly be repeated." *Id.* Unfortunately, as set forth above and in the Cass Affidavit, Defendant Enciso's recent illicit activity demonstrates otherwise. Defendant Enciso has recently attempted to access Plaintiff's online accounts for Airbnb and Ring during the time that Plaintiff made his request for injunctive relief. Cass Aff. ¶¶ 13 and 21 Moreover, Defendant Enciso has in her possession Plaintiff's personal identifying documentation, which she can use to continue to access Plaintiff's online accounts, and to potentially obtain credit, or worse, sell for profit. The potential for this irreparable injury is not "moot", and there is a reasonable expectation that the wrongs will be repeated.

Plaintiff concedes his initial request for injunctive relief concerning Defendant Enciso's use of and access to Airbnb to rent the Property is now moot because Defendant Enciso vacated the Property on April 1, 2021, and Airbnb has now fully restricted any access Defendant Enciso may have to the Airbnb platform. However, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632, 73 S. Ct. 894, 897, 97 L. Ed. 1303 (1953); *McDonough v. Widnall*, 891 F. Supp. 1439, 1445 (D. Colo. 1995) (quoting *W. T. Grant Co.*) (addressing mootness issue in government context and noting appropriateness of the mootness issues "in cases against the government where it appears the government has already

changed or is in the process of changing its policies or where it appears the actions in question

are unlikely to be repeated").

Moreover, Defendant Enciso cannot demonstrate "there is no reasonable expectation

that the wrong will be repeated" because she has already repeated the wrongs in recent illicit

activity. *Widnall*, 891 F. Supp. at 1445. The mootness of the Airbnb rental issue does not obviate

the need for injunctive relief concerning Plaintiff's additional concerns laid out here and in the

Cass Affidavit.

### C. Plaintiff's Claims Are Not Deemed Compulsory in the State Court Action.

Defendant Enciso contends "Mr. Cass's complaint and motion for a preliminary injunction

include compulsory counterclaims required to be brought in Jefferson County District Court case

no. 21CV030057 because federal courts do not maintain exclusive jurisdiction over lawsuits

involving the CFAA." Resp. at 6. Rather, Defendant Enciso argues, "Federal and state courts

maintain concurrent jurisdiction over matters involving the CFAA. Therefore, this Court should

both deny this motion and dismiss this case because Mr. Cass's complaint and subsequent motions

arise from the same transaction or occurrence that is the subject matter of the civil case in the

Jefferson County District Court." *Id.*

Defendant Enciso's argument misses the mark. Whether or not federal or state court

maintain concurrent jurisdiction over matters involving the CFAA, such concurrent jurisdiction

would not make Plaintiff's federal claim and his related state court claims "compulsory"

counterclaims, such that Plaintiff would be required to bring his claims in Defendant Enciso's

State Court Action.

"Generally, a counterclaim is compulsory if it arises out of the same transaction or

occurrence as the opposing party's claim." *In re Est. of Krotiuk*, 12 P.3d 302, 304 (Colo. App.

2000). The accepted method in both Colorado state and federal court for determining whether a claim arises out of the same transaction or occurrence as the first claim is the "logical relationship test: whether the subject matter of the counterclaim is logically related to the subject matter of the initial claim", such that separate trials on each of the parties' respective claims would involve a substantial duplication of effort and time by the parties. *Krotiuk*, 12 P.3d at 304 (citing *Visual Factor, Inc. v. Sinclair*, 166 Colo. 22, 441 P.2d 643 (1968) (citing federal cases using a "logical relationship" test to determine if a counterclaim is compulsory)); *Beathune v. Cain*, 494 P.2d 603, 604-05 (Colo App. 1971).

Courts also consider whether the adjudication of such claims in a separate lawsuit would result in inconsistent judgments or depravation of rights. *Top Rail Ranch Ests., LLC v. Walker*, 327 P.3d 321, 331 (Colo. App. 2014) (concluding "Walker Development's claims in the Second Action would have been merely permissive counterclaims in the First Action").

In addition, courts, when determining the compulsory nature of claims, consider whether the claims seek redress for the same wrong based on the same factual basis and same evidence. *Foster v. Plock*, 411 P.3d 1008, 1015–16 (Col. App. 2016), aff'd on other grounds, 394 P.3d 1119 (Colo. 2017).

Here, the factual allegations and the claims set forth in Defendant Enciso's State Court Action have no relation to the facts and claims alleged in Plaintiff's Verified Complaint. Defendant Enciso claims entitlement to Plaintiff's real property in the state court action, and entitlement to money damages based on different theories of contract and tort remedies stemming from Plaintiff's alleged promises to take care of Defendant Enciso. In contrast, Plaintiff brings computer fraud claims against Defendant Enciso, and theft and conversion claims against her for items she stole from him while living in the Property in his absence. Defendant Enciso does not lay claim to any

4846-5456-1509.v1

of the items that Plaintiff contends she stole, and in the case of his personal identifying documentation, she could not claim ownership. Under the logical relationship test, the subject matter of Plaintiff's claims is not logically related to the subject matter of Defendant Enciso's claims, such that separate trials on each of the parties' respective claims would involve a substantial duplication of effort and time by the parties. *Krotiuk*, 12 P.3d at 304; *Cain*, 494 P.2d at 604-05. Moreover, Plaintiff's claims do not seek redress for the same wrongs and are not based on the same facts or the same evidence. *Foster*, 411 P.3d at 1015–16. Nor would this Court's adjudication of Plaintiff's fraud and theft claims result in inconsistent judgments or depravation of rights. *Walker*, 327 P.3d at 331.

Defendant Enciso's compulsory counterclaim argument is not only week, it is likely not applicable under the facts of this case. Had Plaintiff sought redress concerning the Property in this Court, this *may* have served as grounds for Defendant Enciso making her compulsory claim argument. "[W]hen an action is begun in one court which involves either the possession of a res by the court or the administration thereof by a receiver, a subsequent action in the other court will be dismissed or enjoined." *Courts-Concurrent Jurisdiction of State and Federal Courts*, 36 Yale L.J. 419, 420 (1927) (quoting *Covell v. Heyman*, 111 U. S. 176, 4 Sup. Ct. 355 (1884) (res attached by federal marshall bar to replevin in state court).

However, barring the above scenario, "[t]he mere pendency in one court of an action which is not deemed to be an 'action in rem' is no bar to proceedings in the other court." 36 Yale L.J. at 420 (1927) (cited authority omitted). "It has been generally held that where an action is in personam, the pendency of such an action in one court does not preclude the filing of the same action in another court of competent jurisdiction." *Miami Cty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 924 (10th Cir. 1941).

In fact, both federal and state case law suggest that the "pendency of a prior action in one jurisdiction is not a bar to a subsequent action in another, even though the two suits are upon the same cause of action and between the same parties." *Bd. of Comm'rs of Lake Cty. v. Schradsky*, 71 P. 1104, 1106 (Colo. 1903); *Ingram v. Jones*, 47 F.2d 135, 141 (10th Cir. 1931) ("On the other hand, where the issues in the subsequent suit are different from those involved in the first suit and the subject-matter is not identical, that is, where the two suits involve different controversies notwithstanding they relate to the same property, there can be no infringement of the jurisdiction of the court in which the first suit is pending by reason of the institution of the second suit in a court of concurrent jurisdiction. Under such circumstances, the court first acquiring possession of the property may retain it until the suit pending before it is determined.").

At best, Plaintiff's claims are permissive claims in the State Court Action, and Plaintiff is not required to bring his claims in that lawsuit. The concurrent nature of the state court's and federal court's jurisdiction does not require dismissal of this lawsuit, and Plaintiff is entitled to seek the requested relief from this Court.

### III.     CONCLUSION

WHEREFORE, Plaintiff Jory Cass respectfully requests the Court issue a preliminary injunction, enjoining Defendant Enciso from converting, transferring, assigning, selling, depleting, destroying, dissipating, or disbursing any of Plaintiff's property or personal identifying information, or from using his personal identifying information and documentation to illegally access Plaintiff's online accounts. Plaintiff also seeks an immediate return of his legal documents and his personal identifying documentation, and any other relief this Court deems just and proper.

4846-5456-1509.v1

Respectfully submitted this 13th day of April 2021.

*/s/Victoria Edwards*
Victoria Edwards, #39838
Jackson Kelly, PLLC
1099 18th Street, Suite 2150
Denver, CO 80202
Victoria.edwards@jacksonkelly.com
*ATTORNEY FOR PLAINTIFF*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on the following parties:

Jeffrey M. Villanueva
Zachary M. Graupmann
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202
jeff@jmvpclaw.com
zac@jmvpclaw.com

*Attorneys for Defendant Evelyn Enciso*

Jacqueline V. Roeder
Tess Hand-Bender
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202

*Attorneys for Defendant Airbnb, Inc.*

*/s/ Tammy Harris*
Tammy Harris

4846-5456-1509.v1