# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:21-CV-00498-RM-KLM**

**Jory Cass,**

    Plaintiff.

vs.

**Evelyn Enciso and Airbnb, Inc.,**

    Defendants.

## PLAINTIFF'S MOTION TO AMEND VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER F.R.C.P. 15

COMES NOW Plaintiff, Jory Cass ("**Plaintiff**"), by his counsel, Jackson Kelly, PLLC, hereby respectfully moves the Court for leave to amend ("**Motion**") Plaintiff's Verified Complaint for Damages and Injunctive Relief (28 U.S.C. § 1331; Federal Question) ("**Complaint**") under Fed. R. Civ. P. 15(a), for the reasons set forth below. A clean copy of the proposed First Amended Verified Complaint for Damages and Injunctive Relief (28 U.S.C. § 1331; Federal Question) ("**FAC**") is attached hereto as **Exhibit 1**. A redline of the FAC against the Complaint is attached hereto as **Exhibit 2**.

### I. CERTIFICATION

The undersigned certifies that, pursuant to D.C.COLO.LCivR. 7.1(A), counsel conferred with counsel for Defendant Evelyn Enciso ("**Defendant**" or **"Defendant Enciso"**) about this Motion. Counsel for Defendant stated that the Motion is opposed based on futility. Specifically, counsel for Defendant stated "[w]e object to the amendment because the claims in the federal

complaint are counterclaims that need to be brought in the state court action, rendering the amendment to the federal complaint futile." Attached hereto as **Exhibit 3** is a true and correct copy of this communication. Counsel for Plaintiff explained to Defendant's counsel that a futility objection was not applicable here, but with no success.

## II.    INTRODUCTION

Plaintiff has unfortunately been forced to incur unnecessary fees and waste judicial resources in filing this Motion. As counsel for Plaintiff explained to Defendant's counsel, an objection to the Motion would be unfounded at this early juncture in the case, where no responsive pleading has been filed, and Defendant would otherwise suffer no prejudice by the amendment. Moreover, as supported by Plaintiff's Reply in Support of His Motion for Preliminary Injunction Against Defendant Evelyn Enciso (Doc. No. 29-1) ("**Reply to Motion for Injunction**"), there are clear grounds for amendment, as new facts have recently been discovered, and Plaintiff has settled with former defendant Airbnb, Inc. ("**Airbnb**").

Despite pleas for reason, Defendant's counsel obstinately opposed this Motion, stating futility of amendment. For the reasons set forth below and in the Reply to Motion for Injunction, Plaintiff respectfully requests the Motion be granted, and that Plaintiff be granted leave to file a motion for fees against Defendant Enciso for opposing the Motion without substantial justification.

## III.    FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2021, Plaintiff filed the Complaint against Defendant Enciso and former defendant Airbnb.

On February 24, 2021, Defendant Enciso waived service of the Complaint, making her deadline to respond to the Complaint April 26, 2021.

To date, Defendant Enciso has not filed a response to the Complaint.

To date, no scheduling conference has occurred. The Scheduling Conference in this case is set for May 25, 2021.

To date, no preliminary injunction hearing has been set. Plaintiff's Motion for Preliminary Injunction Against Defendant Evelyn Enciso is fully briefed.

On March 16, 2021, former Defendant Airbnb was served with the Complaint.

Between March 2021 and April 2021, Plaintiff discovered additional information concerning Defendant Enciso's improper access to Plaintiff's online accounts, and items she stole from Plaintiff's real property at 7583 Lamar Court, Arvada, Colorado, 80003 ("**Property**") upon her departure on April 1, 2021.

On April 14, 2021, Plaintiff settled with Airbnb, and a Notice of Settlement was filed with the Court on April 16, 2021 (Doc. No. 30).

On April 16, 2021, Plaintiff attempted to file his amended complaint, which was *sua sponte* denied per local rules.

On April 19, 2021, Plaintiff's counsel conferred with Defendant Enciso's counsel concerning his desire to amend the Complaint to add allegations concerning new improper activity on the part of Defendant Enciso, and to remove Airbnb from the Complaint. Defendant Enciso's counsel refused to consent to amendment, citing "futility" as the basis for objection.

## IV.   LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires". Fed. R. Civ. P. 15(a). The U.S. Supreme Court has held that "if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits and in the absence of any apparent improper motivation, such as undue delay, bad

faith or dilatory tactics, the amendment should be 'freely given'". *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (it was an abuse of discretion to deny motion to amend complaint filed in response to a motion to dismiss, where amendment merely proposed an alternate theory for recovery).

The Tenth Circuit takes a similar approach, permitting leave to amend when the plaintiff makes such request early on in a case and justice so requires. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1130-31 (10th Cir. 1994); *Triplett v. Leflore County*, 712 F.2d 444, 445 (10th Cir. 1983).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory move, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, *supra*). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) (cited authority omitted); *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009).

"An amendment to a complaint is futile only if the plaintiffs can prove no set of facts in support of their amendment that would entitle them to relief." *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citing *Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003)); *see Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir.1999); *Openwater Safety IV, LLC*, 435 F. Supp. 3d at 1151 (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (amendment futile because claim was subject to statute of limitations); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)

4

(amendment futile for failure to allege all elements of cause of action); and *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006) (amendment futile because amended claim would seek relief barred by statute)).

"In considering whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6), accepting well-pleaded facts as true and reviewing solely to determine if the Complaint states a plausible claim for relief as amended." *Openwater Safety IV, LLC*, 435 F. Supp. 3d at 1151 (citing *Weingarden v. Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. July 12, 2012)); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

"A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Corp. Stock Transfer, Inc.*, 663 F. Supp. 2d at 1061 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992) and *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003)).

While "[t]he grant or denial of an opportunity to amend is within the discretion of the court", the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182; *Corp. Stock Transfer, Inc.*, 663 F. Supp. 2d at 1061 (quoting *Foman*, *supra*).

"The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry." *Corp. Stock Transfer, Inc.*, 663 F. Supp. 2d at 1061 (D. Colo. 2009) (citing *Minter*, *supra*).

## V. ARGUMENT

Under *Foman and Minter*, Plaintiff is entitled to amend his Complaint because the request is timely, and such amendment will not prejudice Defendant. Defendant's time to respond to the Complaint has not passed, and she has not yet filed a response. Also, the Scheduling Conference in this case is set for May 25, 2021, far enough away to address issues and claims as amended. Moreover, this is Plaintiff's first proposed amendment of the Complaint, which Complaint was only filed in February of this year. If there was some minimal prejudice to Defendant caused by the granting of the Motion, such prejudice is far outweighed by the harm to Plaintiff, who could be denied a full and fair opportunity to present his arguments at the upcoming preliminary junction and at trial.

In the Tenth Circuit, "the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry" on a motion to amend. *Corp. Stock Transfer, Inc.*, 663 F. Supp. 2d at 1061 (D. Colo. 2009) (citing *Minter*, *supra*). Plaintiff meets this test for amendment.

In addition, Plaintiff's basis for amendment is well-founded in the alleged facts. Plaintiff recently learned of new improper activity committed by Defendant, which activity further supports Plaintiff's existing claims and request for injunctive relief, as well as additional causes of action. *See* Reply to Motion for Injunction. Since the filing of the Complaint, Defendant has tampered with (and has likely stolen) Plaintiff's mail; and has stolen Plaintiff's passport, his Social Security Card and his citizenship documents. Moreover, Defendant stole numerous items from the Property upon her departure, including a Sleep Number Bed, a road bike and an LG 60-inch TV, among other items, worth over $15,100.00.

6

These new events further support Plaintiff's existing claims for injunctive relief, computer fraud, conversion and theft, as well as new claims for appropriation and intentional infliction of emotional distress.

Additionally, since the filing of the Complaint, Plaintiff has settled with Airbnb, and must amend the Complaint to remove Airbnb as a party, pending approval by the Court.

Amendment to the Complaint at this early juncture is also necessary to support Plaintiff's request for temporary and preliminary injunctive relief, which request has already been fully briefed. Plaintiff's FAC ensures a full hearing on all the facts and legal issues supporting Plaintiff's request for injunctive relief, and promotes a just and speedy determination of certain preliminary matters in this case.

While the bases for amendment are sound, counsel for Defendant has opposed this Motion with no real support in law. Defendant objects to the amendment "because the claims in the federal complaint are counterclaims that need to be brought in the state court action, rendering the amendment to the federal complaint futile." Ex. 3. However, this basis does not appear to be solid grounds to object under controlling authority, which states that "[a] district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Corp. Stock Transfer, Inc.*, 663 F. Supp. 2d at 1061; *see Ketchum*, 961 F.2d at 920; *Ledbetter*, 318 F.3d at 1187. This is not a fact pattern where amendment would be futile because Plaintiff's amended claims would seek relief barred by statute or fail to support all elements of a cause of action.

Also fatal to Defendant's arguments is that Plaintiff's claims asserted in the Complaint and FAC are in no way related to Defendant's claims brought in her Jefferson County District Court case, No. 21CV030057 (the "**State Court Action**"). Defendant seeks a declaratory

7

judgment from the state court, confirming that she owns title in the Property. In the alternative, Defendant in the State Court Action seeks a constructive trust against the Property and alleges different theories of contract and tort remedies claiming entitlement to money damages.

In contrast, Plaintiff brings computer fraud claims against Defendant, and theft and conversion claims against her for items she stole from him while living in the Property in his absence. Notably, Defendant does not lay claim in the State Court Action to any of the items that Plaintiff contends she stole, and in the case of his personal identifying documentation, she could not claim ownership. Under the logical relationship test, the subject matter of Plaintiff's claims is not logically related to the subject matter of Defendant's claims, such that separate trials on each of the parties' respective claims would involve a substantial duplication of effort and time by the parties. *In re Est. of Krotiuk*, 12 P.3d 302, 304 (Colo. App. 2000); *Beathune v. Cain*, 494 P.2d 603, 604-05 (Colo App. 1971). Moreover, Plaintiff's claims do not seek redress for the same wrongs and are not based on the same facts or the same evidence. *Foster v. Plock*, 411 P.3d 1008, 1015–16 (Col. App. 2016), *aff'd on other grounds*, 394 P.3d 1119 (Colo. 2017). Nor would this Court's adjudication of Plaintiff's claims for computer fraud, conversion, theft, appropriation and intentional infliction of emotional distress result in inconsistent judgments or depravation of rights. *Top Rail Ranch Ests., LLC v. Walker*, 327 P.3d 321, 331 (Colo. App. 2014).

Contrary to Defendant's assertions, Plaintiff is not prevented from pursuing his claims in federal court simply because Defendant filed a state court complaint against him, even if, *arguendo*, the state court claims are in some way related to Plaintiff's claims in this lawsuit. Indeed, the exception under Fed. R. Civ. P. 13(a)(2)(A) (and presumably C.R.C.P. 13(a)(1), which is identical to its federal counterpart), "eliminates the compulsory counterclaim

8

requirement for both parties where the opposing party has started a state court action that was not removed to federal court before the other party commenced the federal action":

> Under Fed. R. Civ. P. 13(a)(2)(A), a pleader need not state a claim that would otherwise be a compulsory counterclaim if at the time the action was commenced the claim was the subject of another pending action.1 Therefore, when a cause of action that would otherwise of necessity be pleaded as a compulsory counterclaim under Rule 13(a) is also the subject of pending litigation in another court—litigation which has been commenced before the instant action—waiver will not result from the failure to counterclaim the cause of action in question and the failing party will not thereafter be barred by res judicata.2 The purpose of this exception is to prevent one party from compelling another to try its cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned.**3 The exception eliminates the compulsory counterclaim requirement for both parties where the opposing party has started a state court action that was not removed to federal court before the other party commenced the federal action**.

§ 62:226. Counterclaim that is the subject of another pending action, 27A Fed. Proc., L. Ed. § 62:226. (Emphasis added and cited authority omitted). Attached hereto as **Exhibit 4** is a copy of this practice guide.

Also presuming, *arguendo*, Defendant's compulsory counterclaim argument was true, that argument alone would not prevent the Court from granting the Motion because Plaintiff has not filed a responsive pleading in the state court action. Fed. R. Civ. P. 13(a) states that:

> A **pleading** must state as a counterclaim any claim that--at the time of its service-- the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction. (Emphasis added).

C.R.C.P. 13(a) says that:

> A **pleading** shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. (Emphasis added).

9

A "pleading" in the current fact pattern would be an answer. *See* C.R.C.P. 7; F.R.C.P. 7. "Colorado's compulsory counterclaim rule, Colo. R. Civ. P. 13(a), like its federal counterpart, 'requires an **answer** to a complaint to include any counterclaims that the pleader has against the opposing party at the time of filing, if such counterclaims arise out of the same transaction or occurrence as the opposing party's claim.'" *Reynolds v. Quarter Circle M Ranch, Inc.*, 24 F. App'x 850, 854 (10th Cir. 2001) (quoting *Eason v. Bd. of County Comm'rs*, 961 P.2d 537, 539 (Colo. App. 1997)) (emphasis added and emphasis in original omitted).

Here, Plaintiff has moved to dismiss in full Defendant's State Court Action. A motion to dismiss is not deemed a pleading. *See* C.R.C.P. 7; F.R.C.P. 7. "'Pleadings' are the formal allegations by the parties of their respective claims and defenses, and are intended to provide notice of what is to be expected at trial". *Matter of Est. of Jones*, 704 P.2d 845, 847 (Colo. 1985). "Rule 13(a) does not come into play when a defendant files only a motion to dismiss, instead of a pleading." *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993) (citing *Horn & Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C.Cir.), cert. denied, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988); *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir.1985); *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 356–57 (5th Cir.1962); and *Potter v. Carvel Stores of N.Y., Inc.*, 203 F.Supp. 462, 464–65 (D.Md.1962), aff'd, 314 F.2d 45 (4th Cir.1963) (per curiam)). Thus, such argument, if applicable, is premature.

Moreover, as set forth in the FAC, Plaintiff's claims for appropriation and intentional infliction of emotional distress had not yet fully accrued when Defendant filed her State Court Action, as well as many of the underlying facts supporting Plaintiff's claims of computer fraud, conversion and theft. "[A] party need not assert a counterclaim if it has not matured at the time

10

of the pleading, even if it arises from the same transaction or occurrence." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276 (10th Cir. 2006).

Defendant's opposition lacks any basis in fact or law, and by this Motion Plaintiff also seeks leave to request fees incurred in filing this Motion.

## VI.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court grant his Motion, by filing the attached FAC.

In addition, Plaintiff respectfully requests this Court award such other relief as may be just under the circumstances, including but not limited to granting Plaintiff leave to file a motion for fees against Defendant.

Respectfully submitted this 21st day of April 2021.

*/s/Victoria Edwards*
Victoria Edwards, #39838
Jackson Kelly, PLLC
1099 18th Street, Suite 2150
Denver, CO 80202
Victoria.edwards@jacksonkelly.com
*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 21, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on the following parties:

Jeffrey M. Villanueva
Zachary M. Graupmann
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202
jeff@jmvpclaw.com
zac@jmvpclaw.com

*Attorneys for Defendant Evelyn Enciso*

Jacqueline V. Roeder
Tess Hand-Bender
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202

*Attorneys for Defendant Airbnb, Inc.*

                */s/ Tammy Harris*
                Tammy Harris

4852-2766-7430.v2