# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.** ~~————~~ 1:21-CV-00498-RM-KLM

**Jory Cass,**

     Plaintiff.

vs.

**Evelyn Enciso** ~~and Airbnb, Inc.,~~**,**

    ~~Defendants.~~

---

    Defendant.

---

## FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### (28 U.S.C. § 1331; Federal Question)

---

Plaintiff, Jory Cass ("**Plaintiff**"), for his First Amended Verified Complaint for Damages and Injunctive Relief ("~~Complaint~~**FAC**") against ~~Defendants~~Defendant Evelyn Enciso ("~~Enciso") and Airbnb, Inc. ("Airbnb") (collectively, "Defendants~~**Defendant**"), states as follows:

### THE PARTIES

1.    Plaintiff, Jory Cass, is an individual residing at 7583 Lamar Court, Arvada, Colorado 80003 (the "**Property**"). ~~Plaintiff is not engaged in military service of the United States and is engaged in a civilian occupation.~~

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

2.      Defendant, Evelyn Enciso, is an individual temporarily residing at the Property. Defendant is not engaged in military service of the United States, and upon information and belief is not currently employed.

3.Defendant Airbnb was incorporated on December 4, 1978, as a Colorado nonprofit corporation, with a principal place of business at 902 S. Prospect Street, Colorado Springs, Colorado.

## JURISDICTION AND VENUE

4.3.    Plaintiff brings this action for damages and immediate and permanent injunctive relief pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("**CFAA**"), and the value of the claims exceed $5,000.00 in aggregate value for less than a one-year period. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.4.    Plaintiff also brings interrelated state law claims including claims under the Colorado Consumer Protection Act ("**CCPA**"),of conversion, and civil theft, appropriation of likeness or name, and intentional infliction of emotional distress, over which this Court has supplemental jurisdiction.

6.5.    Venue is proper under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. All of the events alleged herein occurred within the State of Colorado, County of Jefferson. Also, the Property at issue is located within the County of Jefferson, Colorado.

## GENERAL ALLEGATIONS
## GENERAL ALLEGATIONS

### A.I.    Background Facts

7.6.    Plaintiff moved to Colorado to purchase and live at the Property in July of 2019.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

~~8.~~7.    Plaintiff is the owner in fee simple of the Property by way of a Warranty Deed dated July 24, 2019, wherein Plaintiff is named "Grantee". ~~Said Warranty Deed is attached~~Attached hereto ~~and incorporated herein~~ as **Exhibit ~~A~~.1** is a true and correct copy of the Warranty Deed.

~~9.~~8.    Shortly after purchasing the Property, Plaintiff began renting out a portion of the Property as an Airbnb rental~~,~~ in order to offset the costs of the mortgage.~~-~~ The bottom portion of the Property is separated from the main part of the house and has a separate entrance accessible by keypad lock.

~~10.~~9.   Defendant ~~Enciso also~~ lived at the Property, on and off, while she was in a relationship with Plaintiff. ~~Enciso~~Defendant was a house guest of Plaintiff's and did not contribute any monies to the real property or living expenses; she was not employed.

~~11.~~10.  Plaintiff and Defendant ~~Enciso~~ broke up between June and July 2020.

~~12.~~11.  On July 19, 2020, Defendant ~~Enciso~~ moved out of the Property.

12.    Subsequently, Defendant ~~Enciso~~ requested Plaintiff allow her to stay at the Property because she needed somewhere to stay~~—~~:



13.    Plaintiff allowed her to stay at the Property temporarily~~,~~ in the guest room of the main portion of the Property (not the rental unit).

4848-0972-8486.v1

Exhibit 2
Motion to Amend

14.     Between August 10, 2020 and August 18, 2020, Defendant ~~Enciso~~ repeatedly requested that she and Plaintiff get back together and made numerous advances toward Plaintiff. Each and every request to get back together was denied by Plaintiff.

15.     On August 19, 2020, Plaintiff returned to the Property ~~around~~at approximately 5:00 p.m., after staying the night at a friend's house the evening before.

16.     Upon entering the Property, Plaintiff saw that his bed was wrapped in plastic and all the internal components were missing. Upon belief, Defendant ~~Enciso~~ was preparing to steal or sell Plaintiff's bed, for which he paid $10,000.00.

17.     At that time, Plaintiff requested that Defendant ~~Enciso~~ leave the Property, but Defendant ~~Enciso~~ refused. Plaintiff called the non-emergency police.

18.     ~~Upon the police's arrival, Defendant Enciso~~Defendant scratched Plaintiff and tore his shirt during this incident. Upon the police officers' arrival, Plaintiff reported Defendant's actions. The police officers on the scene observed the scratches and torn shirt, and made note of same in the police reports.

19.     Plaintiff also told the police officers that Defendant was planning to steal his bed while he was away from the Property.

~~18.~~20.  However, Defendant misstated the truth of the matter, and Plaintiff was instead taken into custody for the night, charged with DV Criminal Mischief.

21.     Also due to Defendant's misstatements, Plaintiff was prevented from regaining full access to the Property until Defendant voluntarily left the Property approximately nine months later on April 1, 2021.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

22.    During this time, Defendant made no mortgage payments, tax payments or utility payments for the Property, and did not maintain the Property.

23.    Also, during this time, Defendant was uncooperative about allowing Plaintiff access to the Property. Despite numerous requests, Plaintiff was only allowed back unto his Property on two occasions during the nine months, via civil assists, on August 24, 2020 and February 2, 2021 ("**Civil Assist/s**"), and then only for a short time frame on both occasions.

24.    Upon belief, Defendant collected Plaintiff's mail received at the Property during the August 2020 to April 2021 time frame.

## II.    **Defendant Obtains Unauthorized Access to Plaintiff's Computers and Online Accounts**

### A.    **Facebook Account**

~~19.~~25.  While Plaintiff was in custody on August 19, 2020, Defendant ~~Enciso~~ accessed one of Plaintiff's two personal desktop computers at the Property, logged into his Facebook account, and changed Plaintiff's "Relationship Status" from "Single" to "Married"; she did this without authorization~~.~~:[1]

---

[1]    Defendant ~~Enciso~~ filed a Petition for Dissolution of Marriage in Colorado on or about August 24, 2020, claiming the parties were in a common law marriage.  Upon belief, ~~Enciso~~Defendant logged on to Plaintiff's Facebook account to change Plaintiff's relationship status~~,~~ in order to support her Petition.  However, the Petition was ~~quickly~~ dismissed on December ~~24~~, 2020, ~~per~~on stipulation~~, wherein Enciso stipulated~~ that "The Petitioner and Respondent hereby acknowledge and state that they are not married to one another under any statutory or common law."  *See* Joint Motion to Dismiss Petition for Dissolution of Marriage, a true and correct copy of which is attached hereto as **Exhibit ~~B~~**.  ~~The Court granted the dismissal on December 4, 2020.~~ **2.**

5

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

20. ~~Plaintiff did not return to the Property upon leaving jail the next day on August 20, 2020.~~



~~**Defendant Enciso's Unauthorized Access to Plaintiff's**~~



### ~~II.~~B.   **Airbnb Account**

~~21.~~26.  On August 21, 2020, Defendant ~~Enciso~~ again accessed one of Plaintiff's two ~~personal~~ desktop computers at the Property, ~~entered~~and without his knowledge or authorization, used his username and password to his work desktop computer to access his Airbnb, Inc.

6

**Exhibit 2**
**Motion to Amend**

("**Airbnb**") account ~~password,~~ and ~~accessed his Airbnb~~change the settings so that the account~~.~~ was no longer associated with him. Defendant changed all the personal information on Plaintiff's Airbnb account, including Plaintiff's name and his date of birth.

~~22.~~27.   ~~While doing so,~~ Defendant ~~Enciso~~also changed the email address on Plaintiff's Airbnb account to her own email address as shown in the following message:



~~23.~~28.   In addition, Defendant ~~Enciso then~~ changed the password and profile picture on the Airbnb account, ~~the profile picture, name,~~ and used Plaintiff's personal email address to verify the information.

~~24.~~29.   Defendant ~~Enciso then~~also changed the payout method on Plaintiff's Airbnb account shown as follows, to allow her to gain access to any and all proceeds being generated from the Airbnb rental:

7

**Exhibit 2**
**Motion to Amend**



25.30.  On August 22, 2020, Defendant Enciso also canceled a personal trip that Plaintiff had booked on his Airbnb account, and initiated a refund to attempt to collect the money that Plaintiff had paid towards the trip.

26.31.  SinceBetween August 22, 2020 and February 2021, Defendant Enciso has rented out the full Property under her own name, despite having no legal ownership in the Property. See Property's Airbnb Profile, attached hereto as **Exhibit C3**; *see also* Airbnb Host Profile of "Evelyn" attached hereto as **Exhibit D4**.

Exhibit 2
Motion to Amend

27.    While Defendant Airbnb required Defendant Enciso to "confirm her identity," Defendant Airbnb did not require her to confirm ownership or authority to rent out the Property.

28.32.  In order to rent out the Property, Defendant Encisoalso changed the passcode to the keypad lock of the Airbnb rental.  without Plaintiff's knowledge or authorization. Plaintiff discovered this fact when the cleaning service he hired to clean the Property attempted to enter the unit on September 1, 2020 but could not access the Property. Plaintiff had sent the cleaning service to be able to prepare the area for the new Airbnb guests, who were arriving the next day.

33.    Plaintiff was required to cancel the Airbnb showings he had lined up due to Defendant's actions.

29.34.  As shown by the Property Profile and Host Profile reviews, Defendant Enciso has rented out the Property to numerous guests from Augustfor profit. None of 2020 to presentthis profit was shared with Plaintiff.

30.    As shown by the Property Profile, Defendant Enciso is chargingcharged these guests $99.00 per night plus fees.

31.35.  Accordingly, Defendant Enciso ispresumably collectingcollected $99.00 per night less the three percent (3%) fee charged by Airbnb.

32.36.  Plaintiff has reported Defendant Enciso'sDefendant's activities to the police and Defendant Airbnb.  However, Airbnb has failed to take action. Airbnb has since restricted Plaintiff's and Defendant's access to prevent Defendant Enciso from renting out the Property via its website and/or removing the Property's Profile and/or Defendant Enciso's Host Profile.Airbnb platform.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

33.     Plaintiff has filed a Forcible Entry and Detainer ("**FED**") action against Defendant Enciso in state court, and that matter is concurrently pending.

34.     This action is brought to obtain damages resulting from this conduct and to stop and prevent immediate further injury to Plaintiff, unrelated to the FED action.

37.     On or about March 5, 2021, under Plaintiff's pending Motion for Temporary Restraining Order, Defendant, upon belief, used Plaintiff's stolen identification to try to regain access to Airbnb. Attached as **Exhibit 5** are true and correct copies of email communications Defendant received from Airbnb concerning the illegal use of his identification.

**C.      Ring Account**

38.     Most recently, on April 10, 2021, Defendant, without Plaintiff's knowledge or permission, attempted to access Plaintiff's Ring account. Defendant's attempt was blocked, and Plaintiff was notified of the breach. Attached as **Exhibit 6** is a true and correct copy of the email communication Plaintiff received from Ring concerning the access attempt.

**C.III.   Destruction of Plaintiff's Work Laptop Data**

35.39.  On August 24, 2020, Plaintiff was provided a "Civil Assist" to gather his belongings at the Property.

36.40.  When the police questioned Defendant Enciso about the whereabouts of Plaintiff's work laptop, Defendant Enciso told the officer Plaintiff had took it with him.

37.41.  Nevertheless, upon searching for the laptop, the police found it hidden on a shelf at the top of the closet of the bedroom Defendant Enciso was sleeping in underneath other items.

10

Exhibit 2
Motion to Amend

38.     Plaintiff also observed, during the "Civil Assist," that one of his two personal desktop computers was missing.[2]

~~39.~~42.  After the August 24, 2020 "Civil Assist," Plaintiff immediately went to a friend's apartment to try to log in to his laptop as he had a crucial work meeting the following morning.

~~40.~~43.  When Plaintiff went to log in, the name of the laptop was changed to "Everything," and the password was changed.

~~41.~~44.  Plaintiff was not able to access the laptop.

~~42.~~45.  Plaintiff contacted a computer technician who took the laptop over the weekend in an attempt to re-access it without the loss of confidential work files and software.

~~43.~~46.  After hours of attempting to back up the hard drive and restore the laptop, it was determined that Defendant ~~Enciso~~ had reset the laptop to factory settings and all the data was lost. This almost caused Plaintiff to lose his job.

44.     Accordingly, due to ~~Defendant Enciso's~~Defendant's actions, significant and irreplaceable data ~~on the~~and proprietary and confidential work information on Plaintiff's business laptop was destroyed.

~~45.~~47.  This action is brought to obtain damages resulting from this conduct and to stop and prevent further injury to Plaintiff.

**IV.      Plaintiff Denied Access to His Vehicle from August 24, 2020 to February 2, 2021.**

---

[2]     ~~On a recent, February 2, 2021 "Civil Assist," Plaintiff was able to retrieve one of his personal desktop computers; however, the second one remains missing.~~

4848-0972-8486.v1

Exhibit 2
Motion to Amend

48.     During the August 24 Civil Assist, Plaintiff attempted to collect his vehicle. Plaintiff paid for the vehicle, and title was solely in his name. Also, the car was his only mode of transportation.

49.     Defendant had her own car.

50.      However, when the police officer asked Defendant during this Civil Assist if it was okay if Plaintiff took his car, Defendant said Plaintiff could not take his car.

51.     As a result, Defendant was left with no mode of transportation from August 24, 2020 to February 2, 2021, when Defendant (upon pressure from Plaintiff's counsel), relinquished physical possession of the car to Plaintiff during the February 2 Civil Assist.

**V.     Plaintiff's Dogs Were Reported to Animal Control and Placed in a Shelter**

52.     In mid-September 2020, while Plaintiff was denied full access to the Property, Defendant reported Plaintiff's two dogs to animal control to have them placed in a shelter.

53.     The dogs were Plaintiff's Property.

54.     Defendant did not inform Plaintiff of her actions.

55.     It was only by chance that Plaintiff found out about Defendant's actions. Defendant told the animal shelter that the dogs were hers, but approximately one week after having the dogs placed in the shelter, came back to pick up only one of the two dogs. The shelter found this to be suspicious and looked for chipping devices on the dogs.

56.     With the chipping devices, the shelter was able to locate Plaintiff, the true owner of the dogs. It was at this time that Plaintiff was told the dogs were going to be adopted out within 24 hours. Plaintiff picked up the dogs from the shelter in September 2020.

12

Exhibit 2
Motion to Amend

57.     Plaintiff paid $2,000 per month to board the dogs, between September 2020 and April 2021, when he was finally able to regain physical possession of the Property.

**VI.     Items and Legal Documentation Stolen from the Property**

58.     During the August 24, 2020 and the February 2, 2021 Civil Assists, Plaintiff also determined some of his jewelry was missing, including his Apple Watch and his graduation ring totaling approximately $700.00.

59.     In addition, Plaintiff could not find his legal documents when he searched for them on February 2, 2021. Plaintiff kept his legal documents in a cabinet in his home office. Defendant denied any knowledge about the location of these documents.

60.     During the February 2, 2021 assist, Plaintiff also discovered Defendant had hidden his mail in a drawer underneath her belongings. Based on this activity, Defendant has reason to believe Defendant took Plaintiff's mail that had been delivered to the Property between August 2020 and February 2021, during which time Plaintiff did not have full access to the Property.

61.     Plaintiff subscribes to the United States Postal Service's daily "Informed Delivery" emails, which emails provide him with pictures of his mail coming to the Property. Defendant did not receive most of the mail that had been delivered to the Property for him during this time. Defendant never requested or allowed for Plaintiff to retrieve or open this mail, and the majority of mail was not left for Plaintiff at the Property when Plaintiff took physical possession again on April 1, 2021.

62.     Plaintiff regained access to the Property on April 1, 2021. At this time, Plaintiff noticed that the following items were stolen from the Property: a $10,000.00 Sleep Number Bed (the same bed that Plaintiff told the police officers on August 19, 2020 Defendant was planning to

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

steal); a $1,500.00 LG 60-inch TV with TV mount; a $350.00 road bike (worth $2,500.00-$3,000.00 new; it was the USPS Lance Armstrong bike); a $600.00 set of dumbbell weights and weight plates; a $300.00 luggage set; $250.00 dog crates; dog collars for walking and dog training collars totaling $250.00; a $75.00 portable Bluetooth charger; and a $120.00 Ring doorbell security camera. Plaintiff also confirmed at this time that his Apple Watch and other jewelry were in fact missing from the Property.

63.      Plaintiff paid for these stolen items. These items were at the Property when Plaintiff last had physical possession of the Property in August 2020.

64.      In addition, Plaintiff confirmed on his move back into the Property that Defendant had taken all his legal documents including his Social Security Card, his passport, his immigration papers, and upon belief, had made copies of his closing documents from the purchase of the Property. Plaintiff reported the stolen and tampered items to the police. A stolen identity report was also filed with the Federal Trade Commission.

65.      Despite requests to Defendant's counsel, Defendant has not returned any of these stolen items to Plaintiff; this is extremely disturbing to Plaintiff.

66.      Plaintiff is concerned that Defendant may continue to use his personal identifying information to unlawfully access other of Plaintiff's online accounts, and that Defendant will use Plaintiff's identity to run up his credit and cause him financial ruin.

67.      Plaintiff is also concerned that Defendant may illegally sell his information for a profit.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

68.     Plaintiff kept these important documents in a particular cabinet in his home office. It appears Defendant pulled all these documents from the cabinet, rummaged through them, and left a few items behind on Plaintiff's home office desk upon her departure on April 1, 2021.

46.69. This action is brought to obtain Plaintiff's legal documents and to prevent Defendant from causing any irreparable damage to Plaintiff's identity and financial and legal status.

## VII.    Damage to the Property

70.     The Property had also suffered major damage during Plaintiff' absence. The new stovetop, interior walls and perimeter fence of the Property were damaged, as was the roof to the Property's garage. Also, a downspout on the drainage for the Property had fallen off and was crushed.

71.     Upon belief, Defendant has in her possession legal documents that Plaintiff needs in order to make an insurance claim on this damage.

### COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
### (Defendant Enciso)

46.72.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.73.  The CFAA imposes civil liability for unauthorized access or damage to a "protected computer."

48.74.  Under the CFAA, a protected computer means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or

15

Exhibit 2
Motion to Amend

storage functions" which includes without limitation: desktop and laptop computers; cell phones; and websites, as long as those devices are "used in or affecting interstate or foreign commerce or communication[.]" 18 USC § 1030(e).

49.75.  The CFAA prohibits:

  a.A. intentionally accessing a protected computer, without authorization or by exceeding authorized access, and obtaining information from a protected computer under § 1030(a)(2)(C);

  b.B. knowingly and with intent to defraud accessing a protected computer, without authorization or by exceeding authorized access, to obtain anything of value or further a fraud under § 1030(a)(4);

  c.C. knowingly, intentionally, and without authorization causing the transmission of a program, information, code, or command to a protected computer, and causing damage under § 1030(a)(5)(A); and

  d.D. intentionally accessing a protected computer without authorization and, as a result of such conduct, recklessly causing damage and loss under §§ 1030(a)(5)(B) and 1030(a)(5)(C).

50.76.  For a claim under § 1030(a)(5)(A), a "transmission" can be accomplished either over the Internet or through a physical medium such as a compact disc.

51.77.  Pursuant to § 1030(c)(4)(A)(i)(I), this Court has jurisdiction to hear a civil claim under the CFAA if there is a loss to one or more persons during any one-year period aggregating at least $5,000.00 in value.

53. In August of 2020, Defendant Enciso accessed Plaintiff's work laptop, and one or more of his personal desktop computers, his email account, his Facebook account, and his Airbnb website account ("Devices") without authorization.

78. ("**Devices**"). Also, in March and April 2021, Defendant Enciso'sthrough the Devices and other improper means attempted to access Plaintiff's Airbnb account and his Ring account  without authorization (collectively, the "**Accounts**").

16

Exhibit 2
Motion to Amend

53.79.  Defendant's actions violated 18 USCU.S.C. § 1030(a)(2)(C) because she accessed the Devices and Accounts without authorization, and intentionally in order to obtain information and access to Plaintiff's Airbnb account and to convert that account, and proceeds deriving therefrom, to her own.

54.80.  Defendant Enciso'sDefendant's actions violated 18 USCU.S.C. § 1030(a)(4) because she accessed the Devices without authorization knowingly and with the intent to defraud Plaintiff of the rental value of the Property.

55.81.  Defendant Enciso'sDefendant's actions violated 18 USCU.S.C. § 1030(a)(5)(A) because she knowingly, intentionally, and without authorization accessed the Devices and transmitted a program, information, code, or command and caused damage to Plaintiff and irreparable damage to Plaintiff's work laptop computer and upon belief one or more of his personal desktop computers.

56.82.  Alternative to the paragraph immediately preceding, Defendant Enciso'sDefendant's actions violated 18 USCU.S.C. § 1030(a)(5)(B) and (C) because she intentionally accessed the Devices without authorization and, as a result of such conduct, recklessly caused damage to Plaintiff and irreparable damage to Plaintiff's work laptop and upon belief one or more of his personal desktop computers.

57.83.  Plaintiff has suffered a monetary loss of at least $5,000.00 in aggregate value.

58.84.  Plaintiff has also suffered costs of responding to Defendant Enciso'sDefendant's offense including without limitation: conducting a damage assessment; attempting to restore data, program, system, or information to its condition prior to her offense; and loss of revenues from interruption caused by her offense.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

## COUNT II - VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT
### (Defendants Enciso and Airbnb)

59.1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61.    The CCPA provides for a private right of action related to unfair and deceptive trade practices.

62.    To establish claim under CCPA, plaintiffs must show that: (1) defendant engaged in unfair or deceptive trade practice; (2) the challenged practice occurred in course of defendant's business, vocation, or occupation; (3) it significantly impacts public as actual or potential consumers of defendant's goods, services, or property; (4) plaintiff suffered injury in fact to legally protected interest; and (5) the challenged practice caused plaintiff's injury. *See, for e.g., Platt v. Winnebago Industries, Inc.*, 960 F.3d 1264, 1276 (10th Cir. 2020).

63.    Pursuant to C.R.S. § 6-1-105(1), "A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:

    (a)    Either knowingly or recklessly passes off goods, services, or property as those of another;

    (b)    Either knowingly or recklessly makes a false representation as to the source, sponsorship, approval, or certification of goods, services, or property;

    (c)    Either knowingly or recklessly makes a false representation as to affiliation, connection, or association with or certification by another;

    (u)    Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction;

    (z)    Refuses or fails to obtain all governmental licenses or permits required to perform the services or to sell the goods, food, services, or property as agreed to or contracted for with a consumer; and

    (kkk)    Either knowingly or recklessly engages in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice[.]"

64.    Pursuant to C.R.S. § 6-1-105(1)(a), (b), (c), (u), (z), and (kkk), Defendant Enciso has engaged in one or more deceptive trade practices by converting Plaintiff's Airbnb account into

18

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

her own; renting out the Property without any legal ownership or right; promoting/advertising the Property as a short term rental to unsuspecting Airbnb customers that may believe she has a legal right to possession of the Property; failing to disclose to Airbnb customers that she does not have ownership or a legal right to possession of the Property; failing to obtain the necessary licenses under local ordinances to legally rent the Property and to disclose such facts to Airbnb customers; and knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via Airbnb.

65.    Pursuant to C.R.S. § 6-1-105(1)(a), (b), (c), (u), (z), and (kkk), Defendant Airbnb has engaged in one or more deceptive trade practices by knowingly or recklessly allowing Defendant Enciso to list the Property on its website and to be rented by Airbnb customers while she has no legal ownership in the Property and no legal right to possess the Property; knowingly or recklessly allowing Defendant Enciso to list the Property on its website and to be rented by Airbnb customers without proper licensure; knowingly or recklessly failing to disclose to its customers that Defendant Enciso has no ownership in the Property, no legal right to possession, and has not obtained proper licensure in order to induce customers to rent the Property; knowingly or recklessly failing to require Defendant Enciso provide authority of Plaintiff, the fee simple owner of the Property, prior to allowing it to be rented by its customers via its website; and by knowingly or recklessly intruding on the possessory rights of Plaintiff by engaging in the unfair, unconscionable, deceptive, deliberately misleading, false, and/or fraudulent rental of the Property via its website.

19

Exhibit 2
Motion to Amend

66.     Particular to C.R.S. § 6-1-105(1)(z), the City of Arvada adopted Ordinance No. 4737 on or about August 3, 2020, which requires all short-term rentals to obtain an annual license from the City.

67.     Under Section 3(B) of Ordinance No. 4737, the application for a license is required to be signed by the "fee owner of record of the property to be licensed" or an individual "authorized in writing by the fee owner of record."

68.     Upon belief, Defendant Enciso neither applied for nor obtained the required licensure under Ordinance No. 4737 and therefore is operating the Airbnb illegally.

69.     The challenged practice has occurred in Defendants' business practices as they obtained money in return for rental of Plaintiff's Property.

70.     The challenged practice significantly impacts the public as actual customers have rented the Property and will potentially impact future customers as the Property is currently listed for rent.

71.     In addition to the licensure issue, there is a significant question of liability that could result from property, personal, or other injury or damage relating to Defendants' renting of the Property without Plaintiff's authorization and without the proper insurance in place.

72.     Plaintiff has suffered injury in fact due to his legal ownership of the Property and possessory rights flowing therefrom with actual damages to be determined at trial.

73.     Plaintiff's injury has been directly caused by Defendants' challenged practices.

74.     Pursuant to C.R.S. § 6-1-113, Plaintiff is entitled to: "(a)The greater of: (I) The amount of actual damages sustained, including prejudgment interest of either eight percent per year or at the rate provided in section 13-21-101, whichever is greater, from the date the claim

20

4848-0972-8486.v1

Exhibit 2
Motion to Amend

~~under this article 1 accrued; or (II) Five hundred dollars; or (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court."~~

85.      WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in his favor and against Defendant and award Plaintiff the following relief under 18 USC § 1030(g): i) an award of all compensatory and consequential damages in an amount to be proved at trial, including but not limited to recovery of the full amount of computer consultant fees expended for the purpose of determining whether Plaintiff's computer had been compromised, resources expended in fixing any problems caused by the unauthorized access, loss of business, loss of expected revenues, and loss of business goodwill costs suffered as a result of the unauthorized access; ii) an injunction preventing Defendant from using any computer from illegally accessing the Accounts or any other online account of Plaintiff; iii) for all prejudgment and post-judgment interest, statutory or monetary, as allowed by law, including but not limited to C.R.S. § 5-12-102; and iv) such other and further relief as this Court deems just and proper under the circumstances.

## COUNT I~~III~~ – IMMEDIATE INJUNCTIVE RELIEF
~~(Defendants Enciso and Airbnb)~~

~~74.~~86.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

~~75.~~87.  Pursuant to Federal Rule of Civil Procedure P. 65(b), entitled (b) Temporary Restraining Order ("**TRO**"):

> (1)      Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and

4848-0972-8486.v1

Exhibit 2
Motion to Amend

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

76.88.  A TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." *Charles Alan Wright, et al*., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update).

77.89.  A party seeking a temporary restraining order or preliminary injunction must show: (1) that the movant has a substantial likelihood of eventual success on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See, e.g., Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016); *Salba Corp., N.A. v. X Factor Holdings, LLC,* No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014).

90.    "[S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heidman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003).

78.91.  Plaintiff can show these elements is entitled to immediate temporary and injunctive relief because:

A.    Plaintiff can show he has a substantial likelihood of success under his CFAA claim, his theft claim, his conversion claim, his appropriation claim and his claim for intentional infliction of emotional distress against Defendant Enciso and his CCPA claims against Defendants related to rental of because her illegal actions of accessing Plaintiff's Devices and his

22

4848-0972-8486.v1

Exhibit 2
Motion to Amend

Accounts and attempting to access Plaintiff's Ring Account are documented and traceable through email communications and computer metadata, and Plaintiff can establish he has incurred damages of over $5,000 as a result of her actions.

a.B.    Plaintiff can also establish that Defendant tampered with his mail; stole his jewelry, including his Apple Watch and his graduation ring totaling approximately $700.00, his $10,000.00 Sleep Number Bed, his $1,500.00 LG 60-inch TV with TV mount; his $350.00 road bike (worth $2,500.00 to $3,000.00 new); his $600.00 set of dumbbell weights and weight plates; his $300.00 luggage set; his $250.00 dog crates, dog collars for walking and dog training collars totaling $250.00; his $75.00 portable Bluetooth charger; and his $120.00 Ring doorbell security camera. Plaintiff has proof that he made substantial payments towards these stolen items, and that these items were at the Property; when Plaintiff last had physical possession of the Property in August 2020.

B.    Plaintiff will suffer immediate and irreparable injury if Defendant Enciso is not retrained from renting out the Property and/or using the Property as a rental unit via Airbnb's website, and Defendant Airbnb has failed to take any steps to stop this unlawful activity, and therefore, must also be restrained;
the
C.    In addition, Plaintiff can also establish that Defendant took all his legal documents including his Social Security Card, his passport, and his immigration papers. Plaintiff kept these important documents in a particular cabinet in his home office, Defendant knew where they were, and these documents were no longer at the Property when Plaintiff regained access to the Property on April 1, 2021.

D.    Plaintiff will suffer immediate and irreparable injury if Defendant is not refrained from accessing Plaintiff's Accounts by using his stolen identifying information or otherwise. Also, if Defendant is not required to return Plaintiff's stolen items, and is not enjoined from using his personal identifying information for illegal purposes, Plaintiff is concerned that Defendant may continue to use his personal identifying information to unlawfully access other of Plaintiff's online accounts, and that Defendant will use Plaintiff's identity to run up his credit and cause him financial ruin. Plaintiff is also concerned that Defendant may illegally sell his information for a profit or use it for other illicit means.

c.E.    The damage that may caused to Plaintiff if an immediate injunction may cause to Plaintiffdoes not issue outweighs any potential damage to Defendant Enciso because sheDefendant has no legal ownership right in the

4848-0972-8486.v1

Exhibit 2
Motion to Amend

~~Property and no legal right to possession, and therefore, is unlawfully renting out the Property and obtaining money from doing so;~~Devices or the Account, or Plaintiff's personal identifying information or documentation; and

~~D.    there will be no damage to Airbnb as a result of the restraining order. If Plaintiff is successful in obtaining injunctive relief, Plaintiff can continue to rent out the Property under his name and provide the 3% fee to Defendant Airbnb; and~~
the

~~e.~~F.    The injunction is not adverse to public interest but promotes the standards set forth under ~~the CFAA, the CPPA, and Arvada City Ordinances~~ Plaintiff's claims to act within the bounds of the law even when using electronic means.

~~79.~~92.   ~~Contemporaneous with this Complaint,~~ Plaintiff ~~is filing his~~filed a Motion for ~~TRO~~Temporary Restraining Order and Preliminary Injunction, and a Reply thereto, which ~~sets~~set forth the above allegations in detail~~.~~ and are supported y affidavit.

93.    ~~Plaintiff requests this Court grant him TRO,~~Plaintiff respectfully requests this Court immediately grant him a temporary restraining order to i) enjoin Defendant from using his personal identifying information to gain access to his Accounts and to otherwise prevent Defendant from using, copying or selling Plaintiff's personal identifying information for improper means; ii) require that Defendant return Plaintiff's mail and legal documents, including his Social Security Card, his passport, his immigration papers and any other of Plaintiff's legal documents at the Property, and all copies thereof; iii) require that Defendant return all other stolen items from the Property immediately to ensure such items are not sold and later unrecoverable; and iv) enjoin Defendant from converting any monetary proceeds resulting from her improper actions of renting the Property and diverting monies from Plaintiff's bank account to her own.

~~80.~~94.  Plaintiff also respectfully requests the Court set a preliminary injunction hearing within fourteen (14) days, and thereafter, preliminarily enjoin ~~Defendants from allowing the~~

24

**Exhibit 2**
**Motion to Amend**

Property to be used as an Airbnb rental and from obtaining rental proceeds derived from the Property. Defendant from such future activity.

### COUNT IVIII - PERMANENT INJUNCTIVE RELIEF

95.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

96.     **(Defendants Enciso and Airbnb)** The purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Plaintiff's right to relief must be clear and unequivocal. *Id.*

81.1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82.97.  A party seeking permanent injunctive relief must establish: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980); *Mantle Ranches v. United States Park Serv.*, 945 F. Supp. 1449, 1452 (D. Colo. 1996).

83.98.  Plaintiff can show these elements is entitled to permanent injunctive relief because:

A.      Plaintiff can show he has a substantial likelihood of success under his CFAA claim, his theft claim, his conversion claim, his appropriation claim and his claim for intentional infliction of emotional distress against Defendant Enciso and his CCPA claims against Defendants related to rental of because her illegal actions of accessing Plaintiff's Devices and his

**Exhibit 2**
**Motion to Amend**

Accounts and attempting to access Plaintiff's Ring Account are documented and traceable through email communications and computer metadata, and Plaintiff can establish he has incurred damages of over $5,000 as a result of her actions.

a.B.    Plaintiff can also establish that Defendant tampered with his mail; stole his jewelry, including his Apple Watch and his graduation ring totaling approximately $700.00, his $10,000.00 Sleep Number Bed, his $1,500.00 LG 60-inch TV with TV mount; his $350.00 road bike (worth $2,500.00-$3,000.00 new); his $600.00 set of dumbbell weights and weight plates; his $300.00 luggage set; his $250.00 dog crates, dog collars for walking and dog training collars totaling $250.00; his $75.00 portable Bluetooth charger; and his $120.00 Ring doorbell security camera. Plaintiff has proof that he made substantial payments towards these stolen items, and that these items were at the Property: when Plaintiff last had physical possession of the Property in August 2020.

B.    Plaintiff will suffer immediate and irreparable injury if Defendant Enciso is not retrained from renting out the Property and/or using the Property as a rental unit via Airbnb's website, and Defendant Airbnb has failed to take any steps to stop this unlawful activity, and therefore, must also be restrained;
the

C.    In addition, Plaintiff can also establish that Defendant took all his legal documents including his Social Security Card, his passport, and his immigration papers.  Plaintiff kept these important documents in a particular cabinet in his home office, Defendant knew where they were, and these documents were no longer at the Property when Plaintiff regained access to the Property on April 1, 2021.

D.    Plaintiff will suffer immediate and irreparable injury if Defendant is not refrained from accessing Plaintiff's Accounts by using his stolen identifying information or otherwise. Also, if Defendant is not required to return Plaintiff's stolen items, and is not enjoined from using his personal identifying information for illegal purposes, Plaintiff is concerned that Defendant may continue to use his personal identifying information to unlawfully access other of Plaintiff's online accounts, and that Defendant will use Plaintiff's identity to run up his credit and cause him financial ruin. Plaintiff is also concerned that Defendant may illegally sell his information for a profit or use it for other illicit means.

c.E.    The damage that may caused to Plaintiff if an immediate injunction may cause to Plaintiffdoes not issue outweighs any potential damage to Defendant Enciso because sheDefendant has no legal ownership right in the

26

Exhibit 2
Motion to Amend

~~Property and no legal right to possession, and therefore, is unlawfully renting out~~Devices or the ~~Property and obtaining money from doing so;~~Account, or Plaintiff's personal identifying information or documentation; and

~~D.     there will be no damage to Airbnb as a result of the restraining order. If Plaintiff is successful in obtaining injunctive relief, Plaintiff can continue to rent out the Property under his name and provide the 3% fee to Defendant Airbnb; and~~
~~the~~

~~e.~~F.     The injunction is not adverse to public interest but promotes the standards set forth under ~~the CFAA, the CPPA, and Arvada City Ordinances~~Plaintiff's claims to act within the bounds of the law even when using electronic means.

~~84.~~99.  Plaintiff is thus entitled to have this Court i) enjoin Defendant ~~Enciso~~ from ~~further accessing~~using his personal identifying information to gain access to his Accounts and to otherwise prevent Defendant from using, copying or selling Plaintiff's ~~Airbnb account; to enjoin Defendants from taking~~personal identifying information for improper means; ii) require that Defendant return Plaintiff's mail and legal documents, including his Social Security Card, his passport, his immigration papers and any ~~further action to rent and collect rental proceeds~~other legal documents of Plaintiff located at the Property, and all copies thereof; iii) require that Defendant return all other stolen items from the Property ~~on Airbnb; and to otherwise prevent Defendants~~immediately to ensure such items are not sold and later unrecoverable; and iv) enjoin Defendant from ~~depleting or~~ converting any monetary proceeds resulting from ~~such improper rental activities~~her improper actions of renting the Property and diverting monies from Plaintiff's bank account to her own.

100.    Plaintiff requests this Court grant him a hearing to determine whether to put in place a permanent injunction, forever enjoining ~~Defendants from asserting control over the Property as an Airbnb rental and deriving rental proceeds therefrom~~Defendant from such future conduct.

## COUNT ~~VI~~V – CONVERSION

27

Exhibit 2
Motion to Amend

**(Defendant Enciso)**

86.1.Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

101.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

102.    ByPlaintiff is, and at all times pertinent to this cause was, entitled to the possession of the following (the "**Stolen Items**"):

A.  Rental proceeds derived from the Property;
B.  Plaintiff's mail;
C.  Plaintiff's jewelry, including his Apple Watch and his graduation ring totaling approximately $700.00;
D.  Plaintiff's $10,000.00 Sleep Number Bed;
E.  Plaintiff's $1,500.00 LG 60-inch TV with TV mount;
F.  Plaintiff's $350.00 road bike (worth $2,500.00-$3,000.00 new);
G.  Plaintiff's $600.00 set of dumbbell weights and weight plates;
H.  Plaintiff's $300.00 luggage set;
I.  Plaintiff's $250.00 dog crates, dog collars for walking and dog training collars totaling $250.00;
J.  Plaintiff's $75.00 portable Bluetooth charger;
K.  Plaintiff's $120.00 Ring doorbell security camera;
L.  Plaintiff's Social Security Card;
M.  Plaintiff's Passport;
N.  Plaintiff's Immigration papers;
O.  Copies of Plaintiff's Closing documents from the purchase of the Property

103.    These items were at Plaintiff's Property at the time they were stolen.

104.    Between August 2020 and April 1, 2021, Defendant converted the Stolen Items to her own use, which were the property of Plaintiff.

87.105.    Specifically, by ownership of the Property in fee simple, Plaintiff has a possessory interest in the rental proceeds derived from the Property. Also, Plaintiff paid for the Stolen Items or otherwise had proper legal ownership or possession over these items.

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

88.106.          By taking the Stolen Items and accessing Plaintiff's Devices and Accounts without authorization and changing Plaintiff's Airbnb account into her own, Defendant Enciso has takentook distinct and unauthorized action of dominion or control over Plaintiff's interestinterests.

89.     Defendant Enciso's actions have damaged Plaintiff.

107.     On April 2, 2021, Plaintiff demanded the return of the Stolen Items.

108.     Defendant failed to return the Stolen Items to Plaintiff and continues to refuse to return them. A copy of Plaintiff's written demand asking Defendant to return the Stolen Items is attached to this FAC as **Exhibit 7**.

90.109.          As a result of this failure, Plaintiff has and will continue to suffer losses and damage. In particular, Defendant Enciso has rented out the Property via Airbnb's website and collected rental income in an amount to be determined from the Property from August 2020 to presentat trial.

91.110.          In addition, Defendant Enciso'sDefendant's actions also caused Plaintiff to lose about $6,000.00 in bookings that had been arranged prior to August 21, 2020, but were cancelled because of Ms. Enciso'sDefendant's intentional act of changing the keypad passcode.

92.111.          Further, Defendant Enciso'sDefendant's actions have also caused a loss to Plaintiff related to future bookings in an amount to be determined at trial.

93.112.          PursuantWHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in his favor and against Defendant and claims the following damages: i) an award of all compensatory and consequential damages in an amount to be proved at trial; ii) costs of this action; iii) reasonable attorney fees; iv) all prejudgment and post-judgment interest, statutory or monetary, as allowed by law, including but not limited to C.R.S. § 5-12-102; v) pursuant to C.R.S. § 18-4-

4848-0972-8486.v1

Exhibit 2
Motion to Amend

405, ~~Plaintiff is also entitled to recover~~ two hundred dollars or three times the amount of the actual damages, whichever is greater~~, plus costs of the action and reasonable attorney fees~~; and vi) such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI - CIVIL THEFT

~~(Defendant Enciso)~~

~~94.~~113.        Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

~~95.~~114.        By ownership of the Property in fee simple, Plaintiff has a possessory interest in the rental proceeds derived from the Property.

~~96.~~115.        By accessing Plaintiff's Devices and Accounts without authorization and changing Plaintiff's Airbnb account into her own, Defendant ~~Enciso has taken~~took distinct and unauthorized action of dominion or control over Plaintiff's interest. ~~Upon information and belief,~~ Defendant ~~Enciso~~ has also ~~stolen a personal desktop computer belonging to Plaintiff.~~taken the Stolen Items.

~~97.~~116.        Defendant ~~Enciso~~ intends to deprive Plaintiff of his interests permanently.

98.      ~~Defendant Enciso's~~Defendant's actions have damaged Plaintiff.

~~99.~~117.        ~~In particular~~ Defendant has been forced to incur additional costs to replace certain of the stolen items. Also, Defendant ~~Enciso upon belief continues to use~~has already used Plaintiff's personal ~~desktop computer to improperly make~~identifying information to illegally gain access to Plaintiff's Accounts and convert his Airbnb ~~bookings; is currently renting out the Property via Airbnb's website; and is currently collecting rental income from the Property,~~ proceeds to her bank account, in an amount to be determined~~, dating back to August 2020 to present~~ at trial.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

100.118.        In addition, Defendant Enciso'sDefendant's actions also caused Plaintiff to lose about $6,000.00 in bookings that had been arranged prior to August 21, 2020, but were cancelled because of Ms. Enciso'sDefendant's intentional act of changing the keypad passcode.

101.119.        Further, Defendant Enciso'sDefendant's actions have also caused a loss to Plaintiff related to future bookings in an amount to be determined at trial.

120.        PursuantWHEREFORE, Plaintiff respectfully requests the Court to enter a judgment in his favor and against Defendant and claims the following damages: i) an award of all compensatory and consequential damages in an amount to be proved at trial; ii) costs of this action; iii) reasonable attorney fees; iv) all prejudgment and post-judgment interest, statutory or monetary, as allowed by law, including but not limited to C.R.S. § 5-12-102; v) pursuant to C.R.S. § 18–4–405, Plaintiff is also entitled to recover two hundred dollars or three times the amount of the actual damages, whichever is greater, plus costs of the action; and vi) such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VII - APPROPRIATION

121.        Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

122.        Plaintiff and Defendant dated on and off for 5 years.

123.        Plaintiff purchased the Property.

124.        Plaintiff kept his legal documents in a cabinet in his home office at the Property, including his passport, his Social Security Card, his citizenship documents, and his closing documents for the Property ("**Legal Documents**").

125.        Defendant knew where Plaintiff kept his Legal Documents.

31

Exhibit 2
Motion to Amend

126.    Plaintiff regularly received mail at the Property.

127.    Plaintiff subscribes to the United States Postal Service's daily "Informed Delivery" emails, which emails provide him with pictures of his mail coming to the Property.

128.    Between August 2020 and February 2021, Defendant had unfettered access to Plaintiff's mail, to the exclusion of Plaintiff.

129.    Plaintiff never provided Defendant written or oral consent to access or use his Legal Documents.

130.    Plaintiff never gave Defendant permission to collect or open his mail.

131.    Defendant used Plaintiff's name or likeness for Defendant's own purpose or benefit in the following ways:

a.   **Airbnb Account:**

  i.   On August 21, 2020, Defendant, without Plaintiff's knowledge or permission, used Plaintiff's name or likeness to access Plaintiff's Airbnb account, and completely changed all the personal information on Plaintiff's Airbnb account, including the payout method on Plaintiff's Airbnb account, to gain access to and convert any and all proceeds being generated from the Airbnb rental.

  ii.   On August 22, 2020, Defendant, without Plaintiff's knowledge or permission, used Plaintiff's name or likeness to access Plaintiff's Airbnb account, and canceled a personal trip that Plaintiff had booked on his Airbnb account, and initiated a refund to attempt to collect the money that Plaintiff had paid towards the trip.

  iii.   On or about March 5, 2021, Defendant, without Plaintiff's knowledge or permission, used Plaintiff's name or likeness, and upon belief his mail and/or stolen identification, to try to regain access to Plaintiff's Airbnb account and the Airbnb platform convert additional proceeds.

b.   **Ring Account**

  i.   On or about April 10, 2021, Defendant, without Plaintiff's knowledge or permission, used Plaintiff's name or likeness, and upon belief Plaintiff's mail and/or stolen identification, to access Plaintiff's Ring account.

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

132.    During the February 2, 2021 Civil Assist, Plaintiff discovered Defendant had hidden his mail in a drawer underneath her belongings. Based on this activity, Defendant has reason to believe Defendant has taken Plaintiff's mail that had been delivered to the Property between August 2020 and February 2021, and has used personal identifying information in that mail to improperly access Plaintiff's Accounts in his name or likeness.

133.    On January 14, 2021, Plaintiff demanded that Defendant immediately shut down her Airbnb account associated with the Property, and relinquish to Plaintiff any and all proceeds Defendant illegally converted to her account by using his likeness since August 19, 2020.

134.    On March 23, 2021, Plaintiff demanded that Defendant refrain from taking any of Plaintiff's Legal Documents or mail when vacating the property.

135.    On April 2, 2021, Plaintiff demanded that Defendant immediately return the stolen Legal Documents.

136.    To date, Defendant has not responded to any of these demands.

137.    At all times mentioned here and up to and including the present time, Plaintiff had a reasonable expectation of privacy in Plaintiff's personal and private information described above, including his mail and his Legal Documents.

138.    The use of Plaintiff's name or likeness was for Defendant's own purposes or benefit, in order to gain access to Plaintiff's Accounts and derive profit or benefit therefrom.

139.    The conduct of Defendant, in using Plaintiff's personal and private information as described herein, constituted a serious invasion of Plaintiff's right to privacy and such an egregious breach of social norms that Plaintiff was, as a result, subjected to extreme emotional distress and torment.

4848-0972-8486.v1

Exhibit 2
Motion to Amend

140.     As a proximate result of the conduct of Defendant, Plaintiff has suffered emotional distress, mental suffering, and invasion of Plaintiff's Constitutional right to privacy.

141.     The acts of Defendant were willful, wanton, and malicious and justify the awarding of exemplary and punitive damages.

142.     WHEREFORE, Plaintiff requests that this Court enter a judgment in Plaintiff's favor and against Defendant, and award to Plaintiff: i) actual damages, in an amount to be proved at trial; ii) treble damages, in an amount to be proved at trial; iii) any consequential damages resulting in the illegal use of sale of Plaintiff's Legal Documents; iv) Costs of this action; v) Reasonable attorney fees; vii) Pre-judgment and post-judgment interest on any award of damages; and viii) such other and further relief as this Court deems just and equitable.

143.     Plaintiff also intends to amend the FAC to bring a claim for exemplary damages under Count VII, which is allowed only after the exchange of initial disclosures pursuant to Rule 26 of the Colorado Rules of Civil Procedure.

**COUNT VIII – INENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

144.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

145.     As stated above, between August 2020 and April 2021, Defendant committed the following acts of extreme and outrageous conduct:

    A.  Illegally using Plaintiff's Devices and accessing Plaintiff's Accounts;
    B.  Illegally accessing Plaintiff's Facebook account in his name or likeness to change Plaintiff's status from single to married;
    C.  Illegally accessing Plaintiff's Airbnb account in his name or likeness to divert his Airbnb proceeds to her bank account;
    D.  Preventing Plaintiff from accessing his Airbnb account;
    E.  Causing Airbnb to shut down Plaintiff's account and preventing him from renting the Property on Airbnb;

34

**Exhibit 2**
**Motion to Amend**

F.  Preventing Plaintiff from accessing the Property for nine months, even though Plaintiff owned legal title to the Property and paid the full amount of the mortgage, taxes and utilities on the Property during all relevant times;

G.  Illegally accessing Plaintiff's Ring account in his name or likeness;

H.  Changing the keypad codes to Plaintiff's Property;

I.  Canceling a personal trip that Plaintiff had booked on his Airbnb account, and initiating a refund to attempt to collect the money that Plaintiff had paid towards the trip.

J.  Upon belief using Plaintiff's Legal Documents to try to regain access to Plaintiff's Accounts;

K.  Hiding and upon belief stealing Plaintiff's mail while he was unable to access his Property;

L.  Denying Plaintiff access to his car from August 24, 2020 to February 2, 2012, without any legal basis to do so;

M.  Placing Plaintiff's dogs in an animal shelter, and causing Plaintiff to incur boarding fees of $2,000 a month, from September 2020 to April 2021;

N.  Stealing Plaintiff's Legal Documents, including his passport, his Social Security Card and his immigration papers and refusing to return them;

O.  Causing significant damage to the Property; and

P.  Taking the Stolen Items from the Property and refusing to return them.

146.    The conduct of Defendant was extreme and outrageous, particularly where Defendant committed most of these acts while Plaintiff was prevented from having full access to the Property.

147.    Defendant acted recklessly or with the intent of causing Plaintiff severe emotional distress.

148.    Defendant's conduct did cause Plaintiff severe emotional distress, and did cause Plaintiff to suffer injuries and damages, including: mental distress and emotional anxiety, depression, and outpatient treatment and therapies, which have impaired Plaintiff in his ability to perform his demanding job of Chief Operating Officer with Pike Reporting and Great Plains Reporting, causing loss of revenue, as he has a pivotal impact on the sales and operations of the company. Due to the emotional distress Defendant caused Plaintiff, Plaintiff has lost time at work, visiting his general practitioner monthly. Plaintiff also sees a therapist weekly, sometimes during

35

Exhibit 2
Motion to Amend

the work week. These actions stand to jeopardize Plaintiff's job, causing further distress to Plaintiff.

~~102.~~149.    WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Defendant, and award to Plaintiff: i) such actual damages as this Court may deem just and proper; ii) costs of this action; iii) reasonable attorney fees; iv) expert witness fees; v) pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and vi) such other and further relief as this Court may deem appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants upon each claim for relief asserted herein, and that this Court:

1.    Award Plaintiff a money judgment against Defendant ~~Enciso~~under Counts I, IV, V, VI, VII and VIII, in an amount to be determined at trial ~~under Counts I, II, V, and VI~~;

2.    Issue a ~~TRO~~temporary restraining order (without hearing), preliminary injunction, and permanent injunction (upon hearing~~),~~): i) enjoining ~~Defendants from converting, transferring, assigning,~~ Defendant from using Plaintiff's personal identifying information to gain access to his Accounts and to otherwise prevent Defendant from using, copying or selling~~, depleting, destroying, dissipating, or disbursing~~ Plaintiff's personal identifying information for improper means; ii) ordering that Defendant return Plaintiff's mail and Legal Documents, including his Social Security Card, his passport, his immigration papers and any other of Plaintiff's ~~property by the marketing or renting of~~legal documents located at the Property, and all copies thereof; iii) ordering that Defendant return all other Stolen Items from the Property ~~as an Airbnb rental unit under Counts III and IV;~~immediately to ensure such items are not sold and later unrecoverable; and iv) enjoining Defendant from converting any monetary proceeds resulting from her improper actions of renting the Property and diverting monies from Plaintiff's bank account to her own.

3.    Award Plaintiff treble damages pursuant to C.R.S. § 18–4–405 under ~~Counts~~I, IV, V~~and,~~ VI, VII and VIII;

4.    Award Plaintiff his costs and reasonable attorneys' fees;

36

**Exhibit 2
Motion to Amend**

5.      Award Plaintiff pre and post-judgment interest ~~at the statutory rate~~statutory or monetary, as allowed by law, including but not limited to C.R.S. § 5-12-102; and

6.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this ~~19th~~16th day of ~~February~~April 2021.

/s/Victoria Edwards
Victoria Edwards, #39838
Jackson Kelly, PLLC
1099 18th Street, Suite 2150
Denver, CO 80202
Victoria.edwards@jacksonkelly.com
*ATTORNEY FOR PLAINTIFF*

4848-0972-8486.v1

Exhibit 2
Motion to Amend

~~Verification~~

~~I, Jory Cass, declare as follows:~~

~~1.     I am Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Colorado.~~

~~2.     I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;* and if called on to testify I would competently testify as to the matters stated herein.~~

~~3.     I have personal knowledge of Ms. Enciso's actions and Airbnb's inactions, including those set out in the foregoing *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF,* and if called on to testify I would competently testify as to the matters stated herein.~~

~~4.     I verify under penalty of perjury under the laws of the United States of America and Colorado that the factual statements in this *VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning Ms. Enciso's actions and Airbnb's inactions.~~

~~_____~~
~~Jory Cass~~

~~STATE OF COLORADO      )~~
~~_____ ) ss.~~
~~COUNTY OF _____      )~~

~~Subscribed and sworn to before me by Jory Cass remotely, this ___ day of February 2021 using audio visual technology.~~

~~_____~~
~~[SEAL]                Notary Public~~
~~My commission expires: _____~~

4848-0972-8486.v1

**Exhibit 2**
**Motion to Amend**

### Verification

I, Jory Cass, declare as follows:

1.       I am Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Colorado.

2.       I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;* and if called on to testify I would competently testify as to the matters stated herein.

3.       I have personal knowledge of Ms. Enciso's actions, including those set out in the foregoing *FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF,* and if called on to testify I would competently testify as to the matters stated herein.

4.       I verify under penalty of perjury under the laws of the United States of America and Colorado that the factual statements in this *FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning Ms. Enciso's actions.


_____
Jory Cass

STATE OF COLORADO_____)
_____) ss.
COUNTY OF_____)


_____Subscribed and sworn to before me by Jory Cass remotely, this 16th day of April, 2021 using audio visual technology.


_____
_____[SEAL]_____     Notary Public


My commission expires:_____

39

4848-0972-8486.v1

Exhibit 2
Motion to Amend

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on the following parties:

Jeffrey M. Villanueva
Zachary M. Graupmann
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202
jeff@jmvpclaw.com
zac@jmvpclaw.com

*Attorneys for Defendant Evelyn Enciso*

Jacqueline V. Roeder
Tess Hand-Bender
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202

*Attorneys for Defendant Airbnb, Inc.*

*/s/ Tammy Harris*
Tammy Harris

4848-0972-8486.v1

**Exhibit 2
Motion to Amend**