Case No. 1:21-cv-00498-RM-KLM   Document 34-4   filed 04/21/21   USDC Colorado   pg 1 of 3

§ 62:226. Counterclaim that is the subject of another..., 27A Fed. Proc., L. Ed....

# 27A Fed. Proc., L. Ed. § 62:226

**Federal Procedure, Lawyers Edition** | March 2021 Update

**Chapter 62. Pleadings and Motions**
Tracy Bateman, J.D.; Janet Elaine Curry, J.D.; John J. Dvorske, J.D., M.A.; Glenda K. Harnad, J.D.; Gary Hughes, J.D.; Rachel M. Kane, M.A., J.D.; John Kimpflen, J.D.; Anne E. Melley, J.D., LL.M., of the staff of the National Legal Research Group, Inc.; Jeffrey J. Shampo, J.D.; Theodore Wyman, J.D.; and Lisa A. Zakolski, J.D.

V. Counterclaims and Cross-Claims

B. Counterclaims

3. Compulsory Counterclaims

c. Exceptions to Compulsory Counterclaim Rule

(1) Exceptions Specifically Stated in Rule

## § 62:226. Counterclaim that is the subject of another pending action

Summary | Correlation Table | References

---

**West's Key Number Digest**

West's Key Number Digest, Federal Civil Procedure 🔑 775.1, 777

---

Under Fed. R. Civ. P. 13(a)(2)(A), a pleader need not state a claim that would otherwise be a compulsory counterclaim if at the time the action was commenced the claim was the subject of another pending action.[1] Therefore, when a cause of action that would otherwise of necessity be pleaded as a compulsory counterclaim under Rule 13(a) is also the subject of pending litigation in another court—litigation which has been commenced before the instant action—waiver will not result from the failure to counterclaim the cause of action in question and the failing party will not thereafter be barred by res judicata.[2] The purpose of this exception is to prevent one party from compelling another to try its cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned.[3] The exception eliminates the compulsory counterclaim requirement for both parties where the opposing party has started a state court action that was not removed to federal court before the other party commenced the federal action.[4]

A claim can be the "subject of another pending action" for purposes of Rule 13(a) even if it is presently before an administrative agency.[5] However, the "pending action" exception to Rule 13 applies only if the counterclaim was the subject of a pending action at the time when the federal suit was filed.[6] The exception does not apply to pending criminal actions.[7]

**Exhibit 4
Motion to Amend**

Case No. 1:21-cv-00498-RM-KLM   Document 34-4   filed 04/21/21   USDC Colorado   pg 2 of 3

§ 62:226. Counterclaim that is the subject of another..., 27A Fed. Proc., L. Ed....

The language of the "another pending action" exception found in Rule 13(a)(2) is permissive rather than mandatory.[8] This means that although a defendant is not required to plead a compulsory counterclaim where the claim is the subject of another pending action, the language of Rule 13 clearly gives the defendant the option to counterclaim if it so desires.[9]

Rule 13(a) does not define a compulsory counterclaim to be one that has never been asserted before, and a counterclaim therefore can still be treated as compulsory for purposes of establishing that it is within the court's ancillary jurisdiction, even though it is the subject of another pending action.[10] If, however, a pleading is filed in the second action, the pleader will be bound by the final judgment first entered in either action.[11]

**Practice Tip:**

When a case is brought in one federal district court, and the case so brought embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the plaintiff in the more recently commenced case from taking any further action in the prosecution of that case.[12] However, if a party asserts a claim in a state court that is a compulsory counterclaim in a pending federal action, the federal court cannot enjoin the prosecution of the state proceeding.[13] If one sued in state court removes the action to federal court, sues its state court adversary in another federal court on a claim which is a compulsory counterclaim in the first suit, and asserts the compulsory counterclaim in the first suit, the second federal court will stay the suit before it pending the outcome of the first suit.[14] If one sued in federal court sues its adversary in another federal court on a claim that is a compulsory counterclaim in the first suit, the court in the second case may dismiss the complaint with leave to assert it as a counterclaim in the first suit within a stated time.[15]

Westlaw. © 2021 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| 1 | Fed. R. Civ. P. 13(a)(2)(A). |
| 2 | **Ninth Circuit** |
| | Union Paving Co. v. Downer Corp., 276 F.2d 468 (9th Cir. 1960) |
| 3 | **Ninth Circuit** |
| | Union Paving Co. v. Downer Corp., 276 F.2d 468 (9th Cir. 1960) |
| | **Eleventh Circuit** |
| | Opinion Corp. v. Roca Labs, Inc., 312 F.R.D. 663 (M.D. Fla. 2015) |
| 4 | **Second Circuit** |
| | Trimmel v. General Elec. Credit Corp., 555 F. Supp. 264 (D. Conn. 1983) |
| | **Eighth Circuit** |
| | Hall v. Kieffer, 19 F.R.D. 85 (D.N.D. 1956) |
| 5 | **D.C. Circuit** |
| | Bethlehem Steel Co. v. Lykes Bros. S. S. Co., 35 F.R.D. 344, 8 Fed. R. Serv. 2d 13A.13, Case 1 (D. D.C. 1964) (counterclaim was presently before the Maritime Board and therefore was the "subject of another pending action" for purposes of Rule 13) |
| 6 | **Tenth Circuit** |
| | Brown v. McCormick, 608 F.2d 410 (10th Cir. 1979) |

**Exhibit 4**
**Motion to Amend**

Case No. 1:21-cv-00498-RM-KLM   Document 34-4   filed 04/21/21   USDC Colorado   pg 3 of 3

§ 62:226. Counterclaim that is the subject of another..., 27A Fed. Proc., L. Ed....

| | | |
|---|---|---|
| 7 | **D.C. Circuit** | |
| | Woodward v. DiPalermo, 98 F.R.D. 621, 36 Fed. R. Serv. 2d 576 (D.D.C. 1983) | |
| 8 | **Ninth Circuit** | |
| | Union Paving Co. v. Downer Corp., 276 F.2d 468 (9th Cir. 1960) | |
| | **Eleventh Circuit** | |
| | Hastings v. Seattle-First Nat. Bank, 40 Fed. R. Serv. 2d 669 (M.D. Fla. 1984) | |
| 9 | **Fourth Circuit** | |
| | U.S. v. American Druggists' Ins. Co., 627 F. Supp. 315 (D. Md. 1985) | |
| | **Fifth Circuit** | |
| | H. L. Peterson Co. v. Applewhite, 383 F.2d 430, 11 Fed. R. Serv. 2d 154 (5th Cir. 1967) | |
| | **Ninth Circuit** | |
| | Union Paving Co. v. Downer Corp., 276 F.2d 468 (9th Cir. 1960) | |
| | **Tenth Circuit** | |
| | Foxfield Villa Associates, LLC v. Regnier, 918 F. Supp. 2d 1192 (D. Kan. 2013) | |
| 10 | **Eighth Circuit** | |
| | Fox Chemical Co. v. Amsoil, Inc., 445 F. Supp. 1355 (D. Minn. 1978) | |
| 11 | **Eleventh Circuit** | |
| | Hastings v. Seattle-First Nat. Bank, 40 Fed. R. Serv. 2d 669 (M.D. Fla. 1984) | |
| 12 | **Second Circuit** | |
| | National Equipment Rental, Limited v. Fowler, 287 F.2d 43, 4 Fed. R. Serv. 2d 167 (2d Cir. 1961) | |
| 13 | **Third Circuit** | |
| | Fantecchi v. Gross, 158 F. Supp. 684 (E.D. Pa. 1957) | |
| | **Eighth Circuit** | |
| | Carter v. Bedford, 420 F. Supp. 927, 24 Fed. R. Serv. 2d 1019 (W.D. Ark. 1976) | |
| 14 | **Third Circuit** | |
| | Leonard F. Fellman Co. v. Smith-Corona Marchant Inc., 27 F.R.D. 263, 4 Fed. R. Serv. 2d 174 (E.D. Pa. 1961) | |
| 15 | **Second Circuit** | |
| | Jepco Corp. v. Greene, 171 F. Supp. 66, 2 Fed. R. Serv. 2d 129 (S.D. N.Y. 1959) | |
| | **D.C. Circuit** | |
| | Pumpelly v. Cook, 106 F.R.D. 238, 1 Fed. R. Serv. 3d 1407, 81 A.L.R. Fed. 233 (D.D.C. 1985) | |

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.