IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00498-RM-KLM

JORY CASS

            Plaintiff,

v.

EVELYN ENCISO

            Defendant.

_____

**SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Date of Conference: May 25, 2021 at 9:30 a.m.

Appearances of Counsel:

Victoria E. Edwards, Esq.
JACKSON KELLY, PLLC
1099 18th Ave., Suite 2150
Denver, CO 80202
Telephone: (303) 390-0003
Counsel for Plaintiff

Zachary M. Graupmann, Esq.
Jeffrey Villanueva, Esq.
1755 Blake Street, Suite 225
Denver, CO 80202
Telephone: (303) 295-7525
Counsel for Defendant

1

## 2.  STATEMENT OF JURISDICTION

The Court has jurisdiction of this matter under 28 U.S.C. § 1331, federal question.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**:

The Amended Complaint (Doc No. 38) asserts claims against the defendant for Violation of the Computer Fraud and Abuse Act; Conversion; Civil Theft; Appropriation; and Intentional Infliction of Emotional Distress.

Defendant, without Plaintiff's authority, obtained access to one or more of Plaintiff's computers.

Defendant's illegal access to Plaintiff's work laptop resulted in the loss of Plaintiff's proprietary work data, and almost resulted in Plaintiff losing his job.

Defendant also without permission or authority accessed one or both of Plaintiff's two desktop computers at the Property (7583 Lamar Court, Arvada, Colorado 80003) in order to gain access to Plaintiff's online accounts, including Airbnb, Inc., Facebook and Ring.  With access to Plaintiff's Airbnb account, Defendant diverted Airbnb rental proceeds from Plaintiff's bank account to her own.

In addition, upon Defendant's departure from the Property on April 1, 2021, Defendant, without authority or permission, took the following items from the Property:

      i.      $10,000.00 Sleep Number Bed

      ii.     $1,500.00 LG 60-inch TV with TV mount

4844-5825-7642.v1

    iii.    $350.00 road bike (worth $2,500.00-$3,000.00 new; the USPS Lance Armstrong bike)

    iv.    $600.00 set of dumbbell weights and weight plates

    v.    $300.00 luggage set

    vi.    $250.00 dog crates

    vii.    dog collars for walking and dog training collars totaling $250.00

    viii.    $75.00 portable Bluetooth charger

    ix.    $120.00 Ring doorbell security camera

    x.    Apple Watch and Plaintiff's graduation ring totaling approximately $700.00

Plaintiff also took from the Property upon her departure Plaintiff's Social Security Card, his passport, his immigration papers, and upon belief, made copies of Plaintiff's closing documents from the purchase of the Property. Despite request, Defendant refuses to return these items and denies she has them, although she was the only other person in sole possession of the Property when Plaintiff was prevented from accessing the Property between August 2020 and March 2021.

Defendant's additional tortious conduct includes the following actions against Plaintiff, which actions (in addition to the above actions) have caused him extreme emotional distress:

    i.    Illegally accessing Plaintiff's Facebook account in his name or likeness to change Plaintiff's status from single to married;

4844-5825-7642.v1

ii.   Preventing Plaintiff from accessing his Airbnb account;

iii.   Causing Airbnb to shut down Plaintiff's account and preventing him from renting the Property on Airbnb;

iv.   Preventing Plaintiff from accessing the Property for nine months, even though Plaintiff owned legal title to the Property and paid the full amount of the mortgage, taxes and utilities on the Property during all relevant times;

v.   Changing the keypad codes to Plaintiff's Property, causing Plaintiff to lose monies for scheduled Airbnb stays at the Property;

vi.   Canceling a personal trip that Plaintiff had booked on his Airbnb account, and initiating a refund to attempt to collect the money that Plaintiff had paid towards the trip;

vii.   Upon belief using Plaintiff's Legal Documents to try to regain access to Plaintiff's Accounts;

viii.   Hiding and upon belief stealing Plaintiff's mail while he was unable to access his Property;

ix.   Denying Plaintiff access to his vehicle from August 24, 2020 to February 2, 2021, without any legal basis to do so;

x.   Placing Plaintiff's dogs in an animal shelter, and causing Plaintiff to incur boarding fees of $2,000 a month, from September 2020 to April 2021; and

       xi.    Allowing significant damage to the Property between August 2020 and March 2021.

**b. Defendant**

    **i. Defenses:**

Defendant claims that this action should be dismissed or stayed because these claims need to be heard in state court in the first filed action. Insofar as this court requires an answer or counterclaims on behalf of Defendant, Defendant asserts:

The parties lived together for approximately five (5) years, first in Florida and then in Colorado. They purchased a house together which Plaintiff caused Defendant to quitclaim her interest to him for no consideration. She also contributed half the down payment cost for the Tesla motor vehicle, which Plaintiff caused to be titled solely in his name. The Parties were partners in the purchases. Defendant remained in the house because of a mandatory protection order issued for Defendant against Plaintiff following Plaintiff's arrest for domestic violence enhanced criminal mischief, to which he has plead guilty.

Defendant has never had access to any of Plaintiff's computers. Defendant paid for and owns the Ring Doorbell security camera. Plaintiff made a Ring account during the relationship. Defendant has never accessed Plaintiff's Facebook account. Plaintiff never cancelled any trips on the Airbnb, Inc. platform.

Defendant purchased the Sleep Number Bed, the 60-inch LG TV was bought together and only partially works. Plaintiff claims ownership of a women's bike,

and he maintains possession of the dumbbells, the dog crates, collars and leashes, the portable Bluetooth speaker, the Apple watch and the graduation ring.

Defendant has never had possession of any Social Security Card, passport, or immigration papers, nor has any knowledge of their whereabouts.

Plaintiff had no access to the Property because of a mandatory protection order placed against Plaintiff to protect the Defendant.  Defendant never changed the keypad codes.

Defendant helped with mortgage payments for the duration of the relationship and paid two half-mortgage payments to her attorney's trust account for the months February and March of 2021.  Plaintiff refused to accept these payments as mortgage payments.  Further, Defendant has an unjust enrichment claim for her contributions in purchasing the Tesla motor vehicle.

Defendant never placed the two dogs in shelter care, and actually tried to retrieve one of the dogs.

Defendant received Plaintiff's mail at the Property from October 2020 to April 2021 and left the mail at the Property upon vacating the Property.

**ii.  Claims:**

Defendant asserts counterclaims against the Plaintiff of breach of fiduciary duty, breach of partnership agreement, breach of implied contract, promissory estoppel, declaratory judgment, unjust enrichment, assault, battery, and

6

constructive trust.  Further, Defendant asserts a claim of damages resulting from a dog bite.

These claims, except for the damages relating to the dog bite have been asserted in the Complaint in the Jefferson County District Court case.  Upon the Jefferson County District Court ruling on Mr. Cass's Motion to Dismiss, Defendant Enciso plans to amend the Complaint in Jefferson County District Court.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a.      Shortly after purchase of the Property, the bottom portion was used as an Airbnb rental in order to offset the costs of the mortgage.

b.      The bottom, rental portion of the Property is separated from the main part of the house and has a separate entrance accessible by keypad lock.

c.      Plaintiff and Defendant broke up in July 2020.

d.      Defendant was allowed access to the Property on two occasions during the nine months via civil assists, on August 24, 2020 and February 2, 2021.

e.      Defendant collected Plaintiff's mail received at the Property from approximately October 2020 to April 2021.

f.      Between approximately October 2020 and February 2021, Defendant rented out the Airbnb section of the Property.

g.      Between approximately October 2020 and February 2021, Defendant rented out the Airbnb section of the Property to numerous guests for profit. None of this profit was shared

7

4844-5825-7642.v1

with Plaintiff.

h.      Between approximately October 2020 and February 2021, Defendant charged

Airbnb guests $99.00 per night plus fees.

i.      Since March 2021, Airbnb has since restricted Plaintiff's and Defendant's access

to the Airbnb platform.

j.      Defendant had her own car.

k.      Defendant relinquished physical possession of the Tesla to Plaintiff during the

February 2 Civil Assist upon agreement that Plaintiff does not sell the vehicle until the parties'

disputes have been resolved.

l.      Defendant vacated the Property on April 1, 2021 upon agreement by the Parties.

m.      Plaintiff regained access to the Property on April 1, 2021.

## 5.  COMPUTATION OF DAMAGES

a.      Plaintiff, Jory Cass, has incurred the following economic and noneconomic

damages:

i.      $5,000.00 in actual and consequential damages in costs of responding to

Defendant's computer fraud offense including without limitation:

conducting a damage assessment; attempting to restore data, program,

system, or information to its condition prior to Defendant's offense; and

loss of revenues from interruption caused by Defendant's offense.

ii.      $15,000.00 (approximately) in actual damages for items that Defendant

took from the Property: i) jewelry including Plaintiff's Apple Watch and

8

graduation ring totaling approximately $700.00, ii) a $10,000.00 Sleep Number Bed; iii) a $1,500.00 LG 60-inch TV with TV mount; iv) a $350.00 road bike (worth $2,500.00 to $3,000.00 new); v) a 600.00 set of dumbbell weights and weight plates; vi) a $300.00 luggage set; vii) $250.00 in dog crates, dog collars for walking and dog training collars; viii) a $75.00 portable Bluetooth charger; and ix) a $120.00 Ring doorbell security camera.

iii.   $2,500.00 in August 2020 Airbnb bookings that Plaintiff was required to cancel due to Defendant changing the Airbnb rental keypad passcode.

iv.   $17,500.00 approximately in loss of income on the Airbnb rental ($2,500.00 a month, from September 2020 to March 2021, based on prior rental history).

v.   $3,000.00 in car rental fees when Defendant refused to allow Plaintiff to pick up his vehicle, forcing Plaintiff to pay for Ubers.

vi.   $4,500.00 in car expenses during the period of time that Plaintiff did not have access to his vehicle.

vii.   $9,600.00 in lost car rental income from Turo (based on Plaintiff previously renting his car 3 days a week).

viii.   $500.00 in actual costs to date in treatment for severe emotional distress caused by Defendant.

ix.   Any consequential or special damages resulting in the illegal use or sale of Plaintiff's Legal Documents, to be proven at trial.

x.   Expert witness fees incurred in proving Plaintiff's claim for intentional infliction of emotional distress.

xi.   Treble damages, in an amount to be proved at trial.

xii.   Costs of this action, which continue to accrue.

xiii.   Reasonable attorney fees, which continue to accrue.

xiv.   All prejudgment and post-judgment interest, statutory or monetary, as allowed by law, including but not limited to C.R.S. § 5-12-102.

xv.   Pursuant to C.R.S. § 18–4–405, two hundred dollars or three times the amount of the actual damages, whichever is greater.

xvi.   Noneconomic damages resulting from emotional distress caused by Defendant, to be determined by an expert at trial.

b.   Defendant, Evelyn Enciso, has incurred the following economic and noneconomic damages:

Defendant asserts the following damages from the above claims:

i.   $12,000 of separate property for the down payment of the Florida residence.

ii.   Half of the net proceeds in selling the Florida residence, or approximately $42,500.

   iii.   $20,000 in actual damages as a separate property component for Ms. Enciso's purchase of furniture, appliances, and other household repairs.

   iv.   $5,000 for Ms. Enciso's separate property contribution to the purchase of the Tesla motor vehicle.

   v.   $4,400 in medical bills incurred from a dog bite by one of the dogs, Baluque.

   vi.   Half of the equity, or a one-half ownership interest in the Colorado Property in dispute.

   vii.   Damages to be determined at trial for the claims of assault and battery.

   viii.   Costs of this action, which continue to accrue.

   ix.   Reasonable attorney fees, which continue to accrue.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting: May 3, 2021

b.   Names of each participant and party he/she represented.

- Victoria Edwards, Plaintiff, Jory Cass

- Zachary Graupmann, Defendant, Evelyn Enciso

- Jeffrey Villanueva, Defendant, Evelyn Enciso

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

- Plaintiff Jory Cass will make his initial disclosures on May 17, 2021, 14 days after Rule 26(f) meeting.

- Defendant Evelyn Enciso objects to making any initial disclosures until

her Motion to Dismiss or Stay Proceedings, filed May 10, 2021 has been determined by this Court.  Furthermore, whatever disclosures Ms. Enciso will make will be identical to those to be made in the state court case.

- Plaintiff objects to Defendant's open-ended deadline because:

  - The instructions on the form scheduling order advise that "[i]f a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission." However, Defendant does not provide good cause for the request, she merely "objects" to making any initial disclosures until this Court has ruled on her Motion to Dismiss or Stay Proceedings;

  - The Court's Instructions for Preparation of Scheduling Order dated March 12, 2021 and the Court's Order Setting Scheduling/Planning Conference dated March 12, 2021 state the parties "shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1)" and "the disclosures required by Fed. R. Civ. P. 26(a)(1) shall be exchanged at or within 14 days after the rule 26(f) meeting". This obligation is thus not discretionary;

12

   o The purpose of early disclosures is to assist the parties in evaluating their positions early on in a case and fostering early settlement. Providing timely disclosures serves this purpose, whereas delaying disclosures could only serve to subvert this purpose. For example, Defendant's counsel for the past 4 months has referred to a voice recording that he allegedly has of my client admitting that he owes Defendant $20,000. However, despite many requests, Defendant's counsel has refused to generate this recording.  Such information could serve to possibly resolve this matter, and it is inconceivable why Defendant's counsel would refuse to provide this recording in early disclosures (other than maybe to artificially affect any proposed settlement between the parties);

   o Holding the parties to the May 17 deadline will enable the parties to discuss any potential issues with disclosures at the upcoming Scheduling Conference.

 d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

   • None

 e. Statement concerning any agreements to conduct informal discovery:

   • Plaintiff has subpoenaed non-party Airbnb for documents in the

13

state court case, and Plaintiff seeks to move forward with the subpoena per agreement of Defendant. Defendant refuses to enter into any agreement and has filed a motion to quash in the state court action. Plaintiff believes early consideration of the Airbnb information could lead to early resolution of this matter, and that Defendant's opposition to this subpoena as premature is improper and only serves to encourage protracted litigation.

- Plaintiff would also like to move forward with issuing other document-only subpoenas to non-parties such as Facebook, in order to gather information concerning Defendant's defenses. The subpoena to Facebook will likely take some time to effectuate, and it is Plaintiff's position that early disclosures of such key information will facilitate early settlement in this matter and avoid protracted litigation.

- Defendant believes that discovery should not commence until her Motion to Dismiss is determined as it would be a waste of time and money should the Court grant her motion.

f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

- The parties have agreed to use a Unified numbering system.

- Depositions will be held in person unless a party or their attorney objects.  If there is an objection, the deposition will be conducted by

14

Zoom.

- As stated above, Defendant refuses to work with Plaintiff in obtaining early disclosure of the Airbnb documents related to Plaintiff's claims in this case. Plaintiff seeks permission from the Court at the Conference to conduct early disclosures into relevant activity on Airbnb. Plaintiff also seeks permission to issue other document-only subpoenas to non-parties such as Facebook.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

- The parties do not anticipate that their claims or defenses will involve extensive electronically-stored information.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

- Plaintiff has made three settlement offers to Plaintiff, none of which have been accepted.

- Defendant made one settlement offer and one counteroffer to Plaintiff, neither of which have been accepted.

- Plaintiff does not believe there is any possibility of settlement.

- Defendant contends there is still possibility for a settlement.

4844-5825-7642.v1

## 7. CONSENT

All parties     ☐ [have]     x    [have not] consented to the exercise of jurisdiction of

a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers
of depositions or interrogatories contained in the Federal Rules:

- No modifications are sought, other than parties may seek

  production of documents by third-persons or entities and

  such are not to be counted within any presumptive limit as

  to depositions.

- The number of Subpoenas to produce is currently unknown.

b.    Limitations which any party proposes on the length of depositions:

- None, the parties agree to seven (7) hours per deposition.

c.    Limitations which any party proposes on the number of requests for production
and/or requests for admission:

- None, the parties agree that the presumptive 25 requests

  shall apply.

d.    Other Planning or Discovery Orders:

- No opposed discovery motions are to be filed with the Court until the

  parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable

  to reach agreement on a discovery issue after conferring, they shall

  arrange a telephone hearing with Magistrate Judge Mix regarding the

16

issue. Both of these steps must be completed before any contested

discovery motions are filed with the Court.

e.      Deadline for service of Interrogatories, Requests for Production of Documents
and/or Admissions:

- 35 days before the discovery cutoff deadline

e.      Other Planning or Discovery Orders:

- Plaintiff proposes that both parties be required to complete

mandatory disclosures by May 17, 2021.

- Plaintiff proposes that Plaintiff be permitted to move forward with

review of subpoenaed documents from Airbnb, and that he be

permitted to issue additional document-only subpoenas and to

otherwise gather information from non-parties. Defendant has

argued in the state court action that document-only subpoenas to

non-parties violate Rule 26 as an impermissible form of early

discovery. Plaintiff contends such subpoenas do not constitute

discovery and are not governed by the restriction on discovery prior

to the at-issue date.

- Plaintiff's counsel will be out of town/state in June 2020 and

unavailable for any proposed hearings during that time.

- Defendant believes that discovery should not commence until her

Motion to Dismiss is determined as it would be a waste of time and

money should the Court grant her motion.

17

4844-5825-7642.v1

### 9.  CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings:

- July 9, 2021

b.     Discovery Cut-off:

- Six (6) months after the case is at-issue

c.     Dispositive Motion Deadline:

- Defendant filed her Motion to Dismiss or Stay Proceedings on May 10, 2021.

- Plaintiff responded to Defendant's Motion to Dismiss or Stay Proceedings on May 14, 2021, making Defendant's reply due on or before May 21, 2021.

- The parties agree that the Dispositive motion deadline should be 30 days after the discovery cut-off date.

d.     Expert Witness Disclosure

1.     The parties shall identify anticipated fields of expert testimony, if any:

- Plaintiff anticipates retaining a damage expert to address damages alleged under his claim for intentional infliction of emotional distress.

- Plaintiff may also retain a computer forensics expert to support his claim under the Violation of the Computer Fraud and Abuse Act.

18

- Defendant does not anticipate retaining an expert, but she reserves the right to designate experts 30 days after the discovery cutoff.

2.   Limitations which the parties propose on the use or number of expert witnesses:

- The parties agree to designate two experts per side.  However, should Defendant decide to bring her state court defenses and counterclaims in this case, Plaintiff reserves the right to retain an expert to address her defenses and claims.

3.   The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) 30 days after discovery cutoff, on or before _____, 20___.

4.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) 30 days after the expert report is due, on or before ___,20___.

f.   Identification of Persons to Be Deposed:

- Evelyn Enciso – up to 7 hours, to be completed on or before the discovery cut- off date.

- Airbnb, Inc. – up to 7 hours, to be completed on or before the discovery cut- off date.

- Facebook, Inc. – up to 7 hours, to be completed on or before the discovery cut- off date.

19

4844-5825-7642.v1

- Jory Cass – up to 7 hours, to be completed on or before the discovery cut- off date.

- Should Defendant choose to allege her state court defenses and counterclaims in this lawsuit, Plaintiff reserves the right to depose additional non-parties.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

- Deadline for Rule 26a disclosures.

- Review of Airbnb, Inc. documents already subpoenaed in the state court action.

- Early discovery and subpoenas to non-parties such as Facebook.

- Admission to undisputed facts that are judicially noticeable, such as the Warranty Deed to the Property and the title to the Tesla.

- Admission that the mandatory protection order put in place against Plaintiff Cass is judicially noticeable.

4844-5825-7642.v1

- Defendant asserts there are disputes as to ownership of the Property and the Tesla.

b.  Anticipated length of trial and whether trial is to the court or jury.

- Plaintiff seeks a 3-day trial to the Court.
- Defendant seeks a 5-day trial to a jury.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

- None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

4844-5825-7642.v1

DATED at Denver, Colorado, this _____ day of _____, 20__21__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Victoria E. Edwards*                  */s/ Jeffrey M. Villanueva*
_____                  _____
Victoria E. Edwards                        Jeffrey M. Villanueva
JACKSON KELLY, PLLC                        Zachary M. Graupmann
                                           JEFFREY M. VILLANUEVA, P.C.

1099 18th Ave., #2150                      1755 Blake Street, Suite 225
Denver, CO 80202                           Denver, CO 80202
(303) 390-0003                             (303) 295-7525
victoria.edwards@jacksonkelly.com          jeff@jmvpclaw.com
                                           zac@jmvpclaw.com

*Attorney for Plaintiff Jory Cass*         *Attorneys for Defendant Evelyn Enciso*

22