IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:21-CV-00498-RM-KLM**

**Jory Cass,**

    Plaintiff.

vs.

**Evelyn Enciso,**

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

Comes now Plaintiff, Jory Cass ("Plaintiff"), by and through his attorneys, Jackson Kelly, PLLC, and hereby submits his Response to Defendant Evelyn Enciso's ("Defendant") new Motion to Dismiss ("Motion") (Doc. No. 51).

**I.    INTRODUCTION**

Plaintiff respectfully requests that the Court deny the Motion because it fails to provide the Court sufficient legal bases to dismiss this case. Defendant does not attack the legal merits or sufficiency of Plaintiff's claims in his First Amended Verified Complaint for Damages and Injunctive Relief ("FAC"). Rather, Defendant makes a facial attack on Plaintiff's FAC as to subject matter jurisdiction[1] under the abstention doctrine espoused in *Colorado River Water Conservation*

---

[1] Defendant fails to cite Fed. R. Civ. P. 12(b)(1). However, applicable case law suggests that Defendant should have brought this Motion under Fed. R. Civ. P. 12(b)(1), and thus Plaintiff will briefly address in this Response the application of Rule 12(b)(1). *See*, *e.g.*, *Masterpiece Cakeshop Inc. v. Elenis*, 445 F.Supp. 3d 1226, 1238 (D. Colo. 2019).

*Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and Rule 13(a) of both the Federal and Colorado Rules of Civil Procedure. She makes this facial attack by injecting new, unsupported facts into this lawsuit to couch the case as a domestic dispute. However, this case is not a domestic matter. Defendant appears to have recognized such when she filed and then shortly thereafter voluntarily dismissed with prejudice her Petition for Dissolution of Marriage.[2] Soon after dismissal of the petition, Defendant filed her state court case, seeking an equitable interest in Plaintiff's real property under constructive trust and declaratory relief, and alleging alternative contractual theories of recovery based on the parties' romantic relationship.

Now, Defendant attempts to persuade this Court that Plaintiff's matter is domestic in nature by inserting the alleged facts of her own case into this lawsuit. However, the facts alleged in the FAC—which this Court is required to accept as true under a 12(b)(1) facial attack—make clear that Plaintiff's claims and underlying facts are wholly different from Defendant's claims and facts in the state court case. Almost all of Defendant's claims in the state court action go to her purported equitable interest in real property, as she seeks money damages in the form of a constructive trust against the real property, and requests declaratory relief naming her part owner. Her purported rights to such monies are derived solely from Plaintiff's alleged promises to take care Defendant during the parties' relationship. In contrast, Plaintiff does not seek equitable relief, and none of

---

[2] Attached as Exhibit 1 are true and correct copies of the relevant domestic court filings. The Court may take judicial notice of another court's filings. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (finding that another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand" may be judicially noticed on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) and *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006); and citing *St. Louis Baptist Temple, Inc.*, *supra*).

Plaintiff's claims involve disposition of the real property at issue in the state court action. Nor do any of Plaintiff's claims center or rely on the parties' former romantic relationship. In fact, all of Defendant's illegal activity alleged in the FAC occurred outside the parties' relationship, after they broke up. Thus, the cases are neither "parallel" nor "logically related". They do not overlap in any meaningful way. Also, the Motion fails to set forth exceptional circumstances for abstention as required under *Colorado River*.

In addition, Plaintiff has not yet filed a pleading in the state court action, making Rule 13(a) inapplicable under the clear language of the rule. However, even if Plaintiff had filed an answer in the state court action, the concurrent jurisdiction that this Court and the state court may have over Plaintiff's claims does not require dismissal of this action. In fact, applicable case law instructs that this Court has proper jurisdiction to adjudicate Plaintiff's claims of computer fraud and theft-related claims, while the state court resolves Defendant's claims arising from her alleged ownership of real property and Plaintiff's promises to take care of her. Whether or not Plaintiff's claims could permissively be brought in state court, they are not required to be brought in the state court action under law.

## II.     STANDARDS OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

"When moving to dismiss a case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the movant may mount either a facial or a factual attack on the complaint." *Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (quoting *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* This is the case when a defendant files a Rule 12(b)(1) motion

without accompanying evidence. *Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (quoted authority omitted).

"In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002; *see Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (cited authority omitted). The Court may also consider documents that are "incorporated in the complaint by reference or that are referred to in the complaint, if the documents are central to the complaint and the parties do not dispute their authenticity." *Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (cited authority omitted).

### B. *Colorado River* Abstention Doctrine

Applicability of the *Colorado River* abstention doctrine is reviewed in the Tenth Circuit for abuse of discretion. *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir.1994); *Allen v. Bd. of Educ., Unified Sch. Dist.*, 436, 68 F.3d 401, 403 (10th Cir. 1995). The Court's "'task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction ...; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under Colorado River to justify the surrender of the jurisdiction.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983).

> Before reaching the abstention issue, the Court must first determine
>
> whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Id. at 1081 (citations and quotation omitted). The court should "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings," id., resolving any doubt "in favor of exercising federal jurisdiction," id. at 1082.

*Allen*, 68 F.3d at 403 (quoting *Fox*, 16 F.3d at 1081-82 (internal quotes omitted and emphasis in original)). Thus, in the Tenth Circuit, the Court should not consider what claims *could* have been included, had the federal plaintiff made a timely application to do so, and compare the state and

4

federal proceedings. *Fox*, 16 F.3d 1079 at 1081. If the Court finds the cases are not parallel, the case should proceed in federal court. *Id.*

However, if the cases are parallel, the Court must decide whether it should abstain. Abstention is proper where

> (1) 'a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law[;]' (2) 'difficult questions of state law' are present which impact 'policy problems of substantial public import whose importance transcends the result in the case then at bar[;]' or (3) 'federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.'

*Allen*, 68 F.3d at 403 (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 800, 813, 814-16 (original quotation and citations omitted)).

Also, the Court should consider "wise judicial administration with regard to conservation of judicial resources and comprehensive disposition of litigation, *id.* at 817, 96 S.Ct. at 1246, and may also look at which court first assumed jurisdiction over the action, the inconvenience of the federal forum, and the desirability of avoiding piecemeal litigation, *id.* at 818, 96 S.Ct. at 1246." *Id.*

"These factors are not to be applied as 'a mechanical checklist,' but rather are to be carefully balanced 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Allen*, 68 F.3d at 403 (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16 and citing *Deakins v. Monaghan*, 484 U.S. 193, 203, 108 S.Ct. 523, 530, 98 L.Ed.2d 529 (1988) (federal courts have "virtually unflagging obligation" to exercise jurisdiction except in extraordinary case where continuing proceeding in state court would clearly serve "important countervailing interest") (quotations omitted) and *Colorado River Water Conservation Dist.*, 424 U.S. at 813 (abstention is exception not rule)).

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Allen*, 68 F.3d at 403 (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 817 (quotation omitted). Moreover, the "[e]xhaustion of state administrative remedies is not required before bringing a federal action." *Allen*, 68 F.3d at 403 (cited authority omitted).

"Further, assuming that the state court had jurisdiction over the defendant's action, it is well established rule that where state and federal courts have concurrent jurisdiction, in personam actions involving similar issues may proceed simultaneously in both forums." *Dawn v. Mecom*, 520 F.Supp. 1194, 1196 (D. Colo. 1981) (citing *Miller v. Miller*, 423 F.2d 145, 146 (10th Cir. 1970); *Hyde Constr. Co. v. Koehring*, 388 F.2d 501, 508 (10th Cir. 1968), cert. denied, 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968); and *Gilbert v. School Dist. No. 50 Adams Cty.*, 485 F.Supp. 505, 507 (D. Colo. 1980)).

"Although it is a general rule that the first court to obtain jurisdiction should have priority", the "mere sequence of filing is not dispositive; other equitable considerations enter into the determination." *Dawn*, 520 F.Supp. at 1196-97 (cited authority omitted). The "stage at which the respective proceedings exist is an additional consideration mitigating against staying the federal action". *Dawn*, 520 F.Supp. at 1197 (finding abstention unnecessary because at the time federal case was filed, "there had been no additional action in the state court proceeding"); *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 3 (finding stay order improper because "no substantial proceedings had taken place in the state suit at the time of the District Court's stay order, whereas in the federal suit the parties had taken most of the steps necessary to a resolution of the arbitrability issue").

If abstention is found appropriate, the Tenth Circuit "has expressed a general preference in abstention cases for issuance of a stay rather than dismissal." *See Allen*, 68 F.3d at 403–04; *see*

6

*Fox*, 16 F.3d at 1083. "*[O]nly the clearest of justifications will warrant dismissal.*" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 2 (emphasis in original) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 818–819); *Fox*, 16 F.3d at 1082 (same).

### C. Compulsory Claims Under Col. R. Civ. P. 13 and Fed. R. Civ. P. 13

"Generally, a counterclaim is compulsory if it arises out of the same transaction or occurrence as the opposing party's claim." *In re Est. of Krotiuk*, 12 P.3d 302, 304 (Colo. App. 2000). The accepted method in both Colorado state and federal court for determining whether a claim arises out of the same transaction or occurrence as the first claim is the "logical relationship test: whether the subject matter of the counterclaim is logically related to the subject matter of the initial claim", such that separate trials on each of the parties' respective claims would involve a substantial duplication of effort and time by the parties. *Krotiuk*, 12 P.3d at 304 (citing *Visual Factor, Inc. v. Sinclair*, 166 Colo. 22, 441 P.2d 643 (1968) (citing federal cases using a "logical relationship" test to determine if a counterclaim is compulsory)); *Beathune v. Cain*, 494 P.2d 603, 604-05 (Colo App. 1971).

Courts also consider whether the adjudication of such claims in a separate lawsuit would result in inconsistent judgments or depravation of rights. *Top Rail Ranch Ests., LLC v. Walker*, 327 P.3d 321, 331 (Colo. App. 2014) (concluding "Walker Development's claims in the Second Action would have been merely permissive counterclaims in the First Action").

In addition, courts, when determining the compulsory nature of claims, consider whether the claims seek redress for the same wrong based on the same factual basis and same evidence. *Foster v. Plock*, 411 P.3d 1008, 1015–16 (Col. App. 2016) , aff'd on other grounds, 394 P.3d 1119 (Colo. 2017).

7

### III.  ARGUMENT

Defendant's Motion must be denied because it provides no viable bases for relief. As set forth in detail below, Plaintiff's FAC and the exhibits attached thereto set forth detailed facts to support each of Plaintiff's claims. The numerous extraneous facts alleged in Defendant's Motion are inflammatory, unsupported and cannot be considered on the Motion.

As to Defendant's argument under the *Colorado River* abstention doctrine and Rule 13(a), neither argument holds water because the applicable elements for those theories are not met. In sum, the cases are wholly different because Defendant's case centers around equitable claims to real property and promises that Plaintiff allegedly made to Defendant to take care of her during the course of the parties' romantic relationship. Here, Plaintiff's case is not based on equitable claims or real property rights, but rather centers around Defendant's fraud and theft taking place wholly outside of the parties' relationship.

**A. Defendant's Motion Should be Denied Because the Motion is Not Legally Viable and Improperly Relies on Unsupported and Misstated Facts.**

Defendant argues jurisdiction as a basis for dismissing the case, but does not conduct a standard of review analysis in the Motion. Plaintiff presumes the Motion is brought as a facial attack of the FAC under Fed. R. Civ. P. 12(b)(1) because Defendant does not provide any evidentiary support for the Motion in form of an affidavit or otherwise. *See Masterpiece Cakeshop Inc.*, 445 F. Supp. 3d at 1238.

Defendant fails to meet the standard for dismissal under Rule 12(b)(1) because, as set forth in detail below, neither the *Colorado River* abstention doctrine nor the application of Rule 13(a) warrant the dismissal of this matter.

Defendant references a great number of new "facts" in her Motion that are not found in the FAC. The Court may not consider these new allegations on Defendant's Motion because they are

8

not found in the FAC or in the exhibits thereto. *See Holt*, 46 F.3d at 1002; *see Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (cited authority omitted).

Moreover, these allegations are irrelevant to the jurisdiction analysis and only meant to garner the sympathy of the Court. This case does not involve a domestic dispute as Defendant would like the Court to believe. Defendant voluntarily dismissed, with prejudice, her domestic relations case. Rather, this case involves fraud and theft of personal items unrelated to any issue the parties had concerning their romantic relationship, which Defendant admits ended prior to Defendant committing the tortious activity alleged in the FAC.

Moreover, Defendant's "facts" concerning the party's domestic issues are disputed by judicially-noticeable documents. Defendant contends Plaintiff was "arrested and charged with domestic violence and criminal mischief because he assaulted Ms. Enciso, left bruises on her arms and broke her mobile phone". Mot. at 4. However, according to the attached police report, the police never reported bruising and never charged Plaintiff with assault. Rather, Plaintiff was arrested solely because he broke a phone. Ex. 2. Without more, these unsupported allegations cannot be relied on as grounds to dismiss this lawsuit. *Holt*, 46 F.3d at 1002; *see Masterpiece Cakeshop Inc.*, 445 F.Supp. 3d at 1238–39 (cited authority omitted).

**B. The *Colorado River* Abstention Doctrine Is Inapplicable to the Facts of this Case Because the Claims and Facts Alleged in the FAC Are Not Parallel to the Facts and Claims Alleged in the State Court Action.**

Defendant contends that the *Colorado River* abstention doctrine should be applied to dismiss Plaintiff's federal action. However, the *Colorado River* abstention doctrine is inapplicable here because Plaintiff's claims asserted in the FAC are not parallel to Defendant's claims brought in Jefferson County District Court case, No. 21CV030057 (the "State Court Action") (Mot. Ex. 1), and there does not otherwise exist exceptional circumstances or "the clearest of justifications, that

can suffice under Colorado River to justify the surrender of the jurisdiction.'" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25–26.

As stated above, suits are "parallel" if the same parties litigate "substantially the same issues" in different forums. Here, examining Defendant's claims in the State Court Action "as they actually exist", the claims and facts alleged in the State Court Action differ substantially from the claims and facts alleged in this lawsuit. Defendant's State Court Action is focused on her equitable claims to relief against real property that Plaintiff purchased at 7583 Lamar Court, Arvada, Colorado 80003 (the "Property"). In sum, Defendant contends that Plaintiff, as Defendant's boyfriend, owed Defendant a duty to take care of her and to look out for her best interest when he sold their old Florida real property and purchased the Property in Colorado. She brings claims for constructive trust and declaratory judgment based on an alleged equitable interest in the Property. Mot. Ex. 1. Defendant also brings related contract claims for breach of fiduciary duty, breach of partnership agreement, breach of implied contract, promissory estoppel, and unjust enrichment, based on Plaintiff's alleged promises to take care of her and to act in her best interest in the financial decisions concerning the sale, purchase, maintenance and/or use of the Florida real property and/or the Property in Colorado. *Id.* She also seeks a return of monies she contributed to the purchase of Plaintiff's 2020 Tesla Model 3, and makes claims for assault and battery. *Id.*

In contrast, Plaintiff's claims center around computer fraud, appropriation and Defendant's theft/conversion of Plaintiff's personal items long after the parties' romantic relationship ended. These items are not discussed in the State Court Action. Plaintiff claims Defendant illegally accessed Plaintiff's computers and his online accounts and stole/converted Plaintiff's bank account, his identity and his non-realty possessions, such as his bed, his TV, his bike and his legal documents. None of these claims concern the parties' former personal relationship, the Florida real

10

property or the Colorado property. Nor do these allegations go to Defendant's claims to recoup contributions to the real property or Plaintiff's car, or her claims to an interest in the Property. Just because Plaintiff's stolen and illegally-accessed personal data/items were located at/accessed from the Property when Defendant took/accessed them does not make those personal items part of the Colorado real property that is the primary focus of the State Court Action.[3]

Also, contrary to Defendant's contentions, the cases do not both "arise out of the financial relationship between the parties" (Mot. at 7) because Plaintiff's claims do not derive from any legal financial arrangement with Defendant. Put another way, whether or not Defendant could be successful in claiming an interest in the Property or recouping her contributions, such claims would not legitimize her acts of fraud, theft, conversion, appropriation, and intentional infliction of emotional distress, such that Defendant would somehow be entitled to a setoff against Plaintiff's interests. The claims are separate and cannot be deemed parallel. Any slight overlap argued by Defendant is insufficient to meet the burden set forth by *Colorado River*. *See WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-CV-01153-MSK-KLM, 2014 WL 4748296, at *6 (D. Colo. Sept. 24,

---

[3] Defendant misquotes from Plaintiff's FAC, when she states that "Plaintiff alleges that 'Defendant intends to deprive Plaintiff of his [Property] interests permanently.'" Mot. at 8. The "property" that Plaintiff refers to in the FAC is not Plaintiff's real property, but rather the stolen personal property that Plaintiff lists in the FAC. Defendant also mischaracterizes the facts at page 8 of her Motion when she contends that "the Jefferson County District Court maintains jurisdiction over the Property in dispute". As stated above, the only "Property" addressed in the State Court Action concerns the sold Florida real property and the real property located at 7583 Lamar Court in Arvada. Defendant does not lay claim to any of the personal items or legal documents alleged in the FAC.

Similarly, Defendant attempts to make the cases parallel by comparing Defendant's unjust enrichment claim for contributions to Plaintiff's car to an allegation in Defendant's FAC stating that the Tesla vehicle was solely Plaintiff's vehicle. However, this allegation in the FAC goes solely to Plaintiff's claim for intentional infliction of emotional distress. There is no dispute in either case concerning ownership of the car, as Defendant relinquished possession of the car to Plaintiff in February this year during the second civil assist.

2014) (citing *Curren v. Experian Info. Solutions, Inc.*, No. 12–cv–02425–CMA–KLM, 2013 WL 61691, at *2 (D. Colo. Jan. 4, 2013) (holding state and federal cases were not parallel even if there was some overlap between the cases) and *DataLever Corp. v. Sugg*, No. 11–cv–02897–CMA–CBS, 2012 WL 1060017, at *3 (D. Colo. May 29, 2012) (holding state and federal lawsuits were not parallel because "the issues are not substantially the same")). Thus, the case should proceed in federal court.

However, if the Court finds the cases are parallel, there are no exceptional circumstances warranting abstention. As stated above, abstention is proper in only a limited number of circumstances not applicable here. Defendant does not allege that there is a federal constitutional issue pending in the State Court Action that "might be mooted or presented in a different posture by a state court determination of pertinent state law". Nor does Defendant suggest there exist "difficult questions of state law", "which impact 'policy problems of substantial public import whose importance transcends" this case. Moreover, the record confirms that federal jurisdiction has not been invoked for the purpose of restraining state criminal proceedings. *Allen*, 68 F.3d at 403; *Colorado River Water Conservation Dist.*, 424 U.S. at 813, 814-16.

Also, there is no concern here about conservation of judicial resources and comprehensive disposition of litigation. The two lawsuits address wholly different claims and remedies, so there is no concern about inconsistent results or duplication of effort.

The fact that the State Court Action was filed less than two months before this action does not warrant abstention because the "mere sequence of filing is not dispositive; other equitable considerations enter into the determination" such as the "stage at which the respective proceedings exist". *Dawn*, 520 F.Supp. at 1197; *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 3. This action

has proceeded further than the State Court Action at this juncture. Plaintiff has filed a motion to dismiss the State Court Action, and a ruling on that motion is still pending.

Regardless, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Allen*, 68 F.3d at 403; *see Dawn* 520 F.Supp. at 1196. Plaintiff was not required to take the extra step of bringing counterclaims in the State Court Action and removing to federal court, as Defendant contends. Indeed, Plaintiff could not have counterclaimed in the State Court Action and thereafter sought removal because the basis for federal court removal is derived from the allegations and claims in Defendant's State Court Action; "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (jurisdiction upheld) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (jurisdiction lacking)). Jurisdiction cannot be supported by a federal question in a counterclaim, such as Plaintiff's computer fraud claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), even if this counterclaim was deemed compulsory in the State Court Action. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citations omitted) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Moreover, there is no inconvenience of the federal forum, as the State Court Action is being litigated in Jefferson County, which is 23 minutes from the Alfred A. Arraj United States Courthouse.

Last, there is no plausible concern about piecemeal litigation because the State Court Action addresses wholly different claims and damages. Defendant in her Motion contends Plaintiff

13

has engaged in forum shopping and "vengefully seeks to exacerbate litigation and waste judicial resources by filing two separate, unnecessary actions and appealing one decision despite a prior agreement"; and that Plaintiff "conducted all this unnecessary effort instead of combining all the actions together in the State Court Action." Mot. at 2. However, the procedural facts at issue do not warrant such a statement. It was Plaintiff, not Defendant, who first filed a forcible entry and detainer ("FED") lawsuit on January 13, 2021, when Defendant chose to file the State Court Action on January 18 and moved to transfer the FED action to the state district court. Plaintiff exercised his right to appeal the FED court's order transferring the case, as Defendant was still living in the Property[4] and the State Court Action could not provide him immediate relief (indeed the State Court Action has not yet made any ruling). Defendant cannot complain about piecemeal litigation when she is partly to blame for the number of lawsuits filed to date.

Defendant cites to additional factors, such as whether federal law provides the rule of decision, and the adequacy of the state court action to protect the federal plaintiff's rights. Mot. at 7. Assuming, arguendo, that these factors fell in Defendant's favor, they would not provide sufficient grounds for this Court to find exceptional circumstances warranting application of the *Colorado River* abstention doctrine. "These factors are not to be applied as 'a mechanical checklist,' but rather are to be carefully balanced 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Allen*, 68 F.3d at 403 (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16). Since the Court has a "virtually unflagging obligation" to exercise jurisdiction except in the extraordinary case where continuing the proceeding in state court would clearly serve

---

[4] Defendant contends it was improper for Plaintiff to appeal the FED action because there was "an agreement between the Parties that Ms. Enciso would vacate the Property on April 1, 2021." Mot. at 2. However, based on Defendant's course of conduct, there was no guarantee that Defendant would in fact vacate the Property on April 1, and thus Plaintiff was compelled to file his appeal when he did to protect his interest in a speedy resolution of the FED matter.

"important countervailing interest", it must find that the balance of the factors weighs heavily in favor of the exercise of jurisdiction. Defendant has not met his burden of showing "a pressing need for a delay." *Dawn*, 520 F.Supp. at 1197. Moreover, if the Court considers the fact that there has been no ruling in the State Court Action since the action's inception in January 2021, this Court's abstention would likely cause Plaintiff harm by further delaying resolution of his claims.

### C. Rule 13(a) Is Inapplicable Because Plaintiff Has Not Filed an Answer in the State Court Action, and the Claims in This Action Are Not Logically Related to the Claims in the State Court Action.

Alternatively, Defendant contends Plaintiff's federal lawsuit must be dismissed because his claims "undoubtedly arise from the same transaction or occurrence that is the subject matter of the" State Court Action. Mot. at 9. Defendant suggests dismissal is also appropriate because Plaintiff brings only one federal claim under CFAA, over which both the state and federal courts have jurisdiction. Mot. at 10.

*First*, whether or not federal or state court maintain concurrent jurisdiction over matters involving the CFAA, such concurrent jurisdiction would not make Plaintiff's federal claim and his related state court claims "compulsory" counterclaims, such that Plaintiff would be required to bring his claims in Defendant's State Court Action.

*Second*, neither the Federal nor state version of Rule 13(a) apply here because, as admitted by Defendant, Plaintiff has not filed a pleading in the State Court Action. Fed. R. Civ. P. 13(a) states that:

> A **pleading** must state as a counterclaim any claim that--at the time of its service-- the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction. (Emphasis added).

15

C.R.C.P. 13(a) says that:

> A **pleading** shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. (Emphasis added).

An answer constitutes a "pleading". *See* C.R.C.P. 7; F.R.C.P. 7. "Colorado's compulsory counterclaim rule, Colo. R. Civ. P. 13(a), like its federal counterpart, 'requires an **answer** to a complaint to include any counterclaims that the pleader has against the opposing party at the time of filing, if such counterclaims arise out of the same transaction or occurrence as the opposing party's claim.'" *Reynolds v. Quarter Circle M Ranch, Inc.*, 24 F. App'x 850, 854 (10th Cir. 2001) (quoting *Eason v. Bd. of County Comm'rs*, 961 P.2d 537, 539 (Colo. App. 1997)) (emphasis added and emphasis in original omitted).

Here, Plaintiff has moved to dismiss in full Defendant's State Court Action. A motion to dismiss is not deemed a pleading. *See* C.R.C.P. 7; F.R.C.P. 7. "'Pleadings' are the formal allegations by the parties of their respective claims and defenses, and are intended to provide notice of what is to be expected at trial". *Matter of Est. of Jones*, 704 P.2d 845, 847 (Colo. 1985). "Rule 13(a) does not come into play when a defendant files only a motion to dismiss, instead of a pleading." *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993) (citing *Horn & Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C. Cir.), cert. denied, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988); *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir.1985); *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 356–57 (5th Cir.1962); and *Potter v. Carvel Stores of N.Y., Inc.*, 203 F.Supp. 462, 464–65 (D.Md.1962), aff'd, 314 F.2d 45 (4th Cir.1963) (per curiam)). Thus, such argument, if applicable, is premature.

Moreover, as set forth in the FAC, Plaintiff's claims for appropriation and intentional infliction of emotional distress had not yet fully accrued when Defendant filed her State Court

Action, as well as many of the underlying facts supporting Plaintiff's claims of computer fraud under CFAA, conversion and theft. "[A] party need not assert a counterclaim if it has not matured at the time of the pleading, even if it arises from the same transaction or occurrence." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276 (10th Cir. 2006).

Assuming, arguendo, that Plaintiff had filed an answer in the State Court Action, Defendant's request under Rule 13(a) must still fail because Plaintiff's claims are not logically related to the subject matter of Defendant's claims in the State Court Action and do not seek redress for the same wrong based on the same factual basis and same evidence. *Foster*, 411 P.3d at 1015–16; *Krotiuk*, 12 P.3d at 304.

Here, the factual allegations and the claims set forth in Defendant's State Court Action have no relation to the facts and claims alleged in Plaintiff's FAC. As stated above, Defendant in the State Court Action claims entitlement to an interest in Plaintiff's real property, and entitlement to a return of contributions she alleges to have made during the parties' relationship. She bases her claims solely on the parties' romantic relationship, and Plaintiff's alleged promises to take care of her. In contrast, Plaintiff brings computer fraud claims, theft and appropriation claims against Defendant for personal items she stole from him long after the parties' romantic relationship ended. Defendant does not lay claim to any of the items that Plaintiff contends she stole, and in the case of his personal identifying documentation, she could not claim ownership. Under the logical relationship test, the subject matter of Plaintiff's claims is not logically related to the subject matter of Defendant's claims, such that separate trials on each of the parties' respective claims would involve a substantial duplication of effort and time by the parties. *Krotiuk*, 12 P.3d at 304; *Cain*, 494 P.2d at 604-05. Moreover, Plaintiff's claims do not seek redress for the same wrongs and are not based on the same facts or the same evidence. *Foster*, 411 P.3d at 1015–16. There is no overlap.

17

Nor would this Court's adjudication of Plaintiff's claims for computer fraud, conversion, theft, appropriation and intentional infliction of emotional distress result in inconsistent judgments or depravation of rights. *Walker*, 327 P.3d at 331.

Contrary to Defendant's assertions, Plaintiff is not prevented from pursuing his claims in federal court simply because Defendant filed a state court complaint against him, even if, *arguendo*, the state court claims are in some way related to Plaintiff's claims in this lawsuit. Indeed, the exception under Fed. R. Civ. P. 13(a)(2)(A) (and presumably C.R.C.P. 13(a)(1), which is identical to its federal counterpart), "eliminates the compulsory counterclaim requirement for both parties where the opposing party has started a state court action that was not removed to federal court before the other party commenced the federal action":

> Under Fed. R. Civ. P. 13(a)(2)(A), a pleader need not state a claim that would otherwise be a compulsory counterclaim if at the time the action was commenced the claim was the subject of another pending action.1 Therefore, when a cause of action that would otherwise of necessity be pleaded as a compulsory counterclaim under Rule 13(a) is also the subject of pending litigation in another court—litigation which has been commenced before the instant action—waiver will not result from the failure to counterclaim the cause of action in question and the failing party will not thereafter be barred by res judicata.2 The purpose of this exception is to prevent one party from compelling another to try its cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned.**3 The exception eliminates the compulsory counterclaim requirement for both parties where the opposing party has started a state court action that was not removed to federal court before the other party commenced the federal action**.

§ 62:226. Counterclaim that is the subject of another pending action, 27A Fed. Proc., L. Ed. § 62:226. (Emphasis added and cited authority omitted).

Moreover, "[i]t has been generally held that where an action is in personam, the pendency of such an action in one court does not preclude the filing of the same action in another court of competent jurisdiction." *Miami Cty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 924 (10th

18

Cir. 1941).

In fact, both federal and state case law suggest that the "pendency of a prior action in one jurisdiction is not a bar to a subsequent action in another, even though the two suits are upon the same cause of action and between the same parties." *Bd. of Comm'rs of Lake Cty. v. Schradsky*, 71 P. 1104, 1106 (Colo. 1903); *Ingram v. Jones*, 47 F.2d 135, 141 (10th Cir. 1931) ("On the other hand, where the issues in the subsequent suit are different from those involved in the first suit and the subject-matter is not identical, that is, where the two suits involve different controversies notwithstanding they relate to the same property, there can be no infringement of the jurisdiction of the court in which the first suit is pending by reason of the institution of the second suit in a court of concurrent jurisdiction. Under such circumstances, the court first acquiring possession of the property may retain it until the suit pending before it is determined.").

At best, Plaintiff's claims are permissive claims in the State Court Action, and Plaintiff is not required to bring his claims in that lawsuit. The concurrent nature of the state court's and federal court's jurisdiction does not require dismissal of this lawsuit, and Plaintiff is entitled to seek the requested relief from this Court.

## IV.   CONCLUSION

WHEREFORE, Plaintiff Jory Cass respectfully requests the Court deny the Motion, and grant any other relief this Court deems just and proper.

Respectfully submitted this 10th day of June 2021.

>  */s/Victoria Edwards*
>  Victoria Edwards, #39838
>  Jackson Kelly, PLLC
>  1099 18th Street, Suite 2150
>  Denver, CO 80202
>  Victoria.edwards@jacksonkelly.com
>  *ATTORNEY FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 10, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on the following parties:

Jeffrey M. Villanueva
Zachary M. Graupmann
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202
jeff@jmvpclaw.com
zac@jmvpclaw.com

*Attorneys for Defendant Evelyn Enciso*

                */s/ Victoria Edwards*
                Victoria Edwards

4817-2310-8334.v1