| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY,COLORADO<br><br>Court Address:  100 Jefferson County Parkway<br><br>Golden, Colorado 80401 | DATE FILED: June 18, 2021 2:26 PM<br>CASE NUMBER: 2021CV30057<br><br>▲ Court Use Only ▲ |
| Plaintiff:  **EVELYN ENCISO**<br><br>v.<br><br>Defendant: **JORY CASS** | Case No. **2021CV30057**<br><br>Division: **9** |
| **ORDER RE: MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND JURY DEMAND PURSUANT TO C.R.C.P. 12(b)(5)** | |

     This matter comes before the Court on Defendant Jory Cass's Motion to Dismiss Plaintiff's Complaint and Jury Demand Pursuant to C.R.C.P. 12(b)(5) filed on February 23, 2021. Plaintiff filed a response on March 16, 2021. Defendant field a reply on March 23, 2021. The Court has reviewed the parties' arguments, the record, and all other relevant materials, and now enters this order:

### I.  BACKGROUND

     This case arises out of alleged breaches of contracts, equitable principles, and tortious conduct. Plaintiff claims that Defendant breached his fiduciary duty, partnership agreement, and implied contract. Plaintiff also makes claims for equitable relief based on theories of promissory estoppel, declaratory judgment, unjust enrichment, and constructive trust. Further, Plaintiff makes claims of assault and battery. Plaintiff filed these charges with a jury demand on January 18, 2021.

     The following are alleged facts about Plaintiff, Defendant, and their relationship. Plaintiff is a Peru immigrant with two years of culinary school education from Peru and has resided in the United States for about ten years. Defendant has a bachelor's degree in criminal justice and has worked as a court reporter. Throughout the relationship Defendant handled all the finances and continuously reassured Plaintiff that he would take care of her. In 2016, the parties bought a house in Florida titled to both parties. Following Defendant's command, Plaintiff spent $20,000 to pay for improvements to the Florida residence. In 2019, Defendant convinced Plaintiff to sign a quitclaim deed to the Florida residence. In June 2019, Defendant sold the Florida residence and used the proceeds as the primary source of the down payment for the shared Colorado Residence.

1

The parties routinely rent out rooms in the Colorado residence using the Airbnb platform. Both parties act as hosts to guests renting.

On December 20, 2019, the parties purchased a 2020 Tesla Model 3, titled to Defendant only, where Plaintiff contributed about $5,000. In July 2020, Defendant called the police after an altercation with Plaintiff. However, Defendant was arrested and charged with domestic violence and a mandatory protection order was put in place to protect Plaintiff.

## II.  STANDARD OF REVIEW

Colorado Rule of Civil Procedure 12(b)(5) provides that a claim may be dismissed by the court for failure to state a claim upon which relief can be granted. The purpose of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is to test the formal sufficiency of the complaint. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo. 1996).

To survive a Rule 12(b)(5) motion, the complaint must plead sufficient facts, taken as true, to state a claim for relief that is plausible on its face. *Warne v. Hall*, 373 P.3d 588, 595 (Colo. 2016) (embracing the plausibility standard in *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, 556 U.S. 662). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests;" the 12(b)(5) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). However, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* at 1191 (quoting Twombly, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).

"In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice." *Walker v. Van Laningham*, 148 P.3d 391, 397 (Colo. App. 2006). The court may consider documents mentioned in the complaint without converting the motion to dismiss into a motion for summary judgment even though the complaint does not attach or formally incorporate the documents. *Titan Indem. Co. v. Travelers Prop. Cas. Co. of Am.*, 181 P.3d 303, 306 (Colo. App. 2007).

## III.  ANALYSIS

Defendant seeks to dismiss all nine of Plaintiff's claims for relief under C.R.C.P. 12(b)(5). Defendant argues that the Court must dismiss all of Plaintiff's claims because Plaintiff fails to allege key elements of each claim.

### 1. BREACH OF FIDUCIARY DUTY

2

"The party claiming a confidential relationship must show, by a preponderance of the evidence, that a special trust or confidence was in fact reposed, that its reposition was justifiable, and that the other party either invited or ostensibly accepted the trust imposed." *First Nat. Bank of Meeker v. Theos*, 794 P.2d 1055, 1061 (Colo. App. 1990). A confidential relationship may also arise when someone of "a superior position over another with the opportunity to use that superiority to his advantage over the other." *Id.* at 1061. However, a confidential relationship does not automatically create a fiduciary duty. *Bock v. Brody*, 870 P.2d 530, 533 (Colo. App. 1993), aff'd in part, rev'd in part, 897 P.2d 769 (Colo. 1995). It is essential that a superior party assumes a duty to act in the dependent party's best interest. *Mintz v. Accident & Inj. Med. Specialists, PC*, 284 P.3d 62, 68 (Colo. App. 2010). A fiduciary is someone who has a duty, created by their undertaking, to act primarily for the benefit of another in matters connected with the undertaking. *Tepley v. Pub. Emps. Ret. Ass'n*, 955 P.2d 573, 577 (Colo. App. 1997). Whether a fiduciary relationship exists depends on the degree of control exercised by the fiduciary over the affairs of the other person. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1289 (Colo. 1996).

Plaintiff asserts that Defendant had and breached his fiduciary duty by failing to advise her as to the conflict between his and her interests, failing to refer her out for independent advice, failing to account for his actions, and failure to honor his promises and agreements. Plaintiff argues the parties' relationship developed into a confidential and then a fiduciary relationship because Defendant assumed control over all of Plaintiff's finances and because they lived together, co-owned property, and operated a business together. Plaintiff claims she placed trust in Defendant, because of their romatic relationship, to handle all her finances by giving him all her paychecks, handle expenses, and by not spending money against Defendant's orders. Plaintiff claims Defendant invited the trust by assuming control over Plaintiff's financial affairs and by promising Plaintiff that he would ensure that the Florida residence would be owned by both parties. Further, Plaintiff suggests there was power deferential because of Defendant's education and his familiarity with the United States legal system due to working as a court reporter.

Defendant argues that their boyfriend/girlfriend relationship never established a confidential relationship, but even if it did a confidential relationship alone is insufficient to establish a fiduciary duty. *Equitex, Inc. v. Ungar*, 60 P.3d 746, 752 (Colo. App. 2002). Further, Defendants claim that a boyfriend/girlfriend relationship cannot create a fiduciary duty. However, "[a] fiduciary duty may arise from relationships of blood, business, friendship, or association." *Mintz v. Accident & Inj. Med. Specialists, PC*, 284 P.3d 62, 68 (Colo. App. 2010).

The Court finds Plaintiff asserted sufficient facts to survive a motion to dismiss for this claim. Taking Plaintiff's asserted facts as true, Plaintiff justifiably reposed trust in Defendant by allowing him to make all the financial decisions for them both. And Defendant accepted and imposed the trust by managing their finances and controlling how Plaintiff spent her money. Further, this put Defendant in a superior position and he potentially used this position to his advantage. Therefore, the parties assert facts sufficient to show by a preponderance of the evidence that a confidential relationship possibly existed. This combined with the assumption that Defendant repeatedly assured Plaintiff that he would act in her best interest makes it plausible that fiduciary relationship also developed. This is particularly true when considering the large degree

of control Defendant had over the Plaintiff's finances and spending habits. Therefore, the Court will DENY Defendant's Motion as to this claim.

### 2. BREACH OF PARTNERSHIP AGREEMENT

Plaintiff argues a partnership was created by: 1) an agreement to own the Florida property together, to make improvements to it, and to sell it for a profit, which they did; 2) an agreement to use the profits from the Florida sale into the shared Colorado residence; and 3) an agreement to jointly run an Airbnb out of the shared Colorado residence for profit. Under C.R.S. § 7-64-202, "the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." An express agreement is not required to create a partnership; a partnership may be formed by the conduct of the parties. *Stratman v. Dietrich*, 765 P.2d 603, 606 (Colo. App. 1988). Plaintiff asserts that Defendant breached the general partnership agreement by filing an unlawful detainer action to evict Ms. Enciso and serving her with a notice to quit.

Defendant asserts that Plaintiff's claims are insufficient to establish the existence of a partnership. First, Defendant asserts that, like in *Fulford v. Bryant*, the parties had a personal relationship, not a business one. No. 04CV809, 2005 WL 5142406 (Colo. Dist. Ct. Oct. 27, 2005). However, in *Fulford*, the court ruled a partnership did not exist because the parties' actions "were done out of affection, not in expectation of repayment." *Fulford v. Bryant*, 2005 WL 4390406. In contrast, here, Plaintiff expected payment, even if Defendant was the one who collected it. Second, Defendant claims that mere joint ownership of land does not establish a "partnership" notwithstanding shared profits. *Brown v. Miller*, 1943, 141 P.2d 682, 684 (Colo. 1943). Third, Defendant asserts that Plaintiff fails to plead facts showing an agreement to share in its profits and/or losses existed.

The Court finds it plausible that a partnership was formed. The parties agreed to invest in the Florida residence, so they could start their Airbnb business in their Colorado residence. In addition to joint ownership of land, they both expected to receive profit from their work, even if Plaintiff's profits were given to Defendant to manage. Therefore, the Court will DENY Defendant's Motion as to this claim.

### 3. BREACH OF IMPLIED CONTRACT

At first, Plaintiff argued Defendant breached the promises that: 1) he "would always take care of her"; 2) that the Florida residence "would always be their home"; and 3) that the Colorado Property was "their home." Compl. ¶¶ 49-50. Defendant claims that these promises are too vague to enforce and that these promises resulted from a boyfriend/girlfriend relationship, not a legally enforceable one. Defendant also claims Plaintiff fails to specify facts that explain how Defendant breached these promises; Plaintiff merely asserts that Defendant "materially breached these promises." Since Plaintiff fails to offer any arguments refuting Defendant's aruments for this claim, the Court accepts this as a concession to Defendant's motion. See, e.g., *Hoang v. People*, 323 P.3d 780, 790 (Colo. 2014) (stating that a failure to argue appellate delay was "implicit concession" as to that issue). Plaintiff fails to assert sufficient facts to support her claim. Therefore, the Court will GRANT Defendant's Motion as to this claim.

4

### 4. PROMISSORY ESTOPPEL

Plaintiff asserts that she relied on Defendant's promises that 1) both parties owned and shared the Florida residence and the proceeds from the sale would be used to buy the shared Colorado residence, and 2) that Defendant "would take care of her." Resp. 7. "The elements of a promissory estoppel claim are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promise; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice." *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008) (citing *Nelson v. Elway*, 908 P.2d 102, 110 (Colo.1995) and Restatement § 90). Plaintiff's claims she devoted time, making expenditures and changed her life for him in reliance on his promises.

Defendant argues that Plaintiff's first alleged promise fails because Plaintiff did not reasonably rely on the promise since the parties did sell the Florida residence and used the proceeds to fund their Colorado residence. Defendant claims Plaintiff's second alleged promise fails because it is too vague. An enforceable contract "needs to be not only complete as to all essential terms but also of such certainty and definiteness as to be capable of enforcement." *Soderlun v. Pub. Serv. Co. of Colorado*, 944 P.2d 616, 620 (Colo. App. 1997).

Plaintiff's first alleged promise is persuasive Although, Defendant may have had Plaintiff sign a quitclaim deed for the Florida residence, Plaintiff still relied on receiving her share of the proceeds from selling what she believed was some ownership in the shared Florida residence. And while the parties sold the Florida residence and used the proceeds as the primary source of down payment used for the Colorado property, Plaintiff still relied on receiving the proceeds that were not used on the Colorado property. Defendant argues Plaintiffs second alleged promise is too indefinite. Defendant's promise that he would always take care of Plaintiff is too vague to allow the Court to determine what the essential terms are or how to enforce it. Therefore, the Court will DENY Defendant's Motion as to the first alleged promise and GRANT as to the second alleged promise.

### 5. DECLARATORY JUDGMENT

Plaintiff seeks declaratory relief on the Colorado property, asserting that she is the owner of an undivided one-half interest. The purpose of a declaratory judgment is "to afford parties relief from uncertainty with respect to their rights and status under law. *Silverstein v. Sisters of Charity*, 559 P.2d 716 (Colo. 1976). Defendant asserts that Plaintiff does not state a valid basis for declaratory relief because Defendant owns sole legal title to the Colorado property and that the right to declaratory judgment under C.R.S. § 13–51–101, *et seq*. and C.R.C.P. 57(b) requires the existence of a "written contract" or "other writing" constituting a contract. However, Defendant is mistaken. "[T]rial courts may issue declaratory judgments in oral contract disputes when relief would 'terminate the controversy or remove an uncertainty.'" *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252, 260 (Colo. 2006). Therefore, since declaratory judgment may resolve controversy and uncertainty regarding the Colored residence, the Court does not dismiss Plaintiff's claim.

### 6. UNJUST ENRICHMENT

Plaintiff alleges that Defendant was unjustly enriched by Plaintiff's $20,000 contribution for improvements to the parties' Florida residence and Plaintiff's $5,000 contribution for the 2020 Tesla Model 3. "To prevail on an unjust enrichment claim, a party 'must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.'" *Scott v. Scott*, 428 P.3d 626, 636 (Colo. App. 2018) (quoted authority omitted). Courts must make extensive factual findings to determine whether a party has been unjustly enriched in unjust enrichment claims. *Id.*

Defendant argues the Plaintiff received commensurate compensation when the parties sold the Florida residence for more money as a result of Plaintiff's efforts and used the money on their Colorado residence. However, Plaintiff asserts, and Defendant does not dispute, that Defendant promised Plaintiff that he would repay the $20,000 Plaintiff invested to improve Florida residence. Thefore, Defendant received a benefit at Plaintiff's expense, and since Defendant promised he would repay Plaintiff, that would could be considered unjust. Thus, Plaintiff's claim for unjust enrichment regarding her $20,000 investment is not dismissed.

Plaintiff's also contends that her $5,000 contribution towards the purchase of the Tesla resulted in unjust enrichment. Again, Defendant does not dispute he promised to repay this money to Plaintiff. Although, Defendant argues that he already repaid Plaintiff for the $5,000 by making all credit card payments for the borrowed money. Regardless, Plaintiff's claim is plausible on its face. Therefore, the Court will DENY Defendant's Motion as to this claim.

### 7. ASSAULT AND BATTERY

Plaintiff's assault and battery claims both fail to offer any substantive information about the Defendant's conduct. Both claims merely assert the elements of assault and battery rather than assert facts that state a claim upon which relief can be granted. "[M]ere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" against a motion to dismiss. *Khalik*, 671 F.3d at 1192. Therefore, the Court will GRANT Defendant's Motion as to the assault and battery claims.

### 8. CONSTRUCTIVE TRUST

It is not necessary for the Court to discuss the merits of Plaintiff's constructive trust claim. The Court dismisses Plaintiff's final claim of constructive trust because "a constructive trust, being a remedy to prevent unjust enrichment, is not to be pled as a separate cause of action." *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014).

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is hereby **DENIED IN PART** and **GRANTED IN PART**.

**DONE AND SIGNED**: June 18, 2021.

BY THE COURT:

RANDALL C. ARP

District Court Judge