IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Civil Action No.: 1:21-CV-00498-RM

**JORY CASS**
    Plaintiff,

v.

**EVELYN ENCISO**
    Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendant Evelyn Enciso ("Ms. Enciso"), by her attorney Jeffrey M. Villanueva, P.C., respectfully submits the following Reply in Support of her Motion to Stay Proceedings:

1. The *Colorado River* doctrine allows for a federal court to stay the federal action in favor of the state court action. In fact, the Tenth Circuit Court of Appeals thought "the better practice is to stay the federal action pending the outcome of the state proceedings. *See Fox v. Maulding*, 16. F.3d 1079, 1082-83 (10th Cir. 1994).

2. Plaintiff contends that Defendant uses a great number of "new" facts, and that this Court must rely only on facts found in the First Amended Complaint. *See* Dkt. #55, pg. 2-3, 8. However, in *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994), the Court of Appeals chastised the district court for failing to indicate "why the state and federal proceedings were parallel, which factors it considered, if any, or what weight it gave to any factor." Here, the factual background laid out in Defendant's Motion to Stay provide this Court a basis for a finding of the parallel nature between the Jefferson County District Court action and the current

lawsuit. Further, Defendant attached the Complaint filed in Jefferson County District Court. As such, Plaintiff's request to deny this Motion to Stay should be denied.

3. Plaintiff asserts that Defendant's claims in state and Plaintiff's claims in federal court are not logically related, yet both Defendant's state court and Plaintiff's federal court complaints allege claims regarding the parties' cohabitation and use of the Airbnb, Inc. platform. Defendant's claim for breach of partnership agreement relates to the parties' cohabitation, pooling of assets and joint venture in Airbnb, Inc. *See* Dkt. #51, *Exhibit 1*, ¶ 56. Plaintiff asserts a claim alleging violation of the Computer Fraud and Abuse Act ("CFAA") involving "attempted access of Plaintiff's Airbnb account and Ring account." *See* Dkt. #40, ¶ 78. The dispute over ownership of the real property is inherently connected to any claims relating to the use of the Property on the Airbnb, Inc. platform. All claims by both Parties were brought to the courts due to the result of Parties' former romantic relationship.

4. Plaintiff's conversion claim in the federal case states "Plaintiff has a possessory interest in the rental proceeds derived from the Property." *See* Dkt. #40, ¶ 105. Plaintiff is referring to rental proceeds stemming from the Airbnb, Inc. platform, which is inherently parallel to Defendant's breach of partnership agreement claim. *See* Dkt. #51, *Exhibit 1*, ¶ 56.

5. Plaintiff's civil theft claims allege that "Defendant's actions also caused Plaintiff to lose about $6,000 in bookings [on Airbnb] that had been arranged prior to August 21, 2020 but were cancelled because of Defendant's intentional act of changing the key passcode." *See* Dkt. #40, ¶ 118. Again, this directly relates to the dispute over ownership of the property and the breach of partnership agreement alleged by Defendant in the state court action.

6. Plaintiff's appropriation claim alleges "Defendant, without Plaintiff's knowledge or permission, used Plaintiff's name or likeness to access Plaintiff's Airbnb account . . ." *See*

Dkt. #40, ¶ 131(a)(i). Plaintiff's intentional infliction of emotional distress claim alleges acts of outrageous conduct relating to the Airbnb account and "changing the keypad codes to Plaintiff's Property." Once again, these claims allege facts inherently parallel to Defendant's breach of partnership claim and ownership claims in the state court action. Although the remedies sought by each party may differ, the suits are undoubtedly parallel because the same parties are litigating substantially the same issues in different forums. *See Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). To allow both actions to proceed could very easily result in inconsistent outcomes.

7. In *Fox v. Maulding*, the Tenth Circuit stated "[t]o grant a stay or dismissal under the *Colorado River* doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Id*. at 1081 (*quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (alteration in original). "[I]f a federal court determines the state and federal proceedings *are* parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Id*. at 1082.

8. In applying the nonexclusive list of factors set out in *Colorado River* and reiterated in *Fox*, "exceptional circumstances" exist in this case to support deference to the state court action. "No single factor is dispositive; '[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'" *Fox*, 16 F.3d at 1082.

9. Defendant filed the state court action first on January 18, 2021 compared to Plaintiff filing this action on February 19, 2021. The Jefferson County District court assumed jurisdiction over the disputed property at that time. *See Colorado River Water Conservation*

*District v. United States*, 424 U.S. 800, 818 (1976). Plaintiff's filing of this case was undoubtedly retaliatory. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18, n.20 (1983). Defendant admits inconvenience of the federal forum is not at issue. The crux concern of moving forward with this federal action is piecemeal litigation with the possibility of inconsistent results. While this case involves a singular federal issue, i.e. the CFAA claim, state law can provide the rule of decision on the merits because of the concurrent jurisdictional nature of the CFAA. Because claims under the CFAA are not subject to exclusive jurisdiction in the federal courts, the Jefferson County District Court can properly determine a claim under the CFAA and protect Plaintiff's rights. In this particular case, the factors listed above evidence more than sufficient grounds for this Court to find exceptional circumstances warranting application of the *Colorado River* abstention doctrine.

9. This Court denied Plaintiff's motion requesting a temporary restraining order citing a lack of irreparable harm. *See* Dkt. #16. The Court also denied his motion for injunctive relief because the initial request for injunctive relief was rendered moot and that Plaintiff asserted additional allegations in their Reply that the Court would not consider. *See* Dkt. #39. Plaintiff asserts that "abstention in this case would likely cause harm by further delaying resolution of his claims"[1] but this Court confirmed that no irreparable harm exists. However, there is a pressing need for delay of this matter. The possibility of piecemeal litigation ending with court findings inconsistent with one another threaten proper judicial resolution of this matter.

10. Plaintiff wrongly asserts that this case is further along than the state court matter.

---

[1] *See* Dkt. #43, pg. 13.

Case No. 1:21-cv-00498-RM-KLM   Document 57   filed 06/24/21   USDC Colorado   pg 5 of 7

The state court has denied Mr. Cass's Motion to Dismiss with regard to Ms. Enciso's claims of breach of fiduciary duty, breach of partnership agreement, one claim of promissory estoppel, declaratory judgment, and unjust enrichment. Attached hereto as *Exhibit 1* is the June 18, 2021 Order denying in part and granting in part Defendant Cass's Motion to Dismiss. His answer is due July 2 and his C.R.C.P. disclosures are due July 30.

11. Plaintiff asserts that inconsistent results or duplication of effort is "no concern." However, if this case were to move forward, all of Defendant's disclosures would be identical to that of the forthcoming disclosures in the state court action. Further, inconsistent results are at the heart of Defendant's Motion and Reply because of the intertwined nature of the claims asserted by Plaintiff in this action and Defendant in the state court action.

12. To allow both cases to proceed at the same time would result in a massive duplication of time and effort in discovery on behalf of the Parties and their counsel alike if allowed further as a separate lawsuit. The ownership claims as to the Property and alleged computer fraud using the Airbnb, Inc platform, the claims surrounding the Tesla Vehicle, the alleged property damage, stolen items, and stolen documents all relate to Ms. Enciso's claims in Jefferson County District Court. The claims Plaintiff seeks for redress are based on the same factual basis and same evidence.

13. Plaintiff has done nothing but waste judicial resources, as evidenced by the improper appeal in the unlawful detainer action. Plaintiff states "based on Defendant's course of conduct, there was no guarantee that Defendant would in fact vacate the Property on April 1." *See Dkt.* #55, pg. 13, n.4. This accusation is preposterous. The parties, by conferral of counsel, agreed that Defendant would vacate the premises on April 1, and she did. Yet Plaintiff has moved forward with a baseless appeal the purpose of which is to evict her from a property she no

longer occupies.

WHEREFORE, Defendant prays that this Court stays these proceedings until the conclusion of the state action.

Dated this 24th day of June, 2021.

                                              Respectfully submitted,

                                              *s/Zachary M. Graupmann*
                                              Zachary M. Graupmann
                                              Jeffrey M. Villanueva
                                              Jeffrey M. Villanueva, P.C.
                                              1755 Blake Street, Suite 225
                                              Denver, Colorado 80202
                                              Telephone:  303-295-7525
                                              E-mail: jeff@jmvpclaw.com
                                                          zac@jmvpclaw.com
                                              **ATTORNEYS FOR DEFENDANT EVELYN ENCISO**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24th, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have served the document to the following non CM/ECF participants in the manner indicated by the non-participant's name:

Victoria E. Edwards
Jackson Kelly, PLLC
1099 Eighteenth Street, Suite 2150
Denver, Colorado 80202
E-mail: victoria.edwards@jacksonkelly.com
*Attorney for Jory Cass*

Jacqueline V. Roeder
Tess Hand-Bender
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
E-mail: Jackie.Roeder@dgslaw.com
            Tess.Hand-Bender@dgslaw.com
*Attorneys for Airbnb, Inc.*

                                                            s/Zachary M. Graupmann
                                                           Zachary M. Graupmann
                                                           jeff@jmvpclaw.com
                                                           zac@jmvpclaw.com
                                                           JEFFREY M. VILLANUEVA, P.C.
                                                           1755 Blake Street, Suite 225
                                                           Denver, Colorado 80202
                                                           Telephone: 303-295-7525
                                                           Facsimile:  303-295-7511