**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00498-RM-KLM

JORY CASS,

    Plaintiff,

v.

EVELYN ENCISO,

    Defendant.

---

**ORDER**

---

    Before the Court is the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 60) to deny Defendant's Motion to Dismiss (ECF No. 51), grant Defendant's Motion to Stay (ECF No. 61), and administratively close this case. For the reasons below, the Court accepts and adopts the Recommendation, and it is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation. The deadline for responding to the Recommendation has come and gone without a response from either party. "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

    As outlined in the Recommendation, Plaintiff initiated thus lawsuit less than two months after Defendant, with whom he was formerly in a romantic relationship, filed a lawsuit against him in the Jefferson County District Court. After this Court denied Plaintiff's request for a

temporary restraining order (ECF No. 16) and a preliminary injunction (ECF No. 39), Plaintiff filed a First Amended Verified Complaint (ECF No. 40). Defendant then filed nearly identical motions seeking to dismiss or stay the proceedings based on the *Colorado River* doctrine, which were referred to the magistrate judge. After the motions were fully briefed (ECF Nos. 54-57), the magistrate judge first determined the lawsuits are parallel and then dutifully applied the eight factors to determine whether abstention is appropriate.

The Court agrees with the magistrate judge's analysis of each of the factors. In particular, the Court agrees that the interest in avoiding piecemeal litigation weighs heavily in favor of abstention given the extent to which Plaintiff's and Defendant's claims are intertwined. The Court discerns no clear error on the face of the record and finds that the magistrate judge's analysis is thorough and sound with respect to why this case should be administratively closed. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 60), DENIES Defendant's Motion to Dismiss (ECF No. 51), and GRANTS Defendant's Motion to Stay (ECF No. 52), and the Clerk is directed to ADMINISTRATIVELY CLOSE this case, subject to reopening for good cause.

DATED this 8th day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge